AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District SOUTHERN DISTRICT OF OHIO/WESTERN DIV |
|---|---|

| Name RICHARD BOHANNON | Prisoner No. 374-617 | Case No. C-1-01 463 |
|---|---|---|

Place of Confinement
LEBANON CORRECTIONAL INST  RECEIVED
PO.BOX 56. LEBANON  OHIO 45035

Name of Petitioner (include name under which convicted) JUL 0 3 2001  Name of Respondent (authorized person having custody of petitioner)

RICHARD BOHANNON

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO   HARRY RUSSELL, WARDEN

The Attorney General of the State of:
BETTY MONTGOMERY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   HAMILTON COMM, PLEAS

COURT  101 HIGH STREET HAMILTON OHIO 45011.

2. Date of judgment of conviction   MAY 19TH, 1999

3. Length of sentence   15 ½ YEARS

4. Nature of offense involved (all counts)   2 COUNTS OF BURGLARY, 1 COUNT MISUSE OF A CREDIT CARD

   1 COUNT OF RECEIVING

5. What was your plea? (Check one)
   (a) Not guilty   ☒
   (b) Guilty   ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ___ FIRST APPELLATE DISTRICT OF OHIO ___

(b) Result ___ DENIED ___

(c) Date of result and citation, if known ___ MARCH 1, 2000 ___

(d) Grounds raised ___ SEE EXHIBIT, JUDGEMENT ENTRY ___

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ___ OHIO SUPREME COURT / LEAVE TO FILE DELAYED APPEAL ___

(2) Result ___ DENIED ___

(3) Date of result and citation, if known ___ JULY 12 2000 ___

(4) Grounds raised ___ SEE EXHIBIT MEMORANDUM IN SUPPORT OF CLAIMED JURISDICTION ___

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ___ N/A ___

(2) Result ___

(3) Date of result and citation, if known ___

(4) Grounds raised ___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ___ OHIO SUPREME COURT LAYED APPEAL ___

(2) Nature of proceeding ___ MOTION FOR LEAVE TO FILE DELAYED APPEAL ___

(3) Grounds raised ___ SEE EXHINIT ___

(3)

AO 241 (Rev. 5/85)

_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No **XX**

(5) Result _____

(6) Date of result _July 12, 2000_____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No **XX**

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes **XX**  No ☐
(2) Second petition, etc.     Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____
_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __NEWLY DISCOVERED EVIDENCE,__ _____

_____

Supporting FACTS (state *briefly* without citing cases or law) __PROSECUTION WITHELD A TAPE RECORD −__
__ING STATEMENT MADE BY MY CO-DEFENDENT THAT WOULD HAVE EXONERATED THE PETITIONER__

__THIS WAS NOT DISCOVERED UNTIL AFTER THE PETITIONER WAS CONVICTED, AND ALL APPEALS__

__WERE FILED.__ _____

_____

_____

_____

B. Ground two: __THE TRIAL COURT ERROR WHEN IT ALLOWED HEARSAY TESTIMONY OF MUL−__
__TIPLE CODEFENDANTS.__ _____

Supporting FACTS (state *briefly* without citing cases or law): __THE TRIAL COURT ALLOWED WRITTEN__
__STATEMENTS TO BE USED AGAINST THE PETITIONER, WHEN THE STATES WITNESS TOOK THE__

__FIFTH AND CITED THEIR RIGHTS AGAINST SELF-INCRIMIMNATION.__ _____

_____

_____

_____

_____

AO 241 (Rev. 5/85)

C. Ground three: __INEFFECTIVE ASSISTANCE OF COUNSEL,__ _____

_____

Supporting FACTS (state *briefly* without citing cases or law):  __COUNSEL FAILED TO INVESTIGATE__

__OR CALL ANY WITNESS TO PROVE THE STAES WITNESS WERE NOT TELLING THE TRUTH,__

__DENYING  THE PETITIONER HIS 6TH AND 14TH AMENDMENT TO THE U.S. CONSTITION,__

_____

_____

_____

D. Ground four  __THE TRIAL COURT ERRED WHEN IT ALLOWED THE PETITIONER TO BE__

  __CONVICTED WHEN THE EVIDENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE__

Supporting FACTS (state *briefly* without citing cases or law):  __THE TRIAL COURT OVER RULED__

