# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Richard Bohannon,
    Petitioner

vs                                         Case No. C-1-01-463
                                               (Spiegel, J.; Hogan, M.J.)

Anthony Brigano,[1]
    Respondent

**ORDER**

      Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1999 conviction and sentence for burglary, misuse of a credit card, and receiving stolen property entered by the Hamilton County, Ohio, Court of Common Pleas. (*See* Doc. 1; Doc. 3, Ex. 1).

      In the return of writ, respondent argues the petition is subject to dismissal with prejudice on the ground that it is barred from review by the one-year statute of

---

[1] In the petition, petitioner correctly named Harry Russell as respondent, because when the petition was filed Russell was Warden of the Lebanon Correctional Institution (LeCI) where petitioner is incarcerated. However, at this juncture, the current Warden of LeCI is Anthony Brigano. Because Anthony Brigano is the individual who now has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

limitations set forth in 28 U.S.C. § 2244(d), which governs the instant habeas corpus action.  (Doc. 3, Brief, pp. 4-8).  As respondent contends, it appears the statute of limitations began to run under 28 U.S.C. § 2244(d)(1)(A) when the judgment of conviction became final by the conclusion of review or the expiration of the time for seeking such review–i.e., on April 16, 2000, one day after the 45-day period expired for petitioner to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision on direct appeal entered March 1, 2000 affirming the judgment of conviction (*see* Doc. 3, Ex. 2).  *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio; *Lucas v. Carter,* 46 F.Supp.2d 709, 711 (N.D. Ohio 1999); *McClain v. Hill,* 52 F.Supp.2d 1133, 1145 (C.D. Cal. 1999); *cf. United States v. McNair,* Nos. CIV. A. 98-6021, CRIM. A. 95-124-09, 1999 WL 281308, at *2 (E.D. Pa. May 3, 1999) (citing *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999)); *see also* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).  As respondent also contends, it appears the statute of limitations expired  one year later on April 17, 2001 absent application of the tolling provisions set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

It appears from the record that petitioner filed an application for leave to file a delayed appeal to the Ohio Supreme Court on June 1, 2000, during the one-year limitations period, which was denied by Entry filed July 12, 2000.  (Doc. 3, Brief, p. 7; Exs. 3-4).  In the return of writ (*id.,* Brief, p. 7), respondent correctly points out that petitioner's unsuccessful motion for delayed appeal did not cause the statute of limitations to begin running anew from the time of the motion's filing.  *See, e.g., Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001); *cf. Miller v. Collins,* 305 F.3d 491, 494 (6th Cir. 2002) (delayed appeal to Ohio Supreme Court only "tolled the one-year statute of limitations while it was pending" before that court).  However, contrary to respondent's further contention (*see* Doc. 3, Brief, p. 7), the motion for delayed appeal did serve to toll the running of the statute while it was pending before the Ohio Supreme Court.  *See Searcy,* 246 F.3d at 519. The statute, which had run for 46 days, was tolled from June 1, 2000, the date the motion was filed with the Ohio Supreme Court, until July 12, 2000, when the Ohio Supreme Court issued its final Entry denying the motion and dismissing the cause of action. (Doc. 3, Exs. 3-4).  Because petitioner apparently did not seek to appeal this decision to the United States Supreme Court, the ninety-day period in which he could have petitioned the Supreme Court for a writ of certiorari is excluded from the tolling calculation.  *See Miller,* 305 F.3d at 494 (agreeing with the State's position that the petitioner's delayed appeal to the Ohio Supreme Court did not toll the statute of limitations for the 90-day period in which he could have sought further review in the

United States Supreme Court); *see also Johnson v. Wolfe,* 41 Fed. Appx. 733, 734 (6th Cir. June 21, 2002) (not published in Federal Reporter); *cf. Isham v. Randle,* 226 F.3d 691, 695 (6th Cir. 2000) (holding that "§ 2244(d) does not toll limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief"), *cert. denied,* 531 U.S. 1201 (2001). It therefore appears the statute of limitations began to run again on July 13, 2000 and ended 319 days later on or about May 27, 2001.

The instant habeas corpus petition was initially received by the Clerk's Office on July 3, 2001, and eventually filed on July 16, 2001, after the limitations period had expired. (*See* Doc. 1). However, the petition was signed by petitioner on May 18, 2001, ten days before the one-year period for filing a timely habeas corpus petition ended. (*See id.,* p. 7). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date for a federal habeas corpus petition is actually the date on which the pro se prisoner provided his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, given that the petition was not received by the Clerk's Office until July 3, 2001, it appears unlikely that petitioner submitted his petition to prison authorities for mailing before the statute of limitations ended on May 27, 2001. However, on the other hand, no evidence has been submitted indicating exactly when the petition was submitted by petitioner to prison officials for mailing. Given that the petition reveals a signature date of May 18, 2001, the Court is reluctant to recommend the dismissal of the petition on statute of limitations grounds unless respondent submits additional evidence pinpointing more precisely the date the petition was submitted by petitioner to the prison mail room for mailing to the Court.

Accordingly, the Court concludes that in order to stand a chance of prevailing on his claim that the instant petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), respondent must submit additional evidence more precisely pinpointing the date when petitioner submitted the instant habeas corpus petition to prison authorities for mailing to the Court. Respondent is hereby ORDERED to submit any such additional information to the Court within twenty (20) days of the date of filing of this Order. In addition, because it appears from the record that petitioner's grounds for relief require review of the trial transcript and that respondent has not filed any transcript of the state trial proceedings with this

Court in response to the allegations of the petition as ordered by this Court on July 18, 2001 (*see* Doc. 2, ¶10), respondent is hereby FURTHER ORDERED to also provide the Court with the relevant portions of the state trial transcript within the requisite twenty (20) day period.

    IT IS SO ORDERED.


Date:  9/18/03             s/Timothy S. Hogan
   cbc                     Timothy S. Hogan
                         United States Magistrate Judge

P:\TSH\Law Clerks\01cv463ord.wpd