UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Bohannon,
    Petitioner

vs                                     Case No. 1:01cv463
                                       (Spiegel, J.; Hogan, M.J.)

Ernie Moore,[1]
    Respondent

**REPORT AND RECOMMENDATION**

    Petitioner, a prisoner in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition; respondent's return of writ; respondent's response to this Court's Order of September 23, 2003 (*see* Doc. 5); and the transcript of the state criminal trial proceedings provided by respondent in response to the September 23, 2003 Order (*see id.,* pp. 3-4). (*See* Docs. 1, 3, 6, 9). Although petitioner filed a notice on November 12, 2003 stating his intention to file a "traverse" in reply to the return of writ (*see* Doc. 10), to date no such pleading has been filed.

**Factual And Procedural Background**

    On November 20, 1998, petitioner was indicted by the Hamilton County, Ohio, grand jury on three counts of burglary as defined in Ohio Rev. Code § 2911.12(A)(1) (Counts 1, 4, 6); one count of misuse of credit cards as defined in Ohio Rev. Code § 2913.21(B)(2) (Count 2); two counts of aggravated burglary as defined in Ohio Rev.

---

[1]Since the time petitioner instituted this action, the Warden of Lebanon Correctional Institution has changed from Harry Russell to Anthony Brigano and finally to Ernie Moore. Because Ernie Moore is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Code § 2911.11(A)(2) with specifications (Counts 3, 5); one count of carrying concealed weapons as defined in Ohio Rev. Code § 2923.12(A) (Count 7); one count of having weapons while under disability as defined in Ohio Rev. Code § 2923.13(A)(2) (Count 8); and one count of receiving stolen property as defined in Ohio Rev. Code § 2913.51(A) with specifications (Count 9). (Doc. 3, Ex. 6). After a jury trial, petitioner was found guilty of two burglary charges (Counts 1, 4), the misuse of credit card charge (Count 2), and the receiving stolen property charge (Count 9). (*See id.*, Ex. 1). On May 21, 1999, the trial court sentenced petitioner to terms of imprisonment totaling fifteen (15) years and 5 (5) months for these crimes. (*See id.*).

With the assistance of counsel, petitioner filed a direct appeal to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

> **First Assignment Of Error:** The trial court erred to the prejudice of the defendant-appellant in that it convicted him largely due to the admission of hearsay testimony of multiple codefendants.
>
> **Second Assignment Of Error:** The trial court erred to the prejudice of the defendant-appellant in that it allowed appellant to be represented ineffectively by trial counsel.
>
> **Third Assignment of Error:** The trial court erred to the prejudice of the defendant-appellant in that it convicted him based upon insufficient evidence, and in that it convicted him against the manifest weight of the evidence.

(*Id.*, Ex. 5). On March 1, 2000, the Court of Appeals issued a Judgment Entry overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.*, Ex. 2).

Proceeding pro se, petitioner apparently next sought leave to file a delayed appeal to the Ohio Supreme Court. In his memorandum in support of jurisdiction, he presented the following "propositions of law":

> 1. The trial court's allowance of the two co-defendant's prior out-of-court statements against appellant without appellant having the opp[or]tunity to confront and cross-examine the witnesses denied

> appellant of his absolute right to confrontation & cross-examination as gu[a]ranteed by the Sixth & Fourteenth Amendments to the U.S. Constitution.
>
> 2. Appellant was de[p]rived of the effective assistance of counsel at trial & on direct appeal wh[e]re counsel failed to recog[]nize, argue and brief the fact that the indictment is insufficient as a matter of law and that appellant was sentenced for allied offenses of similar import.

(*Id.,* Ex. 3, pp. 2, 5). On July 12, 2000, the Ohio Supreme Court issued an Entry denying petitioner's motion for delayed appeal and dismissing the appeal without opinion. (*Id.*, Ex. 4).

