IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| Plaintiff-Appellee, | ) | SUPREME COURT NO. **00-998** |
| | ) | ( By Clerk) |
| -vs- | ) | Hamilton App.No C-990386 |
| | ) | |
| RICHARD BOHANNON, | ) | Hamilton C.P. No.B-9808141(A) |
| | ) | |
| Defendant-Appellant. | ) | |

## MOTION FOR LEAVE TO FILE DELAYED APPEAL

Comes now Defendant-Appellant,Richard Bohannon,Pro Se, and moves this Honorable Supreme Court of Ohio for leave to file his delayed appeal from the judgment entered by the Hamilton County Court of Appeals,First Appellate District of Ohio on March 1,2000.For cause,Appellant submits that he inadvertently mailed his notice of appeal and supporting memorandum in support of claimed jurisdiction to the Hamilton County Court of Appeals on or about April 11,2000.

IT IS SO PRAYED FOR

Respectfully submitted,

*Richard Bohannon*

Richard Bohannon-Appellant
Reg. # 374-617   Unit 2-K-48
Lebanon Correctional Institution
P.O. Box 56
Lebanon,Ohio 45036

FILED

MAY 26 2000

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

## AFFIDAVIT IN SUPPORT OF MOTION FOR DELAYED APPEAL

I, Richard Bohannon, after first being duly sworn according to law do hereby depose as follows:

1. That I am the Appellant-Affiant herein and as such stand qualified to attest to the contents herein because of personal knowledge.
2. That on or about April 11,2000, I inadvertly mailed my notice of appeal with memorandum in support of claimed jurisdiction to the Hamilton County,Ohio Court of Appeals.
3. That because of this inadvertent error,I am now past he 45 day time limit to file same in this Supreme Court of Ohio.
4. That pursuant to the Rules of Practice of the Ohio Supreme Court & Ohio Civil Rule 60(B) leave to file this delayed appeal should be well-taken.
5. That all the foregoing averments are true as I verily believe.

FURTHER AFFIANT SAYETH NAUGHT

_____
Affiant

STATE OF OHIO      }
COUNTY OF WARREN }SS:

SWORN AND SUBSCRIBED TO IN MY PRESENCE A NOTARY PUBLIC THIS 20th DAY OF APRIL,2000.

_____
Notary Public



BEVERLY J. SULFSTED
Notary Public, State of Ohio
My Comm. Expires April 14, 2000  2005

## Certificate of Service

    This is to certify that a copy of the foregoing motion for delayed appeal was serve upon Michael K. Allen, Hamilton County Prosecutor at 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202 by regular mail service this 11th day of April, 2000.

*Richard Bohannon*

Richard Bohannon-Defendant-Appellant
Reg. # 374-617   Unit 2-K-48
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

### HAMILTON COUNTY, OHIO

STATE OF OHIO,                                    :          APPEAL NO. C-990386

                                                             TRIAL NO. B-9808141(A)

        Plaintiff-Appellee,                 :

                                                             *JUDGMENT ENTRY.*

    vs.                                             :

RICHARD BOHANNON,                                 :

      Defendant-Appellant.                    :

---

This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).

    Defendant-appellant, Richard Bohannon, was tried by a jury, found guilty, and convicted for burglary, misuse of a credit card, and receiving stolen property. Bohannon claims that his conviction violated his right to confront witnesses and was against the manifest weight and sufficiency of the evidence. Bohannon also claims that he was denied effective assistance of counsel. We disagree.

    The Confrontation Clause ensures that no one will be convicted without being given the opportunity to confront and cross-examine witnesses at trial. *State v. Gilliam* (1994), 70 Ohio St.3d 17, 635 N.E.2d 1242, citing *Lee v. Illinois* (1986), 476 U.S. 530, 106 S.Ct. 2056. When the state seeks to introduce a nontestifying accomplice's statement, it no longer may be admitted as evidence of guilt of the defendant if it falls within a firmly rooted hearsay exception. See *State v. Madrigal* (2000), 87 Ohio St.3d 378, 386, 721 N.E.2d 52, 62, overruling the contrary holding in *State v.*

*Gilliam, supra.* To overcome a violation of the Confrontation Clause, the statement must bear adequate indicia of reliability or be supported by a particularized guarantee of trustworthiness. See *Madrigal* at 386, 721 N.E.2d at 62; see, also, *Lilly v. Virginia* (1999), 527 U.S. 116, 119 S.Ct. 1887. But even if such a statement is erroneously admitted, this court need not reverse the conviction if the admission of the statement is harmless. See *Lilly, supra; Madrigal, supra.*

In this case, we hold that Bohannon's Confrontation Clause rights were violated because, pursuant to *Lilly,* a nontestifying accomplice's statement that tends to shift blame to others is inherently unreliable and does not bear adequate indicia of reliability. See *Lilly, supra; Madrigal, supra.* Despite this, we hold – based upon the overwhelming evidence of guilt aside from the erroneously admitted statement, including Bohannon's incriminating statement made to the arresting officer – that the admission of the nontestifying accomplice's statement was harmless. See *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824; *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 106 S.Ct. 1431; *Schneble v. Florida* (1972), 405 U.S. 427, 92 S.Ct. 1056; *Madrigal, supra.* Therefore, we overrule Bohannon's first assignment of error.

Bohannon claims, in his second assignment of error, that he was denied effective assistance of counsel. In order to demonstrate ineffective assistance of counsel, Bohannon must show that, but for counsel's unprofessional errors, the outcome of the trial would have been different. See *State v. Stojetz* (1999), 84 Ohio St.3d 452, 705 N.E.2d 329, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. Bohannon cites as ineffective assistance his counsel's failure to call a witness who may have been able to impeach the credibility of the erroneously admitted statement of the nontestifying accomplice. Bohannon and his counsel discussed this issue at length on the record. The court asked Bohannon whom he wanted to call as witnesses in addition to those listed on the defense witness list. Bohannon stated that there were two individuals who would testify that Bohannon's accomplices knew one another. The state stipulated to the testimony of Bohannon's proposed witnesses, and the case proceeded without further objection from Bohannon. We hold that Bohannon has failed to demonstrate that counsel's actions were ineffective. We, therefore, overrule Bohannon's second assignment of error.

