

D61493210

# COURT OF APPEALS

## FIRST APPELLATE DISTRICT

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **STATE OF OHIO** | : | **NOS.  C-040415** |
| | | **C-990386** |
| Plaintiff-Appellee | : | |
| | | Trial Court Case No.  B-9808141(A) |
| vs. | : | |
| **RICHARD BOHANNON** | : | |
| Defendant-Appellant | : | |

---

### BRIEF OF PLAINTIFF-APPELLEE

---

FILED

2004 NOV 16 P 1:59

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

Michael K. Allen (0025214P)
Prosecuting Attorney

**Thomas J. Boychan, Jr. (0040183P)**
Assistant Prosecuting Attorney

230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3158
Fax No. (513) 946-3021

COUNSEL FOR PLAINTIFF-APPELLEE

**Richard Bohannon**
P.O. Box 5500
Chillicothe, Ohio 45601

DEFENDANT-APPELLANT, PRO SE

FILED
COURT OF APPEALS

NOV 1 6 2004

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY



## TABLE OF CONTENTS

**PAGE**

STATEMENT OF THE CASE ........................................... 1

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND
ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S PETITION FOR
POST CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY
HEARING ON APPELLANT CLAIM. ....................................... 2

ISSUE PRESENTED FOR REVIEW AND ARGUMENT

Where defendant has filed an untimely petition for post-conviction relief and fails to
establish either part of R.C. 2953.23(A) requirements, his request should fail. ........ 2

AUTHORITIES CITED:

R.C. 2953.21(A)(2) .............................................. 2
R.C. 2953.23(A) ................................................ 2
State v. Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413. ................... 3
State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 140. ................... 3

CONCLUSION ...................................................... 4

CERTIFICATE OF SERVICE ........................................... 4

i

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | NOS.  C-040415 |
|       Plaintiff-Appellee | : |         C-990386 |
| vs. | : | |
| RICHARD BOHANNON | : | <u>BRIEF OF PLAINTIFF-APPELLEE</u> |
|       Defendant-Appellant | : | |

## <u>STATEMENT OF THE CASE</u>

Defendant was found guilty of two counts of burglary and misuse of a credit card.  On May 21, 1999, defendant was sentenced to seven years incarceration for the burglary convictions and seventeen months incarceration for misuse of a credit card.  Defendant's convictions were upheld by this Court on March 1, 2000.

On April 5, 2004, defendant filed a petition to vacate or set aside judgment of conviction or sentence.  On July 29, 2004, defendant's petition was denied.  This appeal followed.

1

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON APPELLANT CLAIM.**

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT

**Where defendant has filed an untimely petition for post-conviction relief and fails to establish either part of R.C. 2953.23(A) requirements, his request should fail.**

### ARGUMENT

Defendant argues he should be resentenced. Defendant's argument should fail.

On April 5, 2004, defendant-petitioner filed a petition to vacate under R.C. 2953.21. This petition has been filed beyond the one hundred and eighty day time limit required by R.C. 2953.21.

R.C. 2953.21(A)(2) provides:

(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction and adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after expiration of the time for filing the appeal.

In addition, R.C. 2953.23(A) provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petition unless both of the following apply:

2

(1) Either of the following applies:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Defendant-petitioner has failed to demonstrate either part of the test from R.C. 2953.23(A).

The petition does not allege any new federal or state right. Rather, defendant argues newly discovered evidence, but fails to provide credible evidentiary documentation as required by State v. Pankey.[1] Defendant argues manifest weight of the evidence, ineffective assistance of counsel, and evidentiary issues, all claims that could have or were raised at trial, sentencing, or on direct appeal.

Accordingly, the doctrine of res judicata bars defendant-petitioner from raising these claims in his post-conviction proceeding.[2]

Also, the defendant-petitioner must demonstrate "clear and convincing evidence that but for the constitutional error at trial, no reasonable fact-finder would have found the defendant-petitioner guilty of the offense of which the defendant-petitioner was convicted." This showing can not be

---

[1] State v. Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413.

[2] State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 140.

3

made on the strength of this record. Thus, under R.C. 2553.23(A)(2), the petitioner has not made the required showing for this Court to consider the late petition.