__PETITIONER MOTION,RULE 29, WHEN THE EVIDENCE  DID NOT SUPPORT A FINDING OF__

__GUILT.__

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  _N A_____

_____

(b) At arraignment and plea  _____

AO 241 (Rev. 5/85)

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____PRO, Se_____

(f) In any post-conviction proceeding ____N/A_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence:_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Pro Se Richard Bohannon_
Signature of Attorney (if any)

_Richard Bohannon_

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__5/18/01__
(date)

_Richard Bohannon_
Signature of Petitioner
_Richard Bohannon_

(7)

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :            APPEAL NO. C-990386

TRIAL NO. B-9808141(A)

Plaintiff-Appellee,          :

*JUDGMENT ENTRY.*

vs.                               :

RICHARD BOHANNON,                 :

Defendant-Appellant.          :

This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).

Defendant-appellant, Richard Bohannon, was tried by a jury, found guilty, and convicted for burglary, misuse of a credit card, and receiving stolen property. Bohannon claims that his conviction violated his right to confront witnesses and was against the manifest weight and sufficiency of the evidence. Bohannon also claims that he was denied effective assistance of counsel. We disagree.

The Confrontation Clause ensures that no one will be convicted without being given the opportunity to confront and cross-examine witnesses at trial. *State v. Gilliam* (1994), 70 Ohio St.3d 17, 635 N.E.2d 1242, citing *Lee v. Illinois* (1986), 476 U.S. 530, 106 S.Ct. 2056. When the state seeks to introduce a nontestifying accomplice's statement, it no longer may be admitted as evidence of guilt of the defendant if it falls within a firmly rooted hearsay exception. See *State v. Madrigal* (2000), 87 Ohio St.3d 378, 386, 721 N.E.2d 52, 62, overruling the contrary holding in *State v.*

*Gilliam, supra.* To overcome a violation of the Confrontation Clause, the statement must bear adequate indicia of reliability or be supported by a particularized guarantee of trustworthiness. See *Madrigal* at 386, 721 N.E.2d at 62; see, also, *Lilly v. Virginia* (1999), 527 U.S. 116, 119 S.Ct. 1887. But even if such a statement is erroneously admitted, this court need not reverse the conviction if the admission of the statement is harmless. See *Lilly, supra; Madrigal, supra.*

In this case, we hold that Bohannon's Confrontation Clause rights were violated because, pursuant to *Lilly*, a nontestifying accomplice's statement that tends to shift blame to others is inherently unreliable and does not bear adequate indicia of reliability. See *Lilly, supra; Madrigal, supra.* Despite this, we hold – based upon the overwhelming evidence of guilt aside from the erroneously admitted statement, including Bohannon's incriminating statement made to the arresting officer – that the admission of the nontestifying accomplice's statement was harmless. See *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824; *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 106 S.Ct. 1431; *Schneble v. Florida* (1972), 405 U.S. 427, 92 S.Ct. 1056; *Madrigal, supra.* Therefore, we overrule Bohannon's first assignment of error.

Bohannon claims, in his second assignment of error, that he was denied effective assistance of counsel. In order to demonstrate ineffective assistance of counsel, Bohannon must show that, but for counsel's unprofessional errors, the outcome of the trial would have been different. See *State v. Stojetz* (1999), 84 Ohio St.3d 452, 705 N.E.2d 329, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. Bohannon cites as ineffective assistance his counsel's failure to call a witness who may have been able to impeach the credibility of the erroneously admitted statement of the nontestifying accomplice. Bohannon and his counsel discussed this issue at length on the record. The court asked Bohannon whom he wanted to call as witnesses in addition to those listed on the defense witness list. Bohannon stated that there were two individuals who would testify that Bohannon's accomplices knew one another. The state stipulated to the testimony of Bohannon's proposed witnesses, and the case proceeded without further objection from Bohannon. We hold that Bohannon has failed to demonstrate that counsel's actions were ineffective. We, therefore, overrule Bohannon's second assignment of error.