On July 16, 2001, petitioner filed the instant petition for writ of habeas corpus, in which he alleges the following grounds for relief:

> **Ground One:** Newly discovered evidence.
>
> **Supporting Facts:** Prosecution with[h]eld a tape recording statement made by my co-defend[a]nt that would have exonerated the petitioner[.] This was not discovered until after the petitioner was convicted, and all appeals were filed.
>
> **Ground Two:** The trial court err[ed] when it allowed hearsay testimony of multiple codefendants.
>
> **Supporting Facts:** The trial court allowed written statements to be used against the petitioner, when the State[']s witness[es] took the Fifth and cited their rights against self-incrimi[]nation.
>
> **Ground Three:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Counsel failed to investigate or call any witness to prove the Sta[te's] witness[es] were not telling the truth[,] denying the petitioner his [rights guaranteed by the] 6th and 14th Amendment[s] to the U.S. Constitution.
>
> **Ground Four:** The trial court erred when it allowed the petitioner to be

>convicted when the evidence was against the manifest weight of the evidence.
>
>**Supporting Facts:** The trial court overruled petitioner[']s motion, Rule 29, when the evidence did not support a finding of guilt.

(Doc. 1, pp. 5-6).

Respondent has filed a return of writ, in which he argues in part that the petition should be dismissed with prejudice because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 3, Brief, pp. 4-8). Without waiving "any exhaustion claim that this Court may find applicable," respondent also contends that petitioner has waived the claims alleged in Grounds One, Three and Four due to his procedural defaults in the state courts. (*Id.*, Brief, pp. 8-13).

## OPINION

**A. The Petition Is Not Barred From Review By The Statute Of Limitations**

28 U.S.C. § 2244(d)(1) provides that a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

As discussed in the September 23, 2003 Order (*see* Doc. 5, p. 2), it appears that petitioner's cause of action accrued at the earliest when the judgment of conviction became final by the conclusion of direct review or the expiration of time for seeking

such review and is, therefore, governed by 28 U.S.C. § 2244(d)(1)(A).[2] In this case, petitioner's conviction became "final" on April 16, 2000, one day after the 45-day period expired for petitioner to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' March 1, 2000 decision affirming the judgment of conviction (*see* Doc. 3, Ex. 2). *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio; *Lucas v. Carter,* 46 F.Supp.2d 709, 711 (N.D. Ohio 1999); *McClain v. Hill,* 52 F.Supp.2d 1133, 1145 (C.D. Cal. 1999); *cf. United States v. McNair,* Nos. CIV. A. 98-6021, CRIM. A. 95-124-09, 1999 WL 281308, at *2 (E.D. Pa. May 3, 1999) (citing *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999)); *see also* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

As further discussed in the September 23, 2003 Order (*see* Doc. 5, p. 2), the statute of limitations was tolled after it had run for 46 days, when petitioner filed an application for leave to file a delayed appeal to the Ohio Supreme Court on June 1, 2000. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001); *cf. Miller v. Collins,* 305 F.3d 491, 494 (6th Cir. 2002) (delayed appeal to Ohio Supreme Court "tolled the one-year statute of limitations while it was pending" before that court). The case-law in effect at the time the September 23, 2003 Order was issued supported the Court's further finding that the statute of limitations began running again on July 13, 2000, the day after the Ohio Supreme Court entered its final order denying petitioner's motion for delayed appeal, because the ninety-day period in which petitioner could have petitioned the United States Supreme Court for a writ of certiorari was to be excluded from the tolling calculation. (*See* Doc. 5, pp. 2-3) (and Sixth Circuit cases cited therein). However, since September 23, 2003, the Sixth Circuit has revisited the issue, holding in an en banc decision that for purposes of the tolling provision set forth in 28 U.S.C. § 2244(d)(2), "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme

---

[2]Petitioner contends the factual basis of the *Brady*-type claim alleged in Ground One "was not discovered until after [he] was convicted, and all appeals were filed." (Doc. 1, p. 5). Therefore, it appears Ground One is governed by a different provision set forth in 28 U.S.C. § 2244(d)(1)(D), whereby the statute of limitations does not begin to run until the date on which the factual basis of the claim could have been discovered through the exercise of due diligence. Under this provision, petitioner's cause of action with respect to Ground One would have accrued at a later time than under § 2244(d)(1)(A). However, the Court need not address this issue given its decision that even under § 2244(d)(1)(A), the petition was timely filed.