In Bohannon's third assignment of error, he claims that his conviction was contrary to the manifest weight of the evidence and was based upon insufficient evidence. Sufficiency and weight of the evidence are separate concepts that may lead to different results. If a conviction is not based upon sufficient evidence, then the defendant must be set free because the state has not met its burden to produce evidence to satisfy each and every element of the charged offense. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. Conversely, if the conviction is contrary to the manifest weight of the evidence, then the defendant is entitled to a new trial because, although there is sufficient evidence to meet the elements of the charged offense, the burden of persuasion to support a conviction beyond a reasonable doubt has not been met. See *id.* If we determine that there is substantial evidence to support all of the elements of the charged offense and that the evidence is sufficiently probative of guilt, we will not reverse on either the sufficiency or the weight of the evidence. See *State v. Barnes* (1986), 25 Ohio St.3d 203, 495 N.E.2d 922; *Thompkins, supra.*

The record in this case demonstrates that Bohannon, by his own admission, was the driver of a vehicle that carried two other individuals, one of whom burglarized two locations. Evidence was presented that tied Bohannon's car to one of the burglaries via his license-plate number. Additionally, witnesses testified that they recognized Bohannon's coat, which had been worn by the accomplice who committed the burglary. Thus, based upon complicitor liability, Bohannon was guilty of burglary. As to the offense of misuse of a credit card, Bohannon's license-plate number was tied to

the purchase of gasoline and other merchandise. Finally, the police recovered stolen watches from Bohannon's car. Testimony was presented that the watches belonged to one of the victims. Thus, the charge of receiving stolen property was properly supported by the evidence. Based upon the overwhelming evidence of guilt – aside from the erroneously admitted statement of the nontestifying accomplice – we hold both that there was substantial evidence to satisfy the elements of the charged offenses, and that the evidence was sufficiently probative of guilt beyond a reasonable doubt. Therefore, we overrule Bohannon's third assignment of error.

Having overruled all of Bohannon's assignments of error, we affirm the judgment of the trial court.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

**Hildebrandt, P.J., Sundermann** and **Winkler, JJ.**

*To the Clerk:*

Enter upon the Journal of the Court on _____ March 1, 2000 _____

per order of the Court _____.

Presiding Judge

IN THE COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH

2004 APR -5 A 11: 57

STATE OF OHIO,          :

   Plaintiff-Respondent,   :

-vs-                 :

RICHARD BOHANNON,       :

   Defendant-Petitioner.   :

CASE NO. B-9808141 (A) FILED

JUDGE MARTIN

REQUEST FOR EVIDENTIARY HEARING

## PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE

Petitioner, Richard Bohannon, petitions this Court for post-conviction relief pursuant to Ohio Revised Code 2953.21, for the following reasons:

1. Petitioner was indicted for Aggravated Burglary, Burglary, Misuse of Credit Cards, and Complicity.

2. Petitioner was convicted of Burglary, Misuse of Credit Cards, and Complicity, in a judgment entered on May 20, 1999.

3. Petitioner was tried by a Jury.

4. Petitioner was given a sentence of 15 1/2 years of incarceration.

D58594383

5. Petitioner did appeal from the judgment of conviction to the First Appellate District Court of Appeals, the Court of appeals rendered and affirmed the trial Court decision on March 1, 2000.

6. Petitioner appealed the decision of the First Appellate District Court of Appeals to the Ohio Supreme Court of Ohio, resulting in its dismissal on July 12, 2000, with written opinion.

7. Petitioner suffered a denial or infringement of Petitioner's rights sufficient to rendered the judgment of conviction void or voidable under the Ohio Constitution and/or the Constitution of the United States.

8. The Constitutional errors that entitled Petitioner to relief are not included in the record and could not have been raised on appeal.

$\mathcal{B}$

### CLAIM NUMBER ONE

9a.  **STATEMENT OF CONSTITUTIONAL CLAIM:**   Newly Discovered Evidence.

9b.  **STATEMENT OF FACTS SUPPORTING CLAIM:**  The Prosecution withheld
Exculpatory Evidence (INTERVIEW "TAPE" CONFESSION OF ALLEGED
CO-DEFENDANT(s) STATEMENTS) exonerating Petitioner of any in-
volvement and/or complicity to the case at hand.

9c.  The following evidence and/or affidavit are not attached because
Petitioner needs the assistance of an attorney to produce the
evidence.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner requests:

A.  That this Court adopt the Recommendation of the United States
District Court;

B.  That Petitioner be granted an evidentiary hearing on the above
claim;

C.  That Petitioner's conviction be vacated or set aside; and/or

D.  That Petitioner be granted such other relief as the Court deems
appropriate.

Respectfully submitted,

*Richard Bohannon*

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

DEFENDANT-PETITIONER, pro se

2

IN THE COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :

     Plaintiff-Respondent,          :

-vs-                                    :      CASE NO. B-9808141 (A)

RICHARD BOHANNON,                       :

     Defendant-Petitioner.          :

### AFFIDAVIT OF INDIGENCY

    I, <u>Richard Bohannon</u>, do hereby solemnly swear that I have presently this 24th day of March, 2004, no means of financial support and no assets of any value and, therefore, cannot afford to pay for any legal services, fees or costs in the above-styled case.

                      *Richard Bohannon*
                      DEFENDANT-PETITIONER, pro se

                      Lebanon Correctional Institution
                      P.O. Box 56
                      Lebanon, Ohio 45036

    SWORN TO AND SUBSCRIBED IN MY PRESENCE THIS 24th DAY OF MARCH, 2004.

                      *Billy Dee Bailey*
               NOTARY           PUBLIC

            BILLY DEE BAILEY
          Notary Public, State of Ohio
        My Commission Expires Mar. 27, 2005

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff-Respondent,              :

-vs-                                    :      CASE NO. B-9808141 (A)

RICHARD BOHANNON,                       :

    Defendant-Petitioner.              :

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves this Court for an order appointing counsel to represent petitioner on the Petition for Post-Conviction Relief.

A memorandum in support is attached.

Respectfully submitted,

_Richard Bohannon_

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

PETITIONER, pro se

1

## MEMORANDUM IN SUPPORT

Petitioner lacks the skill or knowledge to adequately pursue Petitioner's rights without the assistance of counsel. Counsel is essential to insure that Petitioner's rights are fully litigated and all issues reviewed. Pursuant to Ohio Revised Code §2953.21, Petitioner has only one opportunity to present his claim for post-conviction relief.

Counsel is required to protect Petitioner's constitutional rights.

As attested by the Affidavit of Indigency filed with the Petition, Petitioner is without funds to hire an attorney.

The following special circumstances about Petitioner and/or Petitioner's case further support this request: The State's Prosecuting Attorney in this case withheld "Exculpatory Evidence", which would have exonerated Petitioner of any involvement in the above-styled case, which stated by the alleged co-defendant(s); "that the Petitioner had nothing to do with the case at present," however, this evidence was kept from the trial which violated Petitioner's rights to have any and all evidence favorable to the Petitioner.

WHEREFORE, Petitioner respectfully requests that counsel be appointed.

Respectfully submitted,

*Richard Bohannan*

PETITIONER, pro se

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR APPOINT-MENT OF COUNSEL was sent by regular U.S. mail to the Office of the Hamilton County Prosecutor, at 230 East Ninth Street, Cincinnati, Ohio 45202, this 24 day of March, 2004.

*Richard Bohannon*

DEFENDANT-PETITIONER, pro se

HARD BOHANNON # 374-617
LANON CORRECTIONAL INSTITUTION
. BOX 5C
LANON. OHIO 45036



GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH

2004 APR 29  A 10: 33

# THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

**STATE OF OHIO**                    :          NO. B-9808141(A)  *FILED*

    Plaintiff-Respondent        :          (Judge Martin)

vs.                                  :          **MEMORANDUM IN OPPOSITION
TO PETITION TO VACATE**

**RICHARD BOHANNON**                 :

    Defendant-Petitioner        :

Defendant was found guilty of two counts of burglary and misuse of a credit card. Defendant

was sentenced on May 21, 1999. Defendant was sentenced to seven years incarceration for both

burglary convictions and seventeen months incarceration for misuse of a credit card. Defendant's

conviction and sentence were upheld by the First District Court of Appeals. The judgment affirming

the trial court's entry was entered on March 1, 2000.