## CONCLUSION

Appellee submits that the judgment below must be affirmed.

Respectfully,

Michael K. Allen, 0025214P
Prosecuting Attorney

Thomas J. Boychan, Jr., 0040183P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
Phone: 946-3158

Attorneys for Plaintiff-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a copy of the foregoing Brief of Plaintiff-Appellee, by United States mail, addressed to Richard Bohannon, Pro se, P.O. Box 5500, Chillicothe, Ohio 45601, this _11_ day of November, 2004.

Thomas J. Boychan, Jr., 0040183P
Assistant Prosecuting Attorney

4

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

### HAMILTON COUNTY, OHIO



ENTERED
MAR 2 3 2005
IMAGE 55

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-040415 |
|  |  | TRIAL NO. B-9808141-A |
| Respondent-Appellee, | : |  |
|  |  | *JUDGMENT ENTRY.* |
| vs. | : |  |
| RICHARD BOHANNON, | : |  |
| Petitioner-Appellant. | : |  |



D63032200

· This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).

Petitioner-appellant Richard Bohannon presents on appeal a single assignment of error, in which he contends that the common pleas court erred in dismissing his petition for postconviction relief without a hearing. We find no merit to this contention.

On May 21, 1999, the Hamilton County Common Pleas Court convicted Bohannon of receiving stolen property, misuse of a credit card, and two counts of burglary. This court affirmed the judgment of conviction, see *State v. Bohannon* (Mar. 1, 2000), 1st Dist. No. C-990386, and the Ohio Supreme Court denied Bohannon leave to file a delayed appeal.

Bohannon then filed in the United States District Court for the Southern District of Ohio a petition for a writ of habeas corpus. The district court stayed further proceedings on the petition until Bohannon had exhausted his state remedies on the petition's claim that the prosecution had failed to disclose in discovery exculpatory



## OHIO FIRST DISTRICT COURT OF APPEALS

Bohannon presented this claim to the common pleas court in his April 5, 2004, petition for postconviction relief. The common pleas court denied the petition, and this appeal ensued.

Bohannon failed to file his petition within the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy postconviction petition: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new and retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."

Bohannon did not base his postconviction claim upon a new constitutional right. And he failed to submit with his petition evidence demonstrating that he had been unavoidably prevented from discovering the facts upon which his claim depended. R.C. 2953.23(A) thus precluded the common pleas court from entertaining the petition. Therefore, we hold that the court properly denied the petition..

Accordingly, we overrule the sole assignment of error and affirm the judgment of the common pleas court.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

GORMAN, P.J., PAINTER and SUNDERMANN, JJ.

*To the Clerk:*

Enter upon the Journal of the Court on March 23, 2005
per order of the Court ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ .
⎯⎯⎯⎯⎯⎯ Presiding Judge



ENTERED
MAR 2 3 2005
IMAGE 56

2



D63282561

IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT OF OHIO
HAMILTON COUNTY, OHIO

STATE OF OHIO,

        Plaintiff-Appellee

v.

RICHARD BOHANNON,

        Defendant-Appellant.

Appeal Case No. C-**040915**

Trial Case No. B 9808141(A)

<u>MOTION TO RECONSIDER</u>

Pursuant to App. R. 26(A)

---

Now comes the Defendant-Appellant, Richard Bohannon, herein pro se, and who respectfully moves this Honorable Court to reconsider its decision in State v. Bohannon, C-990386. Appellant contends that this Court's decision is in error, and that this Court should reconsider the opinion pursuant to App. R. 26(A).

A Memorandum In Support attesting to this matter is attached.

FILED

2005 APR 11 P 2: 51

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

Respectfully Submitted,

*Richard Bohannon*

Richard Bohannon, #374-617
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, Ohio 45601

**FILED**
**COURT OF APPEALS**

APR 1 1 2005

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY



MEMORANDUM IN SUPPORT

It is in the interest of justice that Ohio law mandates an evidentiary hearing be had, when for good cause shown, a Petition for Post-Conviction Relief, pursuant to R.C. § 2953.21 is filed on constituitonal grounds. (See State v. Jackson (1980), 64 Ohio St. 2d 107, 413 N.E. 2d 819. I.d. at 110, 413 N.E. 2d at 822.) The constitution in its solicitude for the protection for the individual requires that judges, and their courts, be bound thereby its laws, and anything in laws of any State to the contrary, notwithstanding.