In Bohannon's third assignment of error, he claims that his conviction was contrary to the manifest weight of the evidence and was based upon insufficient evidence. Sufficiency and weight of the evidence are separate concepts that may lead to different results. If a conviction is not based upon sufficient evidence, then the defendant must be set free because the state has not met its burden to produce evidence to satisfy each and every element of the charged offense. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. Conversely, if the conviction is contrary to the manifest weight of the evidence, then the defendant is entitled to a new trial because, although there is sufficient evidence to meet the elements of the charged offense, the burden of persuasion to support a conviction beyond a reasonable doubt has not been met. See *id.* If we determine that there is substantial evidence to support all of the elements of the charged offense and that the evidence is sufficiently probative of guilt, we will not reverse on either the sufficiency or the weight of the evidence. See *State v. Barnes* (1986), 25 Ohio St.3d 203, 495 N.E.2d 922; *Thompkins, supra.*

The record in this case demonstrates that Bohannon, by his own admission, was the driver of a vehicle that carried two other individuals, one of whom burglarized two locations. Evidence was presented that tied Bohannon's car to one of the burglaries via his license-plate number. Additionally, witnesses testified that they recognized Bohannon's coat—which had been worn by the accomplice who committed the burglary. Thus, based upon complicitor liability, Bohannon was guilty of burglary. As to the offense of misuse of a credit card, Bohannon's license-plate number was tied to

the purchase of gasoline and other merchandise. Finally, the police recovered stolen watches from Bohannon's car. Testimony was presented that the watches belonged to one of the victims. Thus, the charge of receiving stolen property was properly supported by the evidence. Based upon the overwhelming evidence of guilt – aside from the erroneously admitted statement of the nontestifying accomplice – we hold both that there was substantial evidence to satisfy the elements of the charged offenses, and that the evidence was sufficiently probative of guilt beyond a reasonable doubt. Therefore, we overrule Bohannon's third assignment of error.

Having overruled all of Bohannon's assignments of error, we affirm the judgment of the trial court.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

**Hildebrandt, P.J., Sundermann** and **Winkler, JJ.**

*To the Clerk:*

Enter upon the Journal of the Court on _____March 1, 2000_____

per order of the Court _____.

Presiding Judge

# The Supreme Court of Ohio

FILED

JUL 1 2 2000

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

State of Ohio,                          :          Case No.  00-998
    Appellee,                          :
                                 :
          v.                              :

Richard Bohannon,                       :              E N T R Y
    Appellant.                         :


    This cause is pending before the Court as a discretionary appeal and claimed appeal of right.  Upon consideration of appellant's motion for delayed appeal,

    IT IS ORDERED by the Court that the motion for delayed appeal be, and hereby is, denied.

    ACCORDINGLY, IT IS FURTHER ORDERED by the Court that this cause be, and hereby is, dismissed.

    (Hamilton County Court of Appeals;  No. C990386)


THOMAS J. MOYER
Chief Justice

0002r071200

IN THE OHIO SUPREME COURT

STATE OF OHIO,                       :    SUPREME COURT NO. _____

      Plaintiff-Appellee,           :               ( By Clerk)
                                     :    APPEALS NO. C-990386
-vs-                                 :    HAMILTON C.P. NO. B-9808141(A)
                                     :    CLAIMED APPEALS AS OF RIGHT
RICHARD BOHANNON,                    :

      Defendant-Appellant.          :
                                     :

---

### DEFENDANT-APPELLANT BOHANNON'S MEMORANDUM
### IN SUPPORT OF CLAIMED JURISDICTION

---

FOR PLAINTIFF-APPELLEE
    STATE OF OHIO

Michael K. Allen
Hamilton County Prosecutor
230 East Ninth Street, Suite 4000
Cincinnati, Ohio

COUNSEL FOR PLAINTIFF-APPELLEE        FOR DEFENDANT-APPELLANT
                                       Richard Bohannon
                                       *Richard Behannon*
                                    Richard Bohannon
                                    Reg. # 374-617  Unit 2-K-48
                                    Lebanon Correctional Institution
                                    P.O. Box 45036