Court to review the case." *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc) (overruling *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir. 2000), *cert. denied,* 531 U.S. 1201 (2001)), *petition for cert. filed,* 72 U.S.L.W. 3506 (U.S. Jan. 20, 2004) (No. 03-1079); *see also Granger v. Hurt,* No. 02-3088, 2004 WL 162549, at *3 (6th Cir. Jan. 23, 2004) (unpublished) (holding in light of *Abela* that the statute of limitations was "tolled" from the date petitioner filed his motion for delayed appeal in the Ohio courts until the ninety-day period expired for filing a petition to the United States Supreme Court for writ of certiorari from the Ohio Supreme Court's final ruling dismissing the motion for delayed appeal). In light of this change in the Sixth Circuit case-law, the Court concludes that the statute of limitations was tolled for a longer period than originally calculated, from June 1, 2000 (when petitioner filed his motion for delayed appeal with the Ohio Supreme Court) until October 10, 2000 (when the ninety-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's July 12, 2000 order denying the motion). The statute of limitations began running again on October 11, 2000, with 319 days remaining (or until August 24, 2001) for petitioner to timely file his federal habeas corpus petition.

The instant petition received by the Clerk's Office on July 3, 2001 and eventually stamped as "filed" on July 16, 2001 was filed well within the one-year limitations period after taking into account the additional ninety-period in which petitioner could have sought, but did not seek, review from the United States Supreme Court in the delayed appeal matter. Accordingly, contrary to respondent's contention, the Court concludes that the petition is not barred from review on statute of limitations grounds.

### B. Petitioner Has Not Exhausted An Available State Court Remedy

Respondent argues in the return of writ that petitioner has waived three of his four claims for relief based on two procedural defaults committed in the state courts. First, respondent contends that although petitioner raised the claims alleged in Grounds Three and Four to the Ohio Court of Appeals on direct appeal, he committed a procedural default by failing to present these claims on further appeal to the Ohio Supreme Court. (*See* Doc. 3, Brief, p. 11). Second, respondent asserts that petitioner committed a procedural default by failing to present the claim alleged in Ground One, which "needed to be raised in a post-conviction action," to any Ohio court. (*Id.,* pp.

10-11). Although respondent states he is not waiving the "exhaustion" defense,[3] he contends that Grounds One, Three and Four should be dismissed with prejudice as "waived." (*See id.*, p. 13). It appears to this Court, however, that an avenue for relief remains available in the state courts for petitioner to pursue the "newly discovered evidence" claim asserted in Ground One and that, therefore, petitioner has failed to exhaust his state court remedies with respect to that claim.

The waiver and exhaustion principles are premised on the same underlying rationale. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

Although premised on the same concerns and thus overlapping to some degree, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations, resulting in either dismissal of the case without prejudice when exhaustion principles are applied or the denial of unexhausted claims with prejudice when waiver principles are invoked. Specifically, if the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong

---

[3]Unlike other procedural affirmative defenses, which the Sixth Circuit "strongly discourages" courts from *sua sponte* invoking, "considerations of comity and federalism require the Court 'to review the exhaustion issue *sua sponte,*'" and the defense will not be deemed "waived, 'unless the State, through counsel, expressly waives the requirement.'" *Whiting v. Burt,* 266 F.Supp.2d 640, 644 (E.D. Mich. 2003); *Benoit v. Bock,* 237 F.Supp.2d 804, 806 (E.D. Mich. 2003) (quoting or citing 28 U.S.C. § 2254(b)(3), *Rockwell v. Yukins,* 217 F.3d 421, 423-24 (6th Cir. 2000), and *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987)).

presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

On the other hand, if petitioner fails to fairly present his claims through the state courts or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner alleges in Ground One that the prosecutor withheld exculpatory evidence, not discovered by petitioner until after his conviction, in the form of a tape-recorded statement by a co-defendant. (Doc. 1, p. 5). Respondent points out that such a claim should have been raised in a state post-conviction petition pursuant to Ohio Rev. Code § 2953.21 to the extent it may "depend on material outside the record on direct appeal." (Doc. 3, Brief, pp. 10-11, 12). Although the doctrine of *res judicata* is applied in Ohio to bar a defendant from raising claims in post-conviction proceedings that were or could have been presented at trial or on appeal from the judgment of conviction, *see State v. Perry,* 226 N.E.2d 104, 108 (Ohio 1967), *res judicata* does not preclude him from asserting claims which require consideration of facts not appearing in the record. *State v. Cooperrider,* 448 N.E.2d 452, 454 (Ohio 1983); *State v. Hester,* 341 N.E.2d 304, 307-08 (Ohio 1976); *State v. Booker,* 579 N.E.2d 264, 268 (Ohio Ct. App. 1989); *see also Strickland v. Marshall,* 632 F. Supp. 590, 597-98 (S. D. Ohio) (Hogan, J.), *appeal dismissed,* 803 F.2d 721 (6th Cir. 1986). Pursuant to Rev. Code § 2953.21(A)(2), the petition for post-conviction relief must be