On April 5, 2004, defendant filed a petition to vacate or set aside judgment of conviction or

sentence.

Defendant claims the following:

(1)    newly discovered evidence,

and    (2)    misconduct by the trial court and prosecutor.

Defendant's claims could have been raised at trial, sentencing, or on appeal. Accordingly,

the doctrine of res judicata bars defendant-petitioner from raising these claims in his post-conviction

proceeding.[1]

---

[1] State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 140.



D58922883

Further, defendant has failed to provide proper evidentiary documentation as required by State v. Pankey[2] to support his claims.

For the above reasons, defendant-petitioner's claim is properly rejected.

Respectfully submitted,

Michael K. Allen, 0025214P
Prosecuting Attorney

Thomas J. Boychan, Jr., 0040183P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3158

## CERTIFICATE OF SERVICE

I hereby certify that on this _28_ day of April, 2004, I have enclosed a copy of the foregoing document to counsel for the defendant by posting same in the United States mail addressed to Richard Bohannon, Pro se, Inmate # 374-617, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036.

Thomas J. Boychan, Jr., 0040183P
Assistant Prosecuting Attorney

---

[2] (1981), 68 Ohio St.2d 58, 428 N.E.2d 413

IN THE COURT OF COMMON PLEAS
FOR HAMILTON COUNTY, OHIO

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH

2004 MAY 13 P 12: 47

STATE OF OHIO,                      :      NO. B-9808141(A)

    Plaintiff-Respondent,           :      (Judge Martin)    FILED

-vs-                                :      MEMORANDUM IN OPPOSITION
                                           TO PLAINTIFF'S RESPONSE
RICHARD BOHANNON,                   :

    Defendant-Petitioner.           :

---

    Now comes Defendant-Petitioner, Richard Bohannon, Pro Se, herein in Opposition to the Plaintiff's Response filed on April 23, 2004, respectfully seeks to oppose to the findings filed by the Plaintiff, hereinafter, (Assistant Prosecutor). Defendant-Petitioner submits his Memorandum In Opposition in memorandum attached.

Respectfully submitted,

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

### CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing motion was sent by regular U.S. mail to the Hamilton County Prosecutor's Office, at 230 East Ninth Street, Suite 4000, this _3_ day of May, 2004.

DEFENDANT-PETITIONER

D59098291

*PENGAD·Bayonne, N. J.*  **D**

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S RESPONSE

As attested to by the Plaintiff-Respondent, Defendant sought to file a petition to vacate or set aside his judgment of conviction based upon "Newly Discovered Evidence", and as a result, the Plaintiff filed with this Court, Memorandum In Opposition citing that this claim is barred by 'res judicata'. The Defendant rejects the assertions stated in Plaintiff's Opposition, because it calls into question the validity of the journal entry filed by the Trial Court. See; Attached Exhibit #1

However, the plaintiff states that this claim, (Newly Discovered Evidence), is barred by res judicata due to it was not raised in any proceeding, whether during trial, sentencing, or on appeal, however, res judicata was no bar because Defendant-Petitioner claim had not been previously adjudicated by this Court, nor the Court of Appeals, and could not have been pursuant to **State v. Perry**, (1967), 10 Ohio St.2d 175, unless it can be found that the Defendant was required to take over the trial process while the case was pending in this Court or the Court of Appeals, and argue his trial and appellate counsel's ineffect-iveness, or that such counsel during trial or on appeal was required to argue his/her own ineffectiveness before the Courts. See **State v. Carter**, (1973), 36 Ohio misc., 170, 304 N.E.2d 415 (CP). Secondly, what is presumably barred by res judicata, is the fact that during the Appellate stage, Counsel appointed, raised errors reflecting the man-dates of **State v. Gilliam**, (1994), 70 Ohio St.3d 17, 635 N.E.2d 1242, (Hearsay Testimony), in which the Defendant was not allowed to confront the co-defendant's in this case, even to the extent that they were cited as hostile witnesses and/or pled the 5th, to remain silent or

against self-incrimination; not what the Plaintiff contends, when he suggested that this 'Newly Discovered Evidence' is barred by res-judicata, or on the other hand, the Plaintiff is misleading in his Opposition to this Court, and if allowed to stand would add to the manifested injustice already endured by the Defendant.

Wherefore, the Defendant-Petitioner submits that the assertions filed by the Plaintiff in this case has no basis and has zero reliab-ility , as the record(s) do not reflect the same. As a result of this, seeks to vacate and/or set aside based upon the newly discovered evidence filed on April 5, 2004, due to the fact that the Hamilton County Prosecutor assigned to this case deliberately withheld evidence favorable to the Defendant by way of "initial Statements made by the co-defendants in this case." With the help of Trial Counsel (Mr. Welsh). It is the Defendant's contentions that he seeks of this Honorable Court to vacate or set aside his conviction based upon the allegation asserted in the above memorandum.

Respectfully submitted,

*Richard Bohannon*

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum In Opposition, was sent to the Hamilton County Prosecutor's Office, at 230 East Ninth Street, Suite 4000, by regular U.S. mail service, this __5__ day of May, 2004.

*Richard Bohannon*

Richard Bohannon #374-617
DEFENDANT-PETITIONER, PRO SE

S

# THE STATE OF OHIO, HAMILTON COUNTY
## COURT OF COMMON PLEAS

date: 05/21/99
code: GJEI
judge: 207

Entered
Date: 5-21-99
Image: 274

Judge: STEVEN E MARTIN

NO: B 9808141-A

### STATE OF OHIO
### VS.
### RICHARD BOHANON

### JUDGMENT ENTRY: SENTENCE:
### INCARCERATION

Defendant was present in open Court with Counsel WILLIAM M WELSH on the 21st day of May 1999 for sentence.

The court informed the defendant that, as the defendant well knew, after defendant entering a plea of not guilty and    after trial by jury, the defendant has been found guilty of the offense(s) of:

count 1: BURGLARY, 2911-12A1/ORCN,F2
count 2: MISUSE CREDIT CARD-EXP,REV, 2913-21B2/ORCN,F5
count 4: BURGLARY, 2911-12A1/ORCN,F2
count 9: RECEIVING STOLEN PROPERTY, 2913-51A/ORCN,M1
count 3: AGG BURGLARY W/SPECS, 2911-11A2/ORCN, ACQUITTAL
count 5: AGG BURGLARY W/SPECS, 2911-11A2/ORCN, DISMISSAL
count 6: BURGLARY, 2911-12A1/ORCN, DISMISSAL
SPECIFICATION TO COUNT 9, ACQUITTAL

The Court afforded defendant's counsel an opportunity to speak on behalf of the defendant. The Court addressed the defendant personally and asked if the defendant wished to make a statement in the defendant's behalf, or present any information in mitigation of punishment.