Substantive violations of rudimentary procedure designed to safeguard against oppressive, governmental practice, as guaranteed by both the Fourteenth Amendment Due Process and Equal Protection of the Law, is reversable error since it violates constitutional fairness of principle.

The Court of Appeals, First Appellate District of Ohio, Hamilton County, Ohio, considered Defendant-Appellant's appeal (No. C-990386), and affirmed trial court's conviction. It stated, "we hold that Bohannon's Confrontation Clause rights were violated...", but, "that the admission of the nontestifying accomplice's statement was harmless." However, an error is not harmless if it has substantial and injurious effect or influence in determining the jury's verdict. (See Brecht v. Abrahamson (1993), 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed. 2d 353; Gilliam v. Mitchell (6th Cir. 1999), 179 F. 3d 990, 994-95; O'Neil v. McAninch (1994), 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed 2d 947.)

The test for reconsideration generally applied is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for its consideration that was either not considered at all, or was not fully considered by the court when it should have been. In this case, the record clearly demonstrated substantive Sixth Amendment violations.

Trial court erred admitting co-defendant's taped statement, and a state's witness's trial deposition into evidence in violation of defendant's right to Due Process of law, and to confront witnesses against him, which rights are secured to him by the United States Constitution and the Ohio Constitution.

When trial court admitted statements which appellant had no opportunity for cross-examination, the appellant's constitutional rights to confront witnesses is twarted, in violation of the constitution Confrontation Clause, thus denying him due process, and the equal protection of the laws.

In the above-captioned case, trial court violated defendant's substantial rights over defense counsel's objection when it allowed taped testimonial statements and a trial deposition of non testifying witnesses into evidence against defendant's Sixth Amendment Confrontation rights when he had no prior opportunity for cross-examination. This violation and ensuing prejudice denied defendant-appellant of a fundamentally fair trial.

Criminal law 662.8, states specifically the Confrontation Clause providing that the accused has the right to confront and cross-examine witnesses against him, applies not only to in-court testimony, but also to out-of-court statements introduced at trial, regardless of admissability of statements under law of evidence. (U.S.C.A. Const. Amend. 6).

A defendant's right to confront and cross-examine witnesses against him under the Confrontation Clause applies to those who bear testimony against him, which is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact. Only indicium of reliability sufficient to satisfy constitutional demands is the one the U.S. Constitution actually prescribes, i.e., confrontation. U.S.C.A. Const. Amend. 6

Where testimonial statements are involvedframers did not mean to leave
the Sixth Amendment's protection to vagaries of the Rules of Evidence, much
less to amorfous notions of reliability. Admittance of statements deemed
reliable by any means other than face to face adversarial cross-examination
is fundamentally at odds with the right of confrontation. The Clause ensures
not only reliability of evidence, but how reliability can be determined, thus
testimonial statements can not be assumed reliable uncontested by the
adversarial process.

   Where testimonial evidence is at issue, Sixth Amendment demands what common
law requires, unavailability and prior opportunity to cross-examine witnesses
including at minimum, testimony at preliminary hearing, before grand jury
or at a former trial and statements elicited during police interrogations.
(Crim. Law 662.8, 662.9, 662.60, U.S.C.A. Const. Amend. 6). Out-of-court
statements that qualify as testimonial, and thus they are not admissable
under the Confrontation Clause.

   The framers would not have allowed admission of testimonial statements of
witnesses who did not appear at trial unless they were unavaiable to testify,
and the defendant had prior opportunity for cross-examination. The ultimate
goal of the Confrontation Clause is to ensure reliability of evidence in
that it commands, not that evidence be reliable, but that reliability be
assessed in a particular manner; i.e., by testing in crucible of cross-
examination. (Crim. Law 662.1, 662.7, U.S.C.A. Const. Amend. 6).