                                    IN PRO PER

## TABLE OF CONTENTS      PP.

TABLE OF CONTENTS ..................................... i

JURISDICTIONAL STATEMENT .............................. ii

STATEMENT OF THE CASE ................................. 1

STATEMENT OF THE FACTS ............................... 1-2

PROPOSITION OF LAW I. ................................. 2

PROPOSITION OF LAW II. ............................... 5

CONCLUSION ........................................... 13

APPENDIX

Hamilton County Court of Appeals
Judgment being appealed

i

## JURISDICTIONAL STATEMENT

### SUBSTANTIAL CONSTITUTIONAL QUESTION

This case involves a substantial constitution question of law,because the right to confront his accusers and cross-examination is such a fundamental and basic constitutional right,that to deny an accused this opprotunity is tantamont to a directed verdict of guilty because as a rule of law,the Appellant was subjected to a directed verdict in this case,not by the court,but by the trier of fact,because hearing Appellant's accusers' staement only, the trier of fact had no choice but to direct this verdict contrary to Appellant's absolute right to procedural due process of law.

### CASE OF GREAT OR GENRAL PUBLIC INTEREST

This case is of great or general public interest because since the accusers' veracity was not allowed to be questioned, society has no way of knowing whether an innocent man has been condemned.Appellant suffers the stigmatation from conviction, and has lost his inalienable right to be free without being accorded due process of law.

ii

(1)

## STATEMENT OF THE CASE

### A) Procedural Posture

Defendant-Appellant[Appellant], went to trial with a jury on a multible count indictment involving charges of aggravated burglary, burglary,misuse of credit cards and complicity.He was convicted of the charges on an aider & abettor theory, and given a cumulative sentence of 15½ years,Ohio Department of Corrections.

He sought and filed a timely direct appeal in the Hamilton Couny Court of Appeals,First Appellate District of Ohio and the rial court's judgment of conviction and sentence was affirmed in that court on March 1,2000.

### B) Statement of Facts

Along with Appellant,his original two co-defendants, were also convicted,one in a plea agreement and the other folowing a separate jury trial.

The Appellant and two co-defendants were charged in a multible count indictment.One incident involved the unauthorized entry into a Catholic school,with the intention of committing a theft offense. The next one ent involved the unauthorized entry into the convent of a Catholic college,with similar alleged motives.In the school incident,cerdit cards were taken from a teacher's purse.In the college incident,jewelry was taken from a teacher's room.A third incident involved the receipt and use of the credit cards shortly after the theft offenses.

The Appellant was alleged to be the driver of an automobile transporting the other original co-defendants to the academic institutions.Police utilized their records to link the vehicle to an unrelated incident at a school at which nothing was alleged to

(2)

have been taken.

Over defense objection, statements of each of the original codefendants were admitted against the Defendant-Appellant, on the theory that the declarants were unavailable,although the statements were clearly hearsay and therefore no opprotunity to cross-examine the declarants were possible.

## PROPOSITION OF LAW I.

THE TRIAL COURT'S ALLOWANCE OF THE TWO CO-DEFENDANT'S PRIOR OUT-OF-COURT STATEMENTS AGAINST APPELLANT WITHOUT APPELLANT HAVING THE OPPROTUNITY TO CONFRONT AND CROSS-EXAMINE THE WITNESSES DENIED APPELLANT OF HIS ABOSOLUTE RIGHT TO CONFRONTATION & CROSS-EXAMINATION AS GURANTEED BY THE SIXTH & FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

Although the Court of Appeals found that Appellant's confrontation and cross-examination rights as guranteed by the Sixth & Fourteenth Amendments were indeed violated by the admission of the two alleged co-defendants out-of-court statements,the appeals court refused to reverse the conviction and sentence for new trial because the court found hat such constitutional error was harmless under the test of Chapman v. California,(1967),386 U.S. 18,87 S.Ct. 824;Delaware v. Van Arsdall,(1986),475 U.S.673,106 S.Ct. 1431;Schneble v. Florida (1972), 405 U.S. 427,92 S.Ct. 1056.