filed with the trial court no later than 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal proceedings. However, the court is permitted to consider a petition filed after the deadline set forth in § 2953.21(A)(2) has expired if (1) the petitioner shows he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," **or** "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" **and** (2) the "petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." Ohio Rev. Code § 2953.23. Therefore, if petitioner is able to meet the standard set forth in Ohio Rev. Code § 2953.23, the state post-conviction remedy may be available for him to pursue the *Brady*-type claim alleged in Ground One to the extent such claim may involve consideration of facts not appearing in the record. Moreover, if the trial court denies the post-conviction petition either on the merits of petitioner's claim or based on petitioner's failure to meet the standards set forth in Ohio Rev. Code § 2953.23, petitioner may appeal that ruling to the Ohio Court of Appeals pursuant to Ohio R. App. P. 4(A) and, if necessary, ultimately to the Ohio Supreme Court pursuant to Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.

Requiring petitioner to first exhaust the possibly available state remedy of a state post-conviction petition with respect to the claim alleged in Ground One, which appears to be based on evidence outside the record, will serve the interests of federal-state comity by giving the State's highest court the opportunity to address petitioner's claim on the merits. *See Castille v. Peoples,* 489 U.S. 346, 349 (1989).

### C. This Case Should Be Stayed, Rather Than Dismissed, Pending Petitioner's Exhaustion of State Remedies In Accordance With The Conditions Set Herein

When a timely-filed habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies, the renewed petition may be barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the one-year statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. In *Duncan v. Walker,* 533 U.S. 167 (2001), the United States Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that would

serve to toll the limitations period under § 2244(d)(2). A concurring opinion by Justice Stevens joined by Justice Souter specifies that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184. The justice suggests that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition. *Id.* at 182-83.

These alternative approaches were noted with approval by the United States Court of Appeals for the Sixth Circuit in *Palmer v. Carlton,* 276 F.3d 777 (6th Cir. 2002). The court explained that Congress could not have desired "the preclusion of a timely filed petition for the writ due to the need to accord state courts the opportunity to adjudicate claims." *Palmer,* 276 F.3d at 780. The Sixth Circuit discussed a Second Circuit case, *Zarvela v. Artuz,* 254 F.3d 374 (2nd Cir.), *cert. denied,* 534 U.S. 1015 (2001), which had adopted the stay alternative, imposing a brief, reasonable time limit upon the petitioner to exhaust his claims in the state courts and return to federal court to prevent undue delay. *See Palmer,* 276 F.3d at 780. Under this approach, the stay may be vacated if the time limits imposed are not satisfied. *Id.* (citing *Zarvela,* 254 F.3d at 381). The Second Circuit ruled that outright dismissal, as opposed to a stay, jeopardized the timeliness of petitioner's federal collateral review. *See id.* (citing *Zarvela,* 254 F.3d at 382). The First, Seventh, and Ninth Circuits also appear to favor the stay approach. *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.), *cert. denied,* 123 S.Ct. 2094 (2003); *Delaney v. Matesanz,* 264 F.3d 7, 14 n. 5 (1st Cir. 2001); *Freeman v. Page,* 208 F.3d 572, 576 (7th Cir.), *cert. denied,* 531 U.S. 946 (2000). Calling the Second Circuit's approach "eminently reasonable," the Sixth Circuit noted that the stay procedure "addresses the equitable concerns raised by Justice Stevens in *Duncan*, preserves the interests in comity embraced by *Lundy*,[4] and prevents the potential abuse of the writ perpetrated by some petitioners." *Palmer,* 276 F.3d at 781.