Defendant is sentenced to be imprisoned as follows:
count 1: CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS
count 2: CONFINEMENT: 17 Mos DEPARTMENT OF CORRECTIONS
count 4: CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS
count 9: CONFINEMENT: 6 Mos HAMILTON COUNTY JUSTICE CENTER
CONCURRENT WITH COUNTS 1, 2 & 4.

COUNTS 1, 2 & 4 ARE TO RUN CONSECUTIVE TO EACH OTHER.  COUNT 9 TO RUN CONCURRENT. PAY COURT COSTS.  CREDIT GIVEN FOR 191 DAYS.



EXHIBIT





# THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

### CRIMINAL DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO** | : | **NO. B-9808141(A)** |
| Plaintiff | : | (Judge Martin) |
| vs. | : | **FINDINGS OF FACT,** |
| | | **CONCLUSIONS OF LAW,** |
| **RICHARD BOHANNON** | : | **ENTRY DENYING PETITION TO** |
| | | **VACATE** |
| Defendant | : | |

This matter is before the Court on the petition to vacate filed by the defendant, the response filed by the State, and the entire record in this matter. The Court determines that all questions raised can be resolved from the existing record, therefore, no evidentiary hearing will be held.

The Court makes the following Findings of Fact:

1.  Defendant claims prosecutorial misconduct and newly discovered evidence.

2.  Defendant's claims are based on matters in the record.

Based upon the above Findings of Fact the Court makes the following Conclusions of Law:

1.  Defendant's claim could have been raised at trial, sentence, or on appeal, and are therefore barred be res judicata.[1]

2.  Defendant's claim is not supported by evidentiary documents as required by State v. Pankey[2].



---

[1] State v. Perry (1967), 10 Ohio St.2d 175.

[2] (1981), 68 Ohio St.2d 58, 428 N.E.2d 413



3.    Claims based on newly discovered evidence are not justifiable in a post conviction action.[3]

Based upon the above Findings of Fact and Conclusions of Law, and pursuant to R.C. 2953.21(C), the Court hereby dismisses the petition to vacate.

COURT OF COMMON PLEAS
ENTER

Steven E. Martin
HON. STEVEN E. MARTIN
Judge, Court of Common Pleas
THE CLERK SHALL SERVE NOTICE

Counsel:

Thomas J. Boychan, Jr. (0040183P)
Assistant Prosecuting Attorney
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036


ENTERED &
SCANNED
JUN 10 2004
IMAGE 382

_____

[3] State v. Clay (March 8, 1983), Hamilton App. No. C-820434, unreported.



**D61091945**

IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT
HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        Appeal No.  C-040415
                                                       C-990386
            Respondent/Appellee,  :        Trial No.  B-9808141(A)

      vs.                         :

RICHARD BOHANNON,                 :

            Petitioner/Appellant. :

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIEF OF PETITIONER/APPELLANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Richard Bohannon, pro se
P.O.Box 5500
Chillicothe, Ohio 45601

For Petitioner/Appellant


Michael K. Allen,
Prosecuting Attorney
230 Ninth Street, Suite 4000
Cincinnati, Ohio 45202

Counsel for Respondent/Appellee

**FILED**
COURT OF APPEALS

OCT 1 8 2004

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

FILED

2004 OCT 18 A 10: 18

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

PENGAD·Bayonne, N. J.

*F*

Appellant's conviction was affirmed on March 1, 2000.  This court's judgment entry overruled Appellant's assignment of errors concerning the Confrontation Clause on the basis of harmless error.  Appellant's second assignment of error concerning ineffective assistance of trial counsel was overruled on the basis that trial counsel's performances was not proved to have fallen below an objective standard of reasonable representation and that no prejudice to Appellant was shown to have arisen from trial counsel's performance.  Likewise, Appellant's third assignment of error concerning his conviction was against the manifest weight and sufficency of the evidence was overruled because the court ruled that "there was substantial evidence to satisfy the elements of the charged offenses, and that the evidence was sufficiently probative of guilt beyond a reasonable doubt".  Accordingly, the judgment of the trial court was affirmed.  (See, Judgement Entry attached in Appendix "A").

Appellant next sought leave to file a delayed appeal to the Ohio Supreme Court.  In his Memorandum in Support of Jurisdiction, he raised the same issues he had raised on direct appeal.  On July 12, 2000, The Ohio Supreme Court issed an Entry denying Appellant's motion for delayed appeal and dismissing the appeal without opinion.

On July 16, 2001, Appellant filed a petition for writ of habeas corpus into the United States District Court, for the Southern District of Ohio, Western Division.  In his petition he alleged the following grounds for relief:

(2)

**Ground One:** Newly discovered evidence

**Supporting Facts:** Prosecution withheld a tape recording statement made by a co-defendant that would have exonerated the petitioner. This was not discovered until after the petitioner was convicted and all appeals were filed.

**Ground Two:** The trial court erred when it allowed hearsay testimony of multiple co-defendants.

**Supporting Facts:** The trial court allowed written statements to be used against the petitioner, when the state's witnesses took the Fifth and cited their rights against self-incrimination

**Ground Three:** Ineffective assistance of counsel

**Supporting Facts:** Counsel failed to investigate or call witnesses to prove the state's witnesses were not telling the truth, denying the petitioner his rights guaranteed by the 6th and 14th Amendments to the U.S. Constitution.

**Ground Four:** The trial court erred when it allowed the petitioner to be convicted when the evidence was against the manifest weight of the evidence.

**Supporting Facts:** The trial court overruled petitioner's motion, Rule 29, when the evidence did not support a finding of guilt.

On March 18, 2004, the District Court issued its Report and Recommendation. The court found that Appellant had not exhausted his available state post-conviction remedy with respect to the "newly discovered evidence" claim alleged in Ground One of the petition. Therefore, the court stayed the habeas corpus petition, and ordered Appellant to pursue his state post-conviction remedy.

In compliance with the District Court's Report and Recommendation, Appellant filed a pro se Petition to Vacate pursuant to R.C. 2953.21 to 2953.23 et. seq. In support of his

(3)

motion, Appellant submitted the interrogation notes of Police
Officer Middendorf.   These are notes that Officer Middendorf
wrote down after interrogating co-defendants Charles Johnson and
Abdula Salalinddin.   (See, Petition to Vacated attached to
Appendix "B").

In response to Appellant's petition, the State of Ohio filed
a Memorandum in Opposition to Petition to vacate.   In its
motion, the State submitted no evidence to contradict
Defendant/Appellant's claims.

Without conducting an evidentiary hearing, Judge Martin
denied Appellant's petition to Vacate.   (See, Entry denying
Petition to Vacate attached to Appendix "C").   The court made
the following conclusion of law in its entry:

1. Defendant's claims could have been raised at trial
   sentence, or on appeal and therefore barred by
   res judicata.

2. Defendant's claim is not supported by
   documents as required by State  v. Pankey.

3. Claims based on newly discovered evidence are not
   justifiable in post conviction action.

Shortly thereafter, Appellant timely filed a Notice of
Appeal from Judge Martin's decision and this appeal was assigned
Case Number C-040415, and these proceedings ensued.