   Extrajudicial statements, such as depositions, are testimonial and not-
withstanding the death of the witness, and whatever the respectability of the

court taking the deposition, the solemnity of the occassion and the weight of the testimony, such depositions are ex parte, and therefore utterly incompetent. STATE -v- CAMPBELL, 1 RICH. 124, 1844 W.L. 2558 (S.C. 1844) Id. at 125. The principal evil at which the Sixth Amendment's Confrontation Clause was directed was the mode of criminal procedure, particularly the use of ex parte examinations, (the "thing", form or format notwithstanding) as evidence against the accused. The Clause's primary object is testimonial hearsay and interrogations by law enforcement officers fall squarely within that class. This case reveals the court's fundamental failure to interpret Constitution in a way that secures it's intended constraint on judicial discretion. The Constitution provides a prescribed procedure for determining the reliability of testimony in criminal trials, and courts that lack authority to replace it with one of their own devising. Out-of-court statements made by someone and not taken under oath, should not be considered substantive evidence upon which a conviction could be based.

Indeed, cross-examination is a tool used to flesh out the truth, not an empty procedure. (See KENTUCKY -v- STINCER, 482 U.S. 730, 737, 107 S.Ct. 2658, 96 L.Ed. 2d, 631 (1987). ("The right of confrontation, cross-examination protected by Clause, thus is essentially a 'functional' right designed to promote reliability in the truth finding functions of a criminal trial"). See also MARYLAND -v- CRAIG, 497 U.S. 836, 845, 110 S. Ct. 3157, 111 L. Ed. 2d 666 (1990).

In POINTER -v- TEXAS, the court held that this bedrock procedural guarantee applies to both federal and state prosecutions. (See POINTER -v-

TEXAS, 380 U.S. 400, 406, 85 S. Ct. 1065, 13 L. Ed 2d 923 (1965).

IN STATE -v- WEBB 2 N.C. 103 (1794) the court held, "It's a rule of common law, found on natural justice that no man shall be prejudiced by evidence which he had not the liberty to cross-examine". Id. at 204.

In this case, the defendant-appellant's substantial rights are prejudiced as trial court erroneously allows reading of taken deposition, and co-defendant's taped statements against defendant-appellant's confrontation rights over the objections of defense counsel (T.p. 292). Here, the jury had before it improper, inadmissable evidence. Evidence Rule 103 (c) specifically provides that proceedings be conducted so as to prevent inadmissable evidence from being suggested to the jury by any means. The trial court relies on the test made out under STATE -v- MADRIGAL (2000), 87 Ohio St. 3d 378, 386, 721 N.E. 2d 52, 62, overuling the holding in STATE -v- GILLIAM (1994), 70 Ohio St. 3d 17, 635 N.E. 2d 1242. "to overcome a violation of the Confrontation Clause, the statement must bear adequate indicia of reliability or be supported by a particularized guarantee of trustworthiness". Also, LILLY -v- VIRGINIA (1994), 527 U.S. 116, 119 S.Ct. 1887. To be sure, Sixth Amendment Confrontation Clause's ensurence is a procedural, rather than a substantive guarantee which commands, not that evidence be reliable, but that reliability be assessed in a particular manner; by testing in the crucible of cross-examination. The Clause reflects a judgment, not only about the desirability of reliable evidence, but about how reliability can be determine'

The unpardonable vice of MADRIGAL is it's demonstrated capacity to admit core testimonial statements and unsworn testimony that the Confrontation.. Clause plainly meant to exclude. Despite the plurality's speculation in

LILLY, 527 U.S. at 137, 119 S.Ct. 18887, that it was "highly unlikely" that accomplice statements implicating the accused could survive ROBERTS, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed 2d 597; courts continue routinely to admit them.

Statements in this cause are testimonial, further, trial court in it's enthusiasm, devised unique and wholly improper scheme establishing deposition for trial. Also, embarked a very unusual application introducing admissability of codefendant's taped statements. (T.p. 296-305). First, it erroneously rejects defense counsel's objection as to the hearsay that was done. Second, it instructs the jury, unconventionally, as to what is not being admitted as truth (concerning the taking of deposition by phone ( T.p. 305). And overall, trial court impedes defendant-appellant's rights to a fair trial, deeming unavailable a codefendant who appeared before the court yet introducing a taped statement he gave to an officer during an interrogation.