The Court below reasoned that based upon the overwheming evidence of guilt,including Appellant's incriminating statement made to the arresting officer,the admission of the nontestifying accomplice's statements were harmless. This was constitutional error.

The Confrontation Clause ensures that no one will be convicted without being given the opprotunity to confront and cross-examine witnesses at trial.State v. Gilliam,(1994), 70 Ohio St. 3d 17,635 N.E. 2d 1242,citing Lee v. Illinois,(1986), 476 U.S. 530,106 S.Ct.

2056.When the state seeks to introduce a nontestifying accomlice's staement,it no longer may be admitted as evidence of guilt of the defendant if it falls within a firmly rooted hearsay exception.State v. Madrigal,(2000), 87 Ohio St. 3d 378,386,721 N.E. 2d 52,62,overruling contrary holding in State v. Gilliam,supra.To overcome a violation of he Confrontation Clause,the statements must bear adequate indicia of reliability or be supported by a particularized guarantee of trust-worthiness.See: -Madrigal, at 386,721 N.E. 2d at 62;see,also Lilly v. Virginia,527 U.S. 116,119 S.Ct. 1887.

Accordingly, and pursuant to Lilly v. Virginia,a nontestifying accomplice's statement tends to shift blame to others is inherently unreliable and does not bear adequate indicia of reliability.See: Lilly,supra; Madrigal,supra.As a result,admission of the two alleged co-defendant'out-of-court statements in this case actually prejudiced Appellant's substantive rights under the Sixth & Fourteenth Amendments to the United States Constitution and could never be deemed harmless beyond a reasonable dought in the case sub judice.

This must be so, because the United States  Supreme Court has determined that for a constitutional error to be deemed harmless, if it did not contribute to the verdict.Chapman v. California, 386 U.S. 18,22 (1967),quoting: Fahy v. Connecicut,375 U.S. 85 (1963)[" the question is whether there is a reasonable possibility that th [error] complained of might have contributed to the conviction".Id.

In the case sub judice the two co-defendant's out-of-court

(4)

statement had to have contributed to the verdict here forseveral
reasons.

First,although Appellant alleged ly gave police a statement
that he was the driver of the car involved and stolen property
was actually found in the car,merely goes to show that Appellant
may have been present when the crimes occurred.And it is well
settled law that presence at the scene of a crime does not
constiute proof of any crime.Cf.

In fact and law,Appellant was tried and convicted under the
theory of Complicity codified under Ohio Revised Code § 2923.03.

This section provides in pertinent part:

§ 2923.03Complicity
(A) No person acting with the kind of culpability
    required for the commision of an offense,shall
    do any of the following:
(1) Solicit or procure another to commit the offense;
(2) Aid or abet another in committing the offense;
(3) Conspire with another to commit the offense in
    violation of section 2923.01 of the Revised Code;
(4) Cause an innocent or irresponsible person to commit
    the offense.***

Since the only evidence adduced at trial of this case tending
to show Appellant's guilt as an aider & abettor was the out-of-court
statements of the alleged two-codefendants,the error of admission
of their statements can not be deemed harmless beyond a reasonable
doubt.Appellant's presence at the scene of the offenses could not
be considered proof that he aided & abetted the offenes;solicited
another to commit the offenses;conspired with another to commit
the offenses nor conspired with another to commit the offenses.

(5)

It is black-letter law that a criminal verdict may not be based upon a double inference.That is,if the inference of guilt is based soley upon a prior found inference or presumption,then due process is denied.See: <u>Tot v. U.S.,</u>319 U.S. 463,468 (1943); <u>U.S. v. Romano</u>, 382 U.S. 136,141 (1965); <u>U.S. v. Gainey,</u>380 U.S. 63,69 (1965); <u>Leary v. U.S.,</u>396 U.S. 6,52-53 (1969).

"Permissive" presumption and inferences do not violate Due Process if a rational,common-sense connection exists between the "basic" facts proved and the presumed "ultimate" fact.<u>County  Court v. Allen,</u>442 U.S. 140 (1979).