After the enactment in April 1996 of the one-year statute of limitations set forth

---

[4] *Rose v. Lundy*, 455 U.S. 509 (1982), requires the dismissal of "mixed" federal habeas corpus petitions, i.e., petitions containing both exhausted and unexhausted claims, to prevent piecemeal litigation of the petitioner's claims and federal courts from ruling on unexhausted claims without first providing the state courts with the opportunity to adjudicate such claims.

in 28 U.S.C. § 2244(d), the practice of this Court was to dismiss habeas petitions for failure to exhaust state remedies without prejudice and equitably toll the running of the statute of limitations as of the date the habeas corpus petition was filed. The tolling of the limitations period was expressly conditioned on petitioner's pursuing his state court remedies within thirty days and on petitioner's refiling his renewed petition for habeas corpus relief within thirty days after exhausting his state court remedies. Like the stay, this approach preserved the interests of comity without penalizing a petitioner who had failed to exhaust his state court remedies. Because the statute of limitations was tolled, the petitioner was not in danger of having his subsequent habeas petition dismissed as time-barred when he returned to pursue federal relief after exhausting his state remedies. The time restrictions placed on his pursuing his state remedies and returning to the federal courts ensured the prompt exhaustion of state court remedies and the prompt refiling of the federal habeas petition. Unlike the stay approach, dismissal of the petition with a tolling provision had the distinct advantage of removing petitioner's case from the federal district court's docket during the time petitioner was pursuing his state remedies, which could take months. This practice eliminated unnecessary administrative and judicial resources from being expended on a case that was essentially closed.

In *Hargrove v. Brigano,* 300 F.3d 717, 719-720 (6th Cir. 2002), the Sixth Circuit affirmed the district court's decision employing this tolling practice, concluding that it was "reasonable under the circumstances of th[e] case and under the conditions set forth by the district court." Citing *Palmer*, the court, however, noted that the Sixth Circuit has "embraced" the stay approach espoused by the Second Circuit in *Zarvela*. In *Hill v. Anderson,* 300 F.3d 679 (6th Cir. 2002), a death penalty case decided one day before *Hargrove* in which petitioner filed a "mixed" petition containing both exhausted and unexhausted claims, the Sixth Circuit instructed the district court to remand petitioner's unexhausted claim to the state court and stay petitioner's remaining claims pending resolution of the new, unexhausted issue. *Hill,* 300 F.3d at 683. In doing so, the court indicated that it was adopting *Zarvela's* approach. *Id.* In a later case, *Griffin v. Rogers,* 308 F.3d 647 (6th Cir. 2002), the Sixth Circuit explicitly stated its preference for the stay approach, specifying that "[o]f the two options that Justice Stevens suggested in his *Duncan* concurrence, it is preferable for district courts to stay proceedings pending exhaustion." *Griffin,* 308 F.3d at 652 n.1. The court stated that "ordinarily a district court should stay such unexhausted claims pending exhaustion rather than dismiss them without prejudice." *Id.* at 652.

In light of these Sixth Circuit cases expressing a clear preference for a stay of

habeas actions involving mixed petitions, as opposed to an outright dismissal of the petition with an equitable tolling provision, this Court RECOMMENDS that the instant proceedings be STAYED. To ensure that judicial and administrative resources are conserved, it is FURTHER RECOMMENDED that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

### IT IS THEREFORE RECOMMENDED THAT:

1. Because the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed within the one-year statute of limitations period as set forth in 28 U.S.C. § 2244(d), the petition should not be dismissed with prejudice as time-barred. Instead, because petitioner has not exhausted the possibly available state post-conviction remedy with respect to the *Brady*-type, "newly discovered evidence" claim alleged in Ground One, the petition (Doc. 1) should be administratively STAYED and TERMINATED on this Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on (1) petitioner's pursuing the state post-conviction remedy discussed above, *see supra* pp. 8-9, within thirty (30) days of the date of filing of any Order adopting this Report and Recommendation, and (2) petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after exhausting his state remedies. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and has complied with both conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition to allow petitioner to exhaust his state remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies

and that, therefore, the case should be stayed pending exhaustion of such remedies.[5]

     3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


Date:  3/18/04                                        s/Timothy S. Hogan
   cbc                                                 Timothy S. Hogan
                                                         United States Magistrate Judge


J:\BRYANCC\2004 habeas orders\01-463exhstay.pstconv-remedy.wpd

---

[5] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition.  *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Richard Bohannon,
    Petitioner

vs.                                      Case No. 1:01cv463
                                           (Spiegel, J.; Hogan, M.J.)

Ernie Moore,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).