## 2.  Statement of the Facts

Although there was no evidentiary hearing on Appellant's
Petition to vacate and thus no record of that proceeding,
Appellant attached to his Petition to Vacate the interrogation

(4)

notes of Officer Middendorf as a means of presenting evidence to the court in his Petition.  These interrogation notes are appended to Appellant's Petition to Vacate.  (See, Appendix B).

These notes summarize the statements co-defendants Charles Johnson and Adula Salahuddin made to Officer Middendorf during interrgoation.  Both Johnson's and Salahuddin's statements contradict the State's theory of "complicitor liability", and the tape recorded confession played in court.  Johnson's notes reveals that the stolen watches from the Mount Saint Joseph College robbery was recovered from him (Johnson).  This is a critical point because in affirming Appellant's conviction for stolen property, this court said that the watches were recovered from Appellant's car.  (See, Judgment Entry Attached to Appendix "D" at pg. 3).  More over, Johnson's notes states that the dark brown coat recovered from Appellant's car belonged to him; and, that Appellant had nothing to do with what he was doing.

In addition, Salahuddin's notes explain that he and Appellant did not know Johnson, they merely offered him a ride.  More important, Salahuddin notes reveals that he (Salahuddin) was the one who made the statement that Johnson offered Appellant $200 "to drive him around letting him out when he wants out".  This too is a crucial point, because, during trial Officer Middendorf testified that Appellant was the one who made the statement that "he was just a gypsy cab driver and that they (Johnson, Salahuddin) were going to pay him $200.00 to take them up to Delhi.  In the Brief of Plaintiff-Appellee, the prosecutor used Officer's Middendorf testimony about who made

(5)

this statement in his argument.  This court affirmed Appellant's

conviction on the basis that he made this statement,

when it fact it was Johnson.  (See, Appendix D).  Appellant

never knew the contents of these notes until the trial was well

over.

Despite Officer Middendorf's intgerrogation notes, the trial

court ruled that Appellant had supplied no evidentiary documents

to support his claims of prosecutorial misconduct and newly

discovered evidence, and thus denied his petition without the

benefit of any sort of hearing.  (See, Appendix "C").

### ARGUMENT

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT
AND ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S
PETITION FOR POST-CONVICTION RELIEF WITHOUT
AN EVIDENTIARY HEARING ON APPELLANT'S CLAIMS.

### Issue Presented For review

Whether an evidentiary hearing is mandated on
Petition for Post-Conviction Relief filed
pursuant to R.C. 2953.21 to 2953.23 when the
Petitioner has met his burden by submitting
supporting affidavit(s) or other documentary
evidence indicating that his conviction is
void or voidable on constitutional grounds.

An evidentiary hearing is mandated on a Petition for Post-

Conviction relief pursuant to R.C. 2953.21 when supporting

affidavits(s) or other documentary evidence are filed with the

petition setting forth substantive grounds for relief.  State

v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819.  The

Jackson Court stated as follows:

"The statutory framework for determing whether
a hearing is necessary for post conviction actions
is set forth in R.C. 2953.21 . . (A) Any person

convicted of a criminal offense or a judge delinquent
claiming that there was such denial or infringement
of his rights as to render the judgment void, or
voidable under the Ohio Constitution or the
Constitution of the United States, may file petition
at any time in the court which imposes sentence,
stating the grounds for relief relied upon, and
asking the court to vacate or set aside the judgment
or sentence or to grant other appropriate relief.
The petitioner may file such supporting affidavit
and other documentary evidence as will support his
claim for relief. . (C) Before granting a hearing
the court shall determine whether there are
substantive grounds for relief.  In making such a
determination, the court shall consider, in addition
to the petition and supporting affidavits all files
and records pertaining to the proceedings against
petitioner, including, but not limited to the
indictment, the court's journal entries, the
journalized records of the clerk of courts, and the
court reporter transcript. . . (E) unless the petition
and the files and records of the case show
petitioner is not entitled to relief, the court
shall proceed to a prompt hearing on the issues,
hold the hearing, and make a file written findings
of fact and conclusions of law upon entering
judgment." id. at 109, 413 N.E.2d at 821.

Further, the Ohio Supreme Court has held that R.C. 2953.21

requires the trial court to consider the allegation of the

petition for post-conviction relief and the particular facts

upon which petitioner bases his claim in determining whether

there are sufficient grounds for a hearing.  Id. at 110, 413

N.E.2d at 822.

In this case, it is clear that the trial court did not review

the record and Appellant's filing, including the interrogation

notes filed by Appellant and attached to his Petition, but

merely put on a standard order dismissing the Petition.  The

trial court's entry reads as follows:

1. Defendant's claim could have been raised at trial
   sentence, or on appeal, and are therefore barred by res
   judicata.

(7)

2.  Defendant's claim is not supported by eviteniary
    documents as required by <u>State</u> v. <u>Pankey</u>.

3.  Claims based on newly discovered evidence are not
    justifiable in post conviction action.

Before a hearing is granted, the Petitioner bears the inital

burden in a post-conviction proceeding to submit evidentiary

documents containing sufficient operative facts to demonstrate

a substantive ground for relief.  State v. Jackson, supra at

111, 413 N.E.2d at 882.  The Jackson Court stated that the

Court's pivotal concern should be whether there are substantive

grounds for relief which would warrant a hearing based upon the

petition, the supporting affidavit(s) and the files and records

of the case.  Id. at 110, 413 N.E.2d 822.

Since it is clear that Petitioner/Appellant met his initial

burden to present evidence under R.C. 2953.21 et. seq. to

warrant a hearing, the critical question then become whether

or not a claim of prosecutorial misconduct based upon newly

discoved evidence is justifiable in post conviction action.

Paragraph 3 of judge Martin's Finding of Facts, Conclusion of

Law and Entry Denying Relief held:

> "Claims based on newly discovered evidence are
> no justifiable in post conviction action."

Criminal Rule 33(A) limits the use of newly discovered

evidence to evidence that defendant "could not with reasonable

diligence have discovered and produced at trial."  The trial

record in this case clearly demonstrates that Appellant was

(8)

prevented by the prosecutor and the trial court from discovery.
Appellant maintained throughout his entire trial that co-
defendant Johnson's tape-recorded confession contained
information that could exonerated him. At the beginning of the
trial Appellant filed for discovery requesting the recorded
confession and any written statement that Co-defendant Johnson
had made. The prosecution failed to disclose this evidence.
During the course of the trial, Appellant made a request to
Judge Martin to have Johnson appear in court as a witnesses for
him. However, Johnson invoked his 5th Amendment right.
Appellant next sought Johnson's tape-recorded confession be
played in court. Again, Appellant was denied. It was not until
well after the trial and while Appellant was incarcerated at the
Lebanon Correctional Institution did Appellant finally obtained
copies of Johnson's and Salahuddin's written interrogation
statements.