Here, the State's argument must fail. The prosecutor insisted "defendant voluntarily gave a statement to Officer Middendorf after being read his Miranda warnings, which placed him behind the wheel of the automobile which transported the codefendants to the crime scene". Officer Middendorf testified, "he (BOHANNON) stated he was just a gypsy cab driver, and that they (JOHNSON, SALAHUDDIN) were going to pay him $200.00 dollars tc take them up to Delhi". And that this statement is properly admissable as an Admission by Party-Opponent under Evid. R 801(d)(2). However, Redirect Examination of

Officer Middendorf made correction to the inaccurate misconception.When

questioned further,Middendorf stated it is not Bohannon's statement

"Abdullah's statement is the $200.00 statement,you're correct".

(T.P. 274)The Court of Appeals misinterprets transcript relying on the

assumption of allegations made on this case. More importantly, it becomes

more evident that the ensuing prejudice is demonstrated in the rationale

of the courts inherent attitude of presumption.Defendant-appellant is

wholly prejudice by the inadmissable,incompetent unfairness rendered

by the admission of co-defendent's statements,and trial deposition of

unavailable witnesses.This disadvantage is further witnessed as the Court

of Appeals erroneously states,"the police recovered stolen watches from

Bohannon's car".Additionally,witness testified that they recognized

Bohannon's coat,which had been worn by the accomplice who committed the

burglary.

When in fact,Officer Middendorf testified, "the watches were removed from

a codedefendent (CHARLES JOHNSON) by Officer Roberts,(T.p. 263),AS

Johnson steps out of the restuarant,and walks up to Delhi Pike".In fact,

witness (SISTER MENDEZ)testified,"the guy in our house had a black

jacket on when he was in our house". (T.p. 249). In fact, Mendez had not

seen Johnson wearing Bohannon's coat until they were in police custody.

(T.p. 249)

As to the misuse of credit card,though defendant-appellant's license

plate number was tied to the purchase of gasoline.NO evidence adduced

incriminatory to Bohannon, or identifying him as in possession of the

vehicle during these purchases. In fact,

(cont.)

a codefendant admitted to possessing the card, and to purchasing gasoline. Notwithstanding, nontestifying accomplice's statements tend to shift blame and are inherently unreliable. (See LILLY -v- VIRGINIA, 119 S.Ct 1887 (1999). MADRIGAL, supra.

A criminal verdict may not be based solely on the inference or presumption of guilt. (See TOT -v- GAINEY, 380 U.S. 63, 69 (1995) LEARY -v- U.S. 6, 52-53 (1969)

For a constitutional error(s) to be deemee harmless, it shall not have contributed to the verdict. (See CHAPMAN -v- CALIFORNIA, 386 U.S. 18, 22 (1967), quoting, FAHY -v- CONNECTICUT, 375 U.S. 85 (1963), "the question is whether there is a reasonable poss-ibility that the error complained of may have contributed to the conviction".

In the most recent United States Supreme Court decision under Sixth Amendment Confrontation, in CRAWFORD -v- WASHINGTON, U.S. S.Ct. CASE NO. 029410 (2004) aborgating OHIO -v- ROBERTS, 448 U.S 56, 100 S.Ct. 2531, 65 L.Ed. 2d 597; the courts decision returned to the Confrontation Clause's original meaning, in fact, re-establishing and reconfirming the framer's intent, admitting only those exceptions established at the time of the funding. (See MATTOX -v- UNITED STATES, 156 U.S. 237, 243; 15 S.Ct. 337, 39 L.Ed. 409¶ 1359-1367.

The instant case is a self-contained demonstration of inconsistent and unpredictable application of evidence rule. It

reveals failures to interpret the Constitution in a way that
secures it's intended constraint on judicial discretion. In
CRAWFORD -v- WASHINGTON, supra; the court reaffirmed that
"admissability depended on a prior opportunity for cross-
examination, rejecting the view that the Confrontation Clause
applies of it's own force only to in-court testimony, and that
it's application to out-of-court statements introduced at trial
depends upon "the law of evidence for the time being".
(See WIGMORE, 1397 at 101; accord, DUTTON -v- EVANS, 400 U.S.
74, 94, 91; S.Ct. 210, 27 L.Ed. 2d 213 (1970).