In the case <u>sub judice,</u>,no rational connection exist between the prosecution's proof that Appellant was at the scene of the crimes and the ultimate facts to be proven,i.e. that he had the culpable mental sate necessary to be guilty of the crimes of Aggravated Burglary,Burglary and or Misuse of Credit Cards.

As a result, it was prejudicial error in violation of the Appellant's Sixth & Fourteenth  Amendment right to confrontation & cross-examination for the trial court to allow the introduction of the alleged two co-defendants out-of-court statements against Appellant and for the Court of Appeals to find error but harmless. Reversal is mandated.

## PROPOSITION OF LAW II.

APPELLANT WAS DERIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL & ON DIRECT APPEAL WHRE COUNSEL FAILED TO RECOGINIZE,ARGUE AND BRIEF THE FACT THAT THE INDICTMENT IS INSUFFICIENT AS A MATTER OF LAW AND THAT APPELLANT WAS SENTENCED FOR ALLIED OFFENSES OF SIMILAR IMPORT.

(6)

INSUFFICIENT INDICTMENT

Although Appellant's indictment was signed by the foreman of the Hamilton County Grand Jury,such foreman failed to indorse the words " A True Bill" on such porpurted indictment contrary to law.

Section 2939.20 of the Ohio Revised Code provides:

" At least twelve of the grand jurors shall concur in the finding of an indictment.When so found,the foreman shall indorse on said indictment the words ' a true bill' and sunscribe his name as forman" [Emphasis added.]

Section 2939.10 of the Ohio Revised Code provides:

" *** but no person other than the grand jurors shall be permitted to remain in the room with the jurors while the jurors are expressing their views on a matter before them." [Emphasis added.]

Considering the mandate of the former section,in light of the cloak of secrecy placed over the grand jury's discussions and vote by the latter section,it becomes clear that the intention of the Ohio General Assembly was to require the foreman of the grand jury to indorse both the words 'a true bill' in conjunction with his signature to an indictment in Ohio.Since no one but the members of the grand jury know whether or not a true bill was found in the manner provided by law,the transition is apparent,the foreman's indorsement of the words 'A True Bill' in addition to his signature is the only way certification can be established under Ohio law. Since this was not accomplished in this case, the purported indictment is a nullity and Appellant's conviction and sentence as a result is Void.

(7)

This must be true,because it is black-letter law in Ohio ,
that there can be no trial,conviction or punishment without a
sufficient accusation.The accusation must charge a statutory
offense.It must charge the particular offense for which the
accused is tried and convicted;and it must be made in the
particular form and mode required by law.State v.Morris,(1982),
8 Ohio App. 3d 12,16; Stewart v.State,(1932), 41 Ohio App. 351,
353-354.

Article IV,§ 3(B),Ohio Constitution mandates that the Court
of Common Pleas's justicible jurisdiction shall be provided by
law.[Emphasis added.]

Ohio Revised Code § 2939.20 mandated that the grand jury
foreman indorse the words "A True Bill" in addition to signing
his name to the accusation.His failure to do so in this case
divested the Common Please Court of jurisdiction to adjudicate
the purported against Appellant, and constitutes a nullity.

This also must be true because under 14 Ohio Jur. 2d 512,Courts,
Section 94,we find:

> " If the court has jurisdiction of the subject-matter
> and the parties,it is altogether immaterial how grossly
> irregular,or manifestly erroneous its proceedings may have
> been,its final order cannot be regarded as a nullity,and
> cannot therefore be collaterally impeached.On the other
> hand,if it proceeded without jurisdiction,it is equally
> unimportant how technically correct, and precisely certain
> in point and form,its record may appear;its judgment is void
> to every intent,and for every purpose,and must be so declared
> by every court in which it is presented.When the record dis-
> closes a want of jurisdiction,the judgment is void everywhere
> and for every purpose."Id.[Emphasis added.]

(8)

Wherefore, as the purported indictment in this case is a nullity, it was error of constitutional dimensions for the Appellant to be convicted thereunder.