   In this case, the newly discovered evidence is entirely
outside the record, and post-conviction is the appropriate
vehicle for evidence dehors the record. Appellant further
contends not only is post-conviction the appropriate vehicle,
but when claims are based on facts outside the record,
a hearing is mandated so the trial court can determine the
sufficiency of the evidence. State v. Milanovich (1975), 42
Ohio St.2d 46, 325 N.E.2d 540; State v. Legree (1988), 61 Ohio
App. 3d 394 568, 573 N.E. 2d 687; State v. Ramos (1993), 88 Ohio
App. 3d 394, 623 N.E. 1336.

(9)

In State v. Milanovich, supra, the Court stated in paragraph

1 of its syllabus as follows:

>"Where a claim raised by a petition for post-conviction
>relief under R.C. 2953.21 is sufficient on its face to
>raise an issue that petitioner's conviction is void or
>voidable on constitutional grounds, and the claim is
>one which depends upon factual allegations that
>cannot be determined by examination of the files
>and records of the case, the petition states a
>substantive ground for relief." Id. 49;
>see also, State v. Legree, (19880 61 Ohio App. 3d 568,
>575, 573 N.E. 2d 687, 692; State v. Ramos, (1993)
>88 Ohio App. 3d 394, 623 N.E. 2d 1336, 1337.

Therefore, Appellant's petition stated a substantive ground for

relief which required a hearing. The trial court could have

easily held a hearing so that it could have reviewed the

evidence, particularly the written notes of co-defendants,

before ruling on the sufficency of Appellant's claims.

As the Court will note, Appellant offered evidence, that if

believed, would establish that his conviction is void or

voidable on constitutional grounds. In the present case,

Appellant Petition is supported by the interrogation notes

of co-defendants, who contradict the State's theory that

Appellant acted in concert with them in several burglaries.  A

hearing was absolutely mandated to insure that Appellant's

constitutional rights were protected and that his conviction was

constitutionally sound. In light of these circumstances, Judge

Martin's failure to hold an evidentiary hearing was in error.

(10)

Although the petitioner does not have to carry the burden of
proving his claim in his pleading and attachments, Officer
Middendorf's interrogations notes of co-defendant Johnson and
Salahuddin raises serious concerns about the prosecutor's
conduct and the impact his conduct had on the trial and the
direct appeal. The prosecution's whole case rested on Officer
Middendorf's testimony that Appellant made a statement to him
that he, Appellant, "was just a gypsy cab driver and that they
(Johnson, Salahuddin) were going to pay him $200.00 to take them
up to Dehli." This testimony was used by the prosecution to
establish that Appellant acting in complicity with the co-
defendants. However, the interrogation notes of Salahuddin
says it was Johnson who made this statement, not Appellant.
More important, the prosecution argued that the stolen watches
were recovered from Appellant's car. However, the
interrogation notes from co-defendant Johnson reveals that the
watches were recovered from him. The prosecutor knew his
facts were not true, he prosecuted all three cases. Yet, he
advanced this theory at trial, and it would appear that this
formed the basis for the jury's verdict and this Court's
Judgment Entry since it adopted and followed the brief of
Plaintiff-Appellee.

Appellant argues that any irregularities in the proceedings
that prevent a fair trial is sufficient grounds for a new trial.
Misconduct by the prosecuting attorney that substantially
affects the rights of the defendant is grounds for a new trial.
A prosecuting attorney who suppresses evidence or who fails to

(11)

disclose relevant evidence material to guilt or innocence is guilty of misconduct requiring a new trial. See, Brady v. Maryland, 373 U.S. 83, 86, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963).

In State v. Walden (1984), 19 Ohio App. 3d 141, Walden claimed that the prosecutor had withheld exculpatory evidence which contributed to her conviction at trial for causing the death of a man she claimed had earlier harassed her. Walden testified that she had complained to the police about the harassment, then discovered after trial undisclosed police police ducuments corroborating her testimony. The court concluded that Walden's petition raised the issue of prosecutorial misconduct with enough specificity to require an evidentiary hearing under R.C. 2953.21. Id., at 48.

Walden's analysis of the prejudicial impact of the absence of the police records parallels the prejudicial impact of the non-disclosure here in this case. Appellant requested the prosecutor to disclose the tape-recorded confession of co-defendant Johnson because it had on it information helpful to his defense. The prosecutor failed to disclosed this evidence, using only parts of Johnson's confession that supported his complicity theory. There is no question that it was incumbent upon the prosecutor to disclose favorable evidence under Criminal Rule 16(B)(1)(a), Brady v. Maryland, supra.

(12)

## CONCLUSION

The trial court erred to the prejudice of Appellant and abused its discretion by dismissing Appellant's Petition to Vacate pursuant to R.C. 2953.21 without conducting an evidentiary hearing on Appellant's claims. The trial court's ruling should be reversed and the case should be remanded for an evidentiary hearing on Appellant's Petition, and an order issuing co-defendant Johnson's tape-recorded confession played at this hearing to corroborate the evidence already attached herewith.


Respectfully submitted,

*Richard Bohannon*

Richard Bohannon, pro se
P.O. Box 5500
Chillicothe, Ohio 45601-0990

(13)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing
Brief of Petitioner/Appellant on the Respondent/Appellee by
mailing such to Michael K. Allen, Prosecuting Attorney, 230 East
Ninth Street, Suite 4000, Cincinnati, Ohio 45202, this 14th day
of October, 2004 by placing such in the prison's mail system.

*Richard Bohannon*

Richard Bohannon

(14)

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO. C-990386

                                                   TRIAL NO. B-9808141(A)

     Plaintiff-Appellee,          :

                                                   *JUDGMENT ENTRY.*

vs.                                     :

RICHARD BOHANNON,                       :

     Defendant-Appellant.         :

This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).

     Defendant-appellant, Richard Bohannon, was tried by a jury, found guilty, and convicted for burglary, misuse of a credit card, and receiving stolen property. Bohannon claims that his conviction violated his right to confront witnesses and was against the manifest weight and sufficiency of the evidence. Bohannon also claims that he was denied effective assistance of counsel. We disagree.

     The Confrontation Clause ensures that no one will be convicted without being given the opportunity to confront and cross-examine witnesses at trial. *State v. Gilliam* (1994), 70 Ohio St.3d 17, 635 N.E.2d 1242, citing *Lee v. Illinois* (1986), 476 U.S. 530, 106 S.Ct. 2056. When the state seeks to introduce a nontestifying accomplice's statement, it no longer may be admitted as evidence of guilt of the defendant if it fails within a firmly rooted hearsay exception. See *State v. Madrigal* (2000), 87 Ohio St.3d 378, 386, 721 N.E.2d 52, 62, overruling the contrary holding in *State v.*

*Gilliam, supra.* To overcome a violation of the Confrontation Clause, the statement must bear adequate indicia of reliability or be supported by a particularized guarantee of trustworthiness. See *Madrigal* at 386, 721 N.E.2d at 62; see, also, *Lilly v. Virginia* (1999), 527 U.S. 116, 119 S.Ct. 1887. But even if such a statement is erroneously admitted, this court need not reverse the conviction if the admission of the statement is harmless. See *Lilly, supra; Madrigal, supra.*

In this case, we hold that Bohannon's Confrontation Clause rights were violated because, pursuant to *Lilly*, a nontestifying accomplice's statement that tends to shift blame to others is inherently unreliable and does not bear adequate indicia of reliability. See *Lilly, supra; Madrigal, supra.* Despite this, we hold – based upon the overwhelming evidence of guilt aside from the erroneously admitted statement, including Bohannon's incriminating statement made to the arresting officer – that the admission of the nontestifying accomplice's statement was harmless. See *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824; *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 106 S.Ct. 1431; *Schneble v. Florida* (1972), 405 U.S. 427, 92 S.Ct. 1056; *Madrigal, supra.* Therefore, we overrule Bohannon's first assignment of error.