CRAWFORD, holds that leaving the regulation of out-of-court
statements to law of evidence would render the Confrontation
Clause powerless to prevent even the most flagrant inquisitorial
practices. That one of the "indispensible conditions" guaranteed
was that "prosecutions be carried on to the conviction of the
accused, by witnesses confronted by him, and subject to his
personal examination".

It is implausible that our system of justice which concededly
condemned trial by unsworn ex parte affidavit would deem
admissable that unsworn testimony of the codefendant is perfectly
acceptable here. There is scant evidence that any exceptions
were invoked to admit testimonial statements against the accused
in a criminal case, and doubtful that the original purpose of the

examination by law enforcement was to produce evidence admissable at trial. The central concern of the Confrontation Clause is to ensure the reliability of evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. MARYLAND -v- CRAIG 497 U.S. 836, 845; 110 S.Ct. 3157, 111 L.Ed. 2d 666 (1990). (See LILLY -v- VIRGINIA, supra. STATE -v- CLOWER, August 27, 1999 HAMILTON APP. NO. C 980682, unreported, regarding a non-testifyin' accomplice's statements being used against the accused when that accomplice does not testify.

Here, defense counsel objected to the playing of codefendant's taped statement for two reasons:  the first, "that would not give Mr. Bohannon the opportunity to cross-examine the person." (T.p. 301). Second, "the tape may identify Mr. Bohannon's name, and again, he loses the opportunity to cross-examine Mr. Salahuddin on the statement". (T.p. 301)

Here, defense counsel objected to first the taking of deposition (T.p. 292), and objected to the introduction of the document (T.p. 292); defense counsel then made this objection to the trial deposition for the reason, "Mr. Bohannon has a right to confront his accuser". (T.p. 292)

Crim. Law 662.8: Where testimonial evidence is at issue, the Sixth Amendment demands what common law requires, unavailability

and prior opportunity for cross-examination, regardless of admissability under the law of evidence. U.S.C.A. Const. Amend 6.

Out-of court statements that are testimonial are barred under the Confrontational Clause unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses regarless of whether such statements are deemed reliable by court. Crim. Law 662.60, U.S.C.A. Const. Amend. 6.

CONCLUSION

In closing, it should be noted and considered by this Court that after defendant-appellant filed a federal Writ for Habeas Corpus on July 16, 2001, this case was remanded to the Ohio courts for further proceedings to exhaust all State court remedies by the U.S. District Court, Southern District of Ohio, Western Division, through its Report and Recommendation mandated March 18, 2004; pursuant to 28 U.S.C. § 2254 (b)(1), (c) and Anderson v. Harless, 459 U.S. 4, 6 (1982).

The grounds for relief presented within said Writ for Habeas Corpus, as well as the assignments of error raised on defendant-appellant's direct appeal filed with this Court on _06 - 2 - 1999_, are further reasons defendant-appellant requests of this Court to grant this Motion To Reconsider.

Respectfully Submitted,

Richard Bohannon, #374-617
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, Ohio 45601

CERTIFICATE OF SERVICE

I, Richard Bohannon, do hereby certify that a true copy of this Motion To Reconsider was served by U.S./institutional mail to appellee, Thomas J. Boychan, Hamilton County Assistant Prosecutor, Hamilton County Prosecutor's Office, 230 E. Ninth Street, Suite 4000, Cincinnati, Ohio 45202 on this _(1)_ day of _April_, 2005.



D63567739

**IN THE COURT OF APPEALS**
**FIRST APPELLATE DISTRICT OF OHIO**
**HAMILTON COUNTY, OHIO**



ENTERED
APR 2 9 2005
IMAGE 21

STATE OF OHIO

      Appellee,

vs.

RICHARD BOHANNON

      Appellant.

APPEAL NO. C-040415
TRIAL NO.  B-9808141(A)

ENTRY OVERRULING MOTION
FOR RECONSIDERATION

      This cause came on to be considered upon the *pro se* motion of the appellant filed herein for reconsideration.

      The Court, upon consideration thereof, finds that the motion is not well taken and is hereby overruled.

**To The Clerk:**

**Enter upon the Journal of the Court on** APR 2 9 2005  **per order of the Court.**

By: _____        **(Copies sent to all counsel)**

      Presiding Judge Row