## ALLIED OFFENSES OF SIMILAR IMPORT

The Appellant and two co-defendants were charged a multible count indictment.One incident involved the unauthorized entry into a Catholic school, with the intention of committing a theft offense. A second incident involved the unauthorized entry into the convent of a Catholic college,with similar alleged motives.In the school incident,credit cards were taken from a teacher's purse.In the college incident,jewelry was taken from a nun's room.A third incident involved the receipt and usage of the credit cards shortly after the theft offenses.

It is Appellant's position that convicting him of burglary in the school incident and convicting and sentencing him for mis-use of credit cards is violative of Due Process of Law and Ohio Revised Code § 2941.25(A) the so-called allied offense statute.The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses,but the defendant may be convicted of only one.[Emphasis added.]

Viewed in a light most favorable to the prosecution,once the prosecution proceeded on the theory that the object of the burglary of the school was the theft of the credit cards,Appellant

(9)

could legally be convicted of having the intent to steal the
credit cards in the burglary and or steal the credit cards
during the burglary of the school and convicted of mis-use
of credit cards,because both offenses are part & parcel of
he same theft offense without a separate animus being present.
Cf. O.R.C.§ 2941.25(B).State v. Deem,(1988),43 Ohio St. 3d 67.

As a result,sentencing Appellant for both Burglary of the
school and Mis-use of Credit Cards was violative of his rights
to procedural Due Process of Law under O.R.C.§ 2941.25(A) and
the Equal Protection of same.

Neither trial nor appellate counsel noticed,argued or
briefed this constitutional issue at trial and or on direct
appeal of this case.Although these counsel had no constitutional
duty to raise all non-frivolous errors at trial and or on direct
appeal,they did maintain a duty to raise the srongest ones revealed
by this record.Cf. Jones v. Barnes,463 U.S. 745 (1983);Accord:
McCoy v. Court of Appeals of Wisconsin,(1988), 108 S.Ct. 1895.

Accordingly, in Strickland v. Washingon,(1984), 466 U.S. 668,
the United States Supreme Court set the standard for evaluating
these counsel's effectiveness as the Court pointed out that:

    "The purpose of the effective assistance guarantee
of the Sixth Amendment is ... to ensure that criminal
defendants receive a fair trial." The Court found that
this Court must:

4c

(10)

"judge the reasonableness of counsel's challenged
conduct on the fact of the particular case,viewed
as of the time of counsel's conduct.A convicted
defendant making a claim of ineffective assistance
of counsel must identify the acts or omissions of
counsel that are alleged to not_have been the result
of reasonable professional judgment.The court must
then determine,whether,in light of all the circumstances,
the identified acts or omissions were outside the wide
range of professionally compet assistance.In making that
determination,the court should keep in mind that counsel's
function,as elaberated in prevailing norms,is to make the
adversarial process work in the particular case.At the same
time,the court should reconize that counsel is strongly
presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable
professional judgment."id.,466 at 690.[Emphasis added.]

At trial of this case, Appellant complained to the trial
judge that his trial attorney failed to adequately consult and
confer with him prior to and during trial and even refused to
subpoena a defense witness who would challenge one of the co-
defendants veracity for telling the truth.[Tr. 117-129).Additionally,
Appellant's appellate attorney failed to adequately confer and con-
sult with him prior to filing the assignment of errors and brief in
the court of appeals.

As scuh,then,both counsel violated DR-2 110(A)(2) in "failing
to take reasonable steps to avoid foreseeable prejudice to the
client,including,delivering to the client all papers and property
the client is entitled to by rule and law".Id.

This cannot be deemed reasonable judgment,because in McCoy v.
Court of Appeals of Wisconsin,(1988), 108 S.Ct. 1895,the U.S. Supreme
Court held that although all non-frivolous issues need not be raised,
counsel still:" must confer with the client,review the record with

(11)

with him,and resolve all doubt in favor of the client."[Emphasis Added.]Id.

The record shows that Appellant complained to the trial court that trial counsel had failed to adequately confer and consult with him concerning trial strategy and tactics.[tr.117-129].