Bohannon claims, in his second assignment of error, that he was denied effective assistance of counsel. In order to demonstrate ineffective assistance of counsel, Bohannon must show that, but for counsel's unprofessional errors, the outcome of the trial would have been different. See *State v. Stojetz* (1999), 84 Ohio St.3d 452, 705 N.E.2d 329, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. Bohannon cites as ineffective assistance his counsel's failure to call a witness who may have been able to impeach the credibility of the erroneously admitted statement of the nontestifying accomplice. Bohannon and his counsel discussed this issue at length on the record. The court asked Bohannon whom he wanted to call as witnesses in addition to those listed on the defense witness list. Bohannon stated that there were two individuals who would testify that Bohannon's accomplices knew one another. The state stipulated to the testimony of Bohannon's proposed witnesses, and the case proceeded without further objection from Bohannon. We hold that Bohannon has failed to demonstrate that counsel's actions were ineffective. We, therefore, overrule Bohannon's second assignment of error.

In Bohannon's third assignment of error, he claims that his conviction was contrary to the manifest weight of the evidence and was based upon insufficient evidence. Sufficiency and weight of the evidence are separate concepts that may lead to different results. If a conviction is not based upon sufficient evidence, then the defendant may be set free because the state has not met its burden to produce evidence to satisfy each and every element of the charged offense. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. Conversely, if the conviction is contrary to the manifest weight of the evidence, then the defendant is entitled to a new trial because, although there is sufficient evidence to meet the elements of the charged offense, the burden of persuasion to support a conviction beyond a reasonable doubt has not been met. See *id.* If we determine that there is substantial evidence to support all of the elements of the charged offense and that the evidence is sufficiently probative of guilt, we will not reverse on either the sufficiency or the weight of the evidence. See *State v. Barnes* (1986), 25 Ohio St.3d 203, 495 N.E.2d 922; *Thompkins, supra.*

The record in this case demonstrates that Bohannon, by his own admission, was the driver of a vehicle that carried two other individuals, one of whom burglarized two locations. Evidence was presented that tied Bohannon's car to one of the burglaries via his license-plate number. Additionally, witnesses testified that they recognized Bohannon's coat, which had been worn by the accomplice who committed the burglary. Thus, based upon complicitor liability, Bohannon was guilty of burglary. As to the offense of misuse of a credit card, Bohannon's license-plate number was tied to

the purchase of gasoline and other merchandise. Finally, the police recovered stolen watches from Bohannon's car. Testimony was presented that the watches belonged to one of the victims. Thus, the charge of receiving stolen property was properly supported by the evidence. Based upon the overwhelming evidence of guilt – aside from the erroneously admitted statement of the nontestifying accomplice – we hold both that there was substantial evidence to satisfy the elements of the charged offenses, and that the evidence was sufficiently probative of guilt beyond a reasonable doubt. Therefore, we overrule Bohannon's third assignment of error.

Having overruled all of Bohannon's assignments of error, we affirm the judgment of the trial court.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

**Hildebrandt, P.J., Sundermann** and **Winkler, JJ.**

*To the Clerk:*

Enter upon the Journal of the Court on _____ March 1, 2000 _____

per order of the Court _____

                              Presiding Judge

IN THE COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO

COPY FILED
CLERK OF COURTS
HAMILTON COUNTY

APR 6 2004

GREGORY HARTMANN
COMMON PLEAS COURTS

STATE OF OHIO,                        :

   Plaintiff-Respondent,              :        CASE NO. B-9808141 (A)

-vs-                                  :        JUDGE MARTIN

RICHARD BOHANNON,                     :        REQUEST FOR EVIDENTIARY HEARING

   Defendant-Petitioner.              :

### PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE

Petitioner, Richard Bohannon, petitions this Court for post-conviction relief pursuant to Ohio Revised Code 2953.21, for the following reasons:

1. Petitioner was indicted for Aggravated Burglary, Burglary, Misuse of Credit Cards, and Complicity.

2. Petitioner was convicted of Burglary, Misuse of Credit Cards, and Complicity, in a judgment entered on May 20, 1999.

3. Petitioner was tried by a Jury.

4. Petitioner was given a sentence of 15 1/2 years of incarceration.

5. Petitioner did appeal from the judgment of conviction to the First Appellate District Court of Appeals, the Court of appeals rendered and affirmed the trial Court decision on March 1, 2000.

6. Petitioner appealed the decision of the First Appellate District Court of Appeals to the Ohio Supreme Court of Ohio, resulting in its dismissal on July 12, 2000, with written opinion.

7. Petitioner suffered a denial or infringement of Petitioner's rights sufficient to rendered the judgment of conviction void or voidable under the Ohio Constitution and/or the Constitution of the United States.

8. The Constitutional errors that entitled Petitioner to relief are not included in the record and could not have been raised on appeal.

**CLAIM NUMBER ONE**

9a.  STATEMENT OF CONSTITUTIONAL CLAIM:    Newly Discovered Evidence.

9b.  STATEMENT OF FACTS SUPPORTING CLAIM:  The Prosecution withheld

Exculpatory Evidence (INTERVIEW "TAPE" CONFESSION OF ALLEGED

CO-DEFENDANT(s) STATEMENTS) exonerating Petitioner of any in-

volvement and/or complicity to the case at hand.

9c.  The following evidence and/or affidavit are not attached because

Petitioner needs the assistance of an attorney to produce the

evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner requests:

A.  That this Court adopt the Recommendation of the United States

District Court;

B.  That Petitioner be granted an evidentiary hearing on the above

claim;

C.  That Petitioner's conviction be vacated or set aside; and/or

D.  That Petitioner be granted such other relief as the Court deems

appropriate.

Respectfully submitted,

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

DEFENDANT-PETITIONER, pro se

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR APPOINT-
MENT OF COUNSEL was sent by regular U.S. mail to the Office of the
Hamilton County Prosecutor, at 230 East Ninth Street, Cincinnati,
Ohio 45202, this _24_ day of March, 2004.

_Richard Bohannon_
DEFENDANT-PETITIONER, pro se

3

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff-Respondent,               :

-vs-                                    :        CASE NO. B-9808141 (A)

RICHARD BOHANNON,                       :

    Defendant-Petitioner.               :

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves this Court for an order appointing counsel to represent petitioner on the Petition for Post-Conviction Relief.