Likewise, appellate counsel never visited Appellant in prison, did not confer and consult with him concerning appellate strategy and tactics;did not review the trial record with Appellant,and did not resolve all doubt in Appellant's favor as both counsel omitted to recognize,argue and brief either the insufficient indictment issue and or the conviction and sentencing of Appellant for allied offenses.Under prevailing norms this conduct cannot be considered competent assistance at trial and or on appeal by lawyers with ordinary skill and training in the criminal law.United States v. Beasley,491 F. 2d 687 (6th Cir.,1974).And if evaluated under the trial and appellate strategy & tacics standard imputed to counsel's control,it must be deemed unsound.Cf.Martin v. Rose,744 F. 2d 1245 (6th Cir.,1984).

This must be so, because the United States Court of Appeals for this Sixth Circuit has held that:

> " Counsel for an indigent defendant should be appointed promptly.Counsel should be afforded a reasonable opprotunity to prepare to defend an accused.Counsel must confer and con-sult with his client without undue delay and as often as necessary,to advise him of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable.Counsel must conduct appropiate investigations, both factual and legal,and to determine if matters of defense

(12)

> can be developed and to allow himself enough time
> for reflection and preparation for trial.An omission
> or failure to abide by these precepes constitutes
> a denial of the effective assistance of counsel,unless
> the state,on which is cast the burden of proof once a
> violation of these requirements are shown,can establish
> a lack of prejudice thereby."quoting: Coles v. Peyton,
> 389 F. 2d 224 (4th Cir.,1968)[Emphasis added.]

Although both these licensed  attorneys at the trial and appellate levels are presumed to be competent by virtue of their license,this presumption cannot prevail in this case.

The Sixth & Fourteenth Amendment right to assistance of counsel at trial and on appeal includes post-trial and post-appeal motions for new trial and or re-opening of the appeal based upon ineffective assistance of counsel;limitations on "constitutional right to postconviction counsel...[do] not limit the right of effecive trial & appeal counsel post-trial & post-appeal, as distinct from postconviction.Cf. Robinson v. Norris,69 F. 3d 459-460(10th Cir.,1995).

In Banks v. Reynolds54 F. 3d 1508,1514 & n. 13 (10th Cir.,1995), the Court applying the rule of U.S. v. Cook,45 F. 3d 388 (10th Cir., 1995), found that: " counsel may be found ineffective for omitting 'dead bang winner' from brief,court finding ineffective assistance and "cause" because counsel omitted claims that were not amenable to being winnowed out of an otherwise strong brief."INFra.

Likewise, in the case sub judice, both trial and appellate counsel's omission to recognize,argue and brief the insufficient indictment issue as well as the allied offense claim cannot be amenable to being winnowed out of their argue at trial and on appeal,because there is a reasonable probability the result of

(13)

trial and or appeal would have been different because the case was required to have been dismissed based upon the insufficient indictment and Appellant's sentence would have been different, without the mis-use of credit card judgment being imposed. See:Strickland v. Washington,466 U.S. 668,104 S.Ct. 2050 (1984).

Wherefore,both trial and appellate counsel in the instant case,rendered constitutionally ineffective assistance of counsel attrial and on appeal for all the foregoing reasons and this conviction must be reversed.

### CONCLUSION

It is obvious that both the trial court and court of appeals prejudicially erred in admitting the out-of-court statements of the alleged co-defendants in this matter.In addition,it is also manifest that Appellant was deprived of the effective assistance of counsel at trial and on direct appeal to the Court of Appeals in this matter.

As a result,this Honorable Supreme Court of Ohio is required to invoke its appellate jurisdiction in this case and reverse boh the judgments of the Hamilton County Court of Common Pleas and that of the Hamilton County Court of Appeals for the First District of Ohio.

IT IS SO PRAYED FOR

Respectfully submitted,

Richard Bohannon-Defendant-Appellant

SWORN to And subscribed .
Before me This 9th DAY of July 2001

ROBERT BEDNARCZUK, Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
My Commission has no expiration.
Sec. Section 147.03 R. C.