A memorandum in support is attached.

Respectfully submitted,

*Richard Bohannon*

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

PETITIONER, pro se

1

## MEMORANDUM IN SUPPORT

Petitioner lacks the skill or knowledge to adequately pursue Petitioner's rights without the assistance of counsel. Counsel is essential to insure that Petitioner's rights are fully litigated and all issues reviewed. Pursuant to Ohio Revised Code §2953.21, Petitioner has only one opportunity to present his claim for post-conviction relief.

Counsel is required to protect Petitioner's constitutional rights.

As attested by the Affidavit of Indigency filed with the Petition, Petitioner is without funds to hire an attorney.

The following special circumstances about Petitioner and/or Petitioner's case further support this request: The State's Prosecuting Attorney in this case withheld "Exculpatory Evidence", which would have exonerated Petitioner of any involvement in the above-styled case, which stated by the alleged co-defendant(s); "that the Petitioner had nothing to do with the case at present," however, this evidence was kept from the trial which violated Petitioner's rights to have any and all evidence favorable to the Petitioner.

WHEREFORE, Petitioner respectfully requests that counsel be appointed.

Respectfully submitted,

*Richard Bohannon*

PETITIONER, pro se

2

IN THE COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :

      Plaintiff-Respondent,              :

-vs-                                    :       CASE NO. B-9808141 (A)

RICHARD BOHANNON,                       :

      Defendant-Petitioner.              :

### AFFIDAVIT OF INDIGENCY

I, Richard Bohannon, do hereby solemnly swear that I have presently this 24th day of March, 2004, no means of financial support and no assets of any value and, therefore, cannot afford to pay for any legal services, fees or costs in the above-styled case.

                        *[signature]*
                        DEFENDANT-PETITIONER, pro se

                        Lebanon Correctional Institution
                        P.O. Box 56
                        Lebanon, Ohio 45036

SWORN TO AND SUBSCRIBED IN MY PRESENCE THIS 24th DAY OF MARCH, 2004.

                        *[signature]*
                 NOTARY                    PUBLIC

                          **BILLY DEE BAILEY**
                         Notary Public, State of Ohio
                    My Commission Expires Mar. 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR APPOINT-
MENT OF COUNSEL was sent by regular U.S. mail to the Office of the
Hamilton County Prosecutor, at 230 East Ninth Street, Cincinnati,
Ohio 45202, this _24_ day of March, 2004.

_Richard Bohannon_
DEFENDANT-PETITIONER, pro se

3

*Defendant Salahuddin made the following in statements:*

" Look man. I don't want no trouble, I got a gun !"

" What I do ?"          I read Abdula his rights and asked his questions about the gun and the broadcast about the car and occupants we were looking for. He stated that he needed the gun for protection because he's been in prison before. I asked him what he was in prison for and he stated " This same thing !" and I asked " Breaking into Nuns houses ?" and he stated "No, CCW I can't go back to prison I got a wife and kids."

I asked Abdula if he knew the balding male black. Charles Johnson who was leaving the store. Abdula stated "No. I never saw that man before. "

THE SUSPECT THEN STATED THAT HE DID HAVE A GUN IN HIS LEFT WAIST BAND BUT IT WAS FOR HIS PROTECTION.

Abdullah had the same line that he was looking for clothing shops in Delhi when his car breaks down and he parks at Mt. St. Joe. He gets Richard to pick him up and go get his car. They go into Delhi and meet Charles Johnson walking up Delhi Rd at McDonalds. He gets to the Mount and can't find his car so he goes inside to call home to see if his wife got the car.

He then states that Richard and he picked up Charles on the Kentucky side and that they don't have any idea who he is so he doesn't want to say too much because Charles could be dangerous. He stated that Charles Johnson told them that he would give them $200.00 to drive him around letting him out when he wants out. They were at St. Dominic's where they let Charles out for about an hour then went to Mt. St. Joseph's. Abdullah states that he carries a gun because he is the enforcer at his Muslim Chruch and that they have had trouble with drug dealers that he has run off the church property.

He stayed with his story of not knowing who Charles Johnson was.

*Charles Johnson*

*831-E-3701*

*Defendant Johnson made the following oral statement*

His name was Charles Johnson and he stated he lived in Covington. He stated that he had taken the bus from Covington to Delhi to meet a friend. The friend lived on Vine St. downtown. He had a Seiko and an Elgin watch. He stated they belonged to his wife, but then he corrected himself, his girlfriend.

Charles said his tan coat matched his tan hat. A dark brown leather coat was removed from the suspect vehicle. Abdullah already had a coat on. I asked him if the coat was his, and he said no.

Charles later admitted the dark coat was his, and that the tan coat belonged to Butch Bohannon.

Charles Johnson was giving false information to elude FBI warrants under his true identy of Matthew Travitt, FBI# 820092C

When I interviewed Charles Johnson he still maintained that this was his real name. He wanted a lawyer and had nothing to say to us. He stated that he has no idea who the other two guys are and that they had nothing to do with what he was doing.

Charles Johnson

S 32-1F-3706

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B-9808141(A) |
| Plaintiff | : | (Judge Martin) |
| vs. | : | **FINDINGS OF FACT, CONCLUSIONS OF LAW, ENTRY DENYING PETITION TO VACATE** |
| RICHARD BOHANNON | : | |
| Defendant | : | |

This matter is before the Court on the petition to vacate filed by the defendant, the response filed by the State, and the entire record in this matter. The Court determines that all questions raised can be resolved from the existing record, therefore, no evidentiary hearing will be held.

The Court makes the following <u>Findings of Fact</u>:

1.   Defendant claims prosecutorial misconduct and newly discovered evidence.

2.   Defendant's claims are based on matters in the record.

Based upon the above Findings of Fact the Court makes the following <u>Conclusions of Law</u>:

1.   Defendant's claim could have been raised at trial, sentence, or on appeal, and are therefore barred be res judicata.[1]

2.   Defendant's claim is not supported by evidentiary documents as required by <u>State v. Pankey</u>[2].



---

[1] <u>State v. Perry</u> (1967), 10 Ohio St.2d 175.

[2] (1981), 68 Ohio St.2d 58, 428 N.E.2d 413

3.    Claims based on newly discovered evidence are not justifiable in a post conviction

action.[3]

Based upon the above Findings of Fact and Conclusions of Law, and pursuant to R.C.

2953.21(C), the Court hereby dismisses the petition to vacate.

COURT OF COMMON PLEAS
ENTER

HON. STEVEN E. MARTIN

Steven E. Martin
Judge, Court of Common Pleas

THE CLERK SHALL SERVE NOTICE

Counsel:

Thomas J. Boychan, Jr. (0040183P)
Assistant Prosecuting Attorney
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202

Richard Bohannon #374-617
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036



ENTERED &
SCANNED

JUN 1 0 2004

IMAGE 382

---

[3] State v. Clay (March 8, 1983), Hamilton App. No. C-820434, unreported.