**IN THE COURT OF APPEALS**
**FIRST APPELLATE DISTRICT OF OHIO**
**HAMILTON COUNTY, OHIO**



D64590226

STATE OF OHIO,           :        Trial Case No. B-9808141(A)
     Appellee,         :
                  :        Appeal Case No. C-040415,
v.                       :                              C-990386

RICHARD BOHANNON,        :
     Appellant.        :        **C050589**

---

### MOTION FOR LEAVE TO APPEAL SENTENCE

---

Now comes the appellant, hereinafter pro se, who hereby respectfully request's of this honorable Court to grant this motion in accordance with R.C. § 2953.08(C).

Appellant claims, in the above-captioned case, that the sentence imposed is statutorily incorrect, and, upon review of this Court should be modified in the true interest of justice.

A Memorandum In Support of this motion is attached attesting to the proposed claims.

```
(ORIG.) COMP, PARTIES, SUMMONS
( ) CERT MAIL  ( ) SHERIFF  ( ) WAVE
( ) PROCESS SERVER    ( ) NONE
CLERKS FEES _____      (TIC)
SECURITY FOR COST _____
DEPOSITED BY _____
FILING CODE  A117
```

Respectfully Submitted,

*Richard Bohannon*
Mr. Richard Bohannon, #374-617
P.O. Box 5500
Chillicothe, Ohio 45601

M

## MEMORANDUM IN SUPPORT

After a trial by jury, appellant in the within cause was found guilty of the offenses of: BURGLARY, § 2911.12(A)(1)/ORCN,F2 (Count 1), MISUSE OF CREDIT CARD-EXP,REV, § 2913.21(B)(2)/ORCN, F5 (Count 2), BURGLARY, § 2911.12 (A)(1)/ORCN,F2 (Count 4), and RECIEVING STOLEN PROPERTY, § 2913.51(A)/ORCN, M1 (Count 9).

Appellant was sentenced as follows: COUNT 1, (7 years confinement,DRC); COUNT 2, (17 months confinement,DRC); COUNT 4, (7 years confinement,DRC); and COUNT 9, (6 months confinement,Ham.Co. Justice Center). The total stated term of imprisonment equals 15 years and 5 months, exceeding the maximum prison term allowed by division (A) for the most serious offense of R.C. § 2929.14(E)(4) pertaining to consecutive sentencing, and thus, appellant now seeks leave to appeal the sentence in this matter. **R.C. § 2953.08(C).**

Accordingly, the trial court in this cause did not give its "reasons" for selecting the sentences imposed as required by R.C. § 2929.19(B)(2)(c), and therefore, appellant request's this Court's review.

The verb "finds," as used in the statute governing consecutive sentences, means that the court must note that it engaged in the analysis called for by the statute. **R.C. § 2929.14(E)(4).**

In this case, the trial court did not engage in an analysis of the "reasons" for its imposition of the consecutive sentences in this cause. Therefore, appellant request's that this Court grant him leave to appeal the trial court's sentencing in this matter.

Finally, appellant's failure to timely perfect an appeal as of right to this Court is due, in part, to the ineffective assistance of appellate counsel's deficient and incompetent representation when appellate counsel failed to raise the issue s  regarding appellant's sentence on direct appeal,

2

which resulted in a miscarriage of justice that prejudiced appellant's rights to a fair and impartial review of said sentence to this Court. Thus, leaving the appellant with the burden to shift for himself as an unskilled layman at law to redress this matter.

The Sixth Amendment of the U.S. Constitution states, "In all criminal prosecutions, the accused shall enjoy the right to.............. have the Assistance of Counsel for his defence." **U.S.C.A. 6**

During the sentencing hearing, trial counsel for the appellant in this cause failed to object to the trial court's imposition of consecutive sentences that are contrary to Ohio's sentencing statutes, R.C. § 2929.14 (E)(4) and R.C. § 2929.19(B)(2)(c). **State v. Perkins**, **Cuyahoga App. No. 81547, 2003-Ohio-656, 2003 WL 303090**; **State v. Martin**, **136 Ohio App. 3d 355, 362, 736 N.E. 2d 907 1999** ; **State v. Williams**, **136 Ohio App. 3d 570, 737 N.E. 2d 139**; and **State v. Grider**, **144 Ohio App. 3d 323, 326-327, 760 N.E. 2d 40 2001** .

Moreover, appellate counsel failed to raise, either, ineffective assistance of trial counsel on direct appeal, or the statutorily incorrect sentence itself in accordance with R.C. § 2953.08(C), thus violating appellant's U.S. Constitutional Sixth Amendment rights. **State v. Comer**, **99 Ohio St. 3d 463, 2003-Ohio-4165.**

Competent, effective assistance of counsel is tantamount to an accused's rights pursuant to the Due Process Clause of the U.S. Constitution's Fourteenth Amendment, and in this case, these rights were violated against the true administration of justice.

3

## CONCLUSION

The statutory factors found by the trial court in determining the consecutive sentences imposed in this matter are not substantiated by any stated basis of reasoning for the sentences, and are unsupported by the record. R.C. § 2953.08(G)(1)(a).

As reflected in the trial court's sentencing transcript, appellant's consecutive sentences are disproportionate to the seriousness of the appellant's conduct, and to the danger the appellant posed to the public, in that, appellant was not implicated or identified in any of the habited buildings or structures, was not identified or found to be in possession of or misusing alleged credit card(s), nor was found to be in possession of any recieved stolen property. (See **APPENDIX EXHIBIT A**).

In **State v. Parker**, 144 Ohio App. 3d 334, 760 N.E. 2d 48, this Court stated, "the better practice is for the court to make some **statement** setting forth the thought process that went into the decision." The trial court in this case did not comply as such to this particular requirement, and appellant moves this Court to reverse the sentence, and remand this cause to the trial court for resentencing.

_Richard Bohannon_
Mr. Richard Bohannon, Appellant; pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Motion For Leave To Appeal Sentence was served by regular U.S./institutional mail upon the Hamilton County Prosecutor's Office, 230 E. Ninth Street, Suite 4000, Cincinnati, Ohio 45202 on this __28__ day of __June__, 2005.

4

## THE STATE OF OHIO, HAMILTON COUNTY
## COURT OF COMMON PLEAS

date: 05/21/99
code: GJEI
judge: 207

Entered
Date: 5-21-99
Image: 274

Judge: **STEVEN E MARTIN**

NO: **B 9808141-A**

### STATE OF OHIO
### VS.
### RICHARD BOHANON

### JUDGMENT ENTRY: SENTENCE:
### INCARCERATION

Defendant was present in open Court with Counsel **WILLIAM M WELSH** on the 21st day of May 1999 for sentence.

The court informed the defendant that, as the defendant well knew, **after defendant entering a plea of not guilty and    after trial by jury, the defendant has been found guilty** of the offense(s) of:

count 1: BURGLARY, 2911-12A1/ORCN,F2
count 2: MISUSE CREDIT CARD-EXP,REV, 2913-21B2/ORCN,F5
count 4: BURGLARY, 2911-12A1/ORCN,F2
count 9: RECEIVING STOLEN PROPERTY, 2913-51A/ORCN,M1
count 3: AGG BURGLARY W/SPECS, 2911-11A2/ORCN, ACQUITTAL
count 5: AGG BURGLARY W/SPECS, 2911-11A2/ORCN, DISMISSAL
count 6: BURGLARY, 2911-12A1/ORCN, DISMISSAL
SPECIFICATION TO COUNT 9, ACQUITTAL

The Court afforded defendant's counsel an opportunity to speak on behalf of the defendant. The Court addressed the defendant personally and asked if the defendant wished to make a statement in the defendant's behalf, or present any information in mitigation of punishment.

Defendant is sentenced to be imprisoned as follows:
count 1: CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS
count 2: CONFINEMENT: 17 Mos DEPARTMENT OF CORRECTIONS
count 4: CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS
count 9: CONFINEMENT: 6 Mos HAMILTON COUNTY JUSTICE CENTER
CONCURRENT WITH COUNTS 1, 2 & 4.

COUNTS 1, 2 & 4 ARE TO RUN CONSECUTIVE TO EACH OTHER. COUNT 9 TO RUN CONCURRENT. PAY COURT COSTS. CREDIT GIVEN FOR 191 DAYS.

Parent Case Id: 7954822

9                FOR PURPOSES OF APPEAL
                        SENTENCING

10                        - - -

11  APPEARANCES:

12        WILLIAM H. ANDERSON, ESQ.

13                On behalf of the State of Ohio.

14        WILLIAM M. WELSH, ESQ.

15                On behalf of the Defendant.

16

17

18                BE IT REMEMBERED that upon the Sentencing of

19  this cause, in the Hamilton County Court of Common Pleas,

20  before the Honorable Steven E. Martin, one of the said

21  judges of the said court, on the date herein, the

22  following proceedings were had, to wit:

23

24

25

                                                             400

1                MORNING SESSION, MAY 21, 1999

2                 · P R O C E E D I N G S

3                THE COURT:  Mr. Welsh, is there anything

4       you want to say on Mr. Bohannon's behalf before

5       sentence is passed?

6                MR. WELSH:  Briefly, Your Honor.

7                Your Honor is well aware of the facts

8       surrounding this case.  Mr. Bohannon, if any

9       mitigation does exist, has stated throughout the

10      trial of all of them, that he was just the driver.

11      He did not possess a firearm.  He did not go into

12        any of the buildings.  We would hope that would

13        carry some weight with the Court.

14               Is there anything you want to say?

15               THE COURT:  Anything you want to say,

16        Mr. Bohannon?

17               THE DEFENDANT:  Yes, Your Honor.  After

18        the trial yesterday I went back to my cell, I

19        thought about it.  Abdullah Salahuddon made a

20        terrible tape against me, and he took the Fifth

21        Amendment so we couldn't cross him.  And Charles

22        Johnson also took the Fifth Amendment, and both of

23        them made tapes that were evidence.  And I believe

24        that the tape that Charles Johnson made has

25        information on it that is favorable, and I would

401

1         like to have the tape played.  Because I intend to

2         appeal this case, and I wanted it in the records,

3         in the transcripts.  And I wanted it to be a part

4         of my trial.

5                MR. ANDERSON:  Judge, the tape

6         Mr. Johnson made was not played in this particular

7         trial.  However, it has been entered as evidence

8         and in the previous codefendant's that was also

9         convicted, in addition to this matter.

10               THE COURT:  It's not in evidence in this

11        case.  I am not going to be supplementing the

12        record at this point in time at all.  So, it just

13        isn't going to happen.  Just ain't going to

14        happen.  Both those individuals took the Fifth

15    yesterday.  Mr. Salahuddon's tape was played, I

16    know the jury considered it.  Is there anything

17    else you want to say?

18         THE DEFENDANT:  I know that this is a

19    hideous crime and somebody has to be punished.  I

20    regret I was involved in it in any form or

21    fashion.  And I thank you for giving me a chance

22    and lawyer to represent me.

23         THE COURT:  All right.  Mr. Welsh did an

24    outstanding job for you, based on what he had to

25    work with in this case.

402

1         THE DEFENDANT:  Yes, he did.

2         THE COURT:  Good.  All right.  Count One,

3    Burglary.  The sentence will be seven years in the

4    penitentiary.

5         Count Two, Misuse of Credit Card.

6    Sentence will be 17 months in the penitentiary.

7         Count Four, Burglary.  Sentence will be

8    seven years in the penitentiary.

9         Count Nine, Misdemeanor, Receiving Stolen

10    Property.  Sentence will be six months.  As a

11    matter of law, those months for the misdemeanor

12    will run concurrent with everything else.  The

13    sentences in Counts One, Two and Four shall run

14    consecutive to each count.

15         My understanding is, today you should

16    have credit for 191 days.  You receive,

17    Mr. Bohannon, credit for 191 days.  So, you have

18    got basically a sentence of 15 years and five

19    months less 191 days, and you pay the cost of the

20    Court.

21            MR. ANDERSON:  Thank you, Your Honor.

22            THE COURT:  You do have certain rights of

23    appeal, Mr. Bohannon.  You can appeal anything in

24    this case you want to.  If you can't afford an

25    attorney, one will be provided for you at no cost.


403

1    If you can't afford the paperwork for appeal; such

2    as transcripts of the trial or anything else, that

3    also will be provided for you at no cost.  Any

4    notice of appeal you file must be filed in 30 days

5    from today's date.  Do you understand that, sir?

6            THE DEFENDANT:  Yes.  I would like a

7    lawyer appointed for to me for appeal.

8            THE COURT:  I'm sure that won't be

9    Mr. Welsh, because he handled the trial.

10            MR. WELSH:  No, Your Honor.

11            THE COURT:  Jill, do you have a list

12    handy of the appellate, appointed appellate

13    lawyers?

14            MR. ANDERSON:  Mr. Johnson needs an

15    appellate lawyer, too, for that matter.

16            THE COURT:  Steve Wenke?

17            Okay.  On your appeal I'll appoint

18    Herbert Freeman.  Jill, Herb Freeman for his

19    appeal; and while we're at it, Amy Ferguson for

20    Johnson.

```
21              Okay.  Mr. Freeman.  We'll call
22         Mr. Freeman today.  We'll tell him you are up in
23         jail, hopefully, he can communicate with you here.
24         If not, he'll communicate with you, hopefully, in
25         the institution.  Okay?
```

404

```
1              THE DEFENDANT:  Thank you, Your Honor.
2              THE COURT:  Good luck.  Thank you.
3              (PROCEEDINGS CONCLUDED.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
```

late Procedure

**RULE 5. Appeals by Leave of Court in Criminal Cases**

**(A) Motion by defendant for delayed appeal.** After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

**(B) Motion by prosecution for leave to appeal.** When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.

**(C)(1) Motion by defendant for leave to appeal consecutive sentences pursuant to R.C. 2953.08(C).** When leave is sought from the court of appeals for leave to appeal consecutive sentences pursuant to R.C. 2953.08(C), a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the reason why the consecutive sentences exceed the maximum prison term allowed. The motion shall be accompanied by a copy of the judgment and order stating the sentences imposed and stating the offense of which movant was found guilty or to which movant pled guilty. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the notice of appeal and a copy of the motion to the clerk of the court of appeals who shall serve the notice of appeal and the motion upon the prosecuting attorney.

**(C)(2) Leave to appeal consecutive sentences incorporated into appeal as of right.**
When a criminal defendant has filed a notice of appeal pursuant to App.R. 4, the defendant may elect to incorporate in defendant's initial appellate brief an assignment of error pursuant to R.C. 2953.08(C), and this assignment of error shall be deemed to constitute a timely motion for leave to appeal pursuant to R.C. 2953.08(C).

LEXSEE

STATE OF OHIO, Plaintiff–appellee vs. GERALD TAYLOR, Defendant–appellant

NOS. 73342, 73343

COURT OF APPEALS OF OHIO, EIGHTH APPELLATE DISTRICT, CUYAHOGA
COUNTY

*1999 Ohio App. LEXIS 897*

March 11, 1999, Date of Announcement of Decision

**PRIOR HISTORY:**  [*1]

CHARACTER OF PROCEEDING: Criminal appeals from Common Pleas Court, Case Nos. CR–270661, 268652.

**DISPOSITION:**

JUDGMENT: Reversed and Remanded.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed a judgment from the Cuyahoga County Common Pleas Court (Ohio), which found that defendant was a sexual predator under the provisions of *Ohio Rev. Code Ann. § 2950.01(E)* after he was convicted of two counts of rape, one count of kidnapping, and one count of aggravated robbery, each with accompanying firearm specifications.

**OVERVIEW:** Defendant was convicted of two counts of rape, one count of kidnapping, and one count of aggravated robbery, each with accompanying firearm specifications. Six years later, the Ohio Department of Correction sent a sexual predator screening report to the trial court, which held a hearing on the matter and found defendant to be a sexual predator under *Ohio Rev. Code Ann. § 2950.01(E)*. The appellate court reversed the finding, holding that the evidence was insufficient, as a matter of law, to prove that defendant was likely to engage in sexually oriented offenses in the future. The record contained no presentence report, no transcript of any proceedings in the case, and no direct evidence of the facts underlying defendant's prior conviction. The sole document in the record supporting the trial court's finding was the sexual predator screening report. The appellate court remanded the action to the trial court for further consideration to substantiate its findings under the clear and convincing standard.

**OUTCOME:** The court reversed a judgment that found

defendant, who was convicted of rape, was a sexual predator where the evidence was insufficient, as a matter of law, to prove that defendant was likely to engage in future sexually oriented offenses. The court remanded the action to the trial court for further consideration to substantiate its findings under the clear and convincing standard.

**LexisNexis(R) Headnotes**

*Evidence > Procedural Considerations > Judicial Notice*
*Evidence > Criminal Evidence > Judicial Notice*
[HN1] When issues of law have been considered and rejected in prior cases, it is proper to summarily dispose of them when raised in a subsequent case.

*Criminal Law & Procedure > Postconviction Proceedings > Sex Offender Registration & Commitment*
[HN2] *Ohio Rev. Code Ann. § 2950.01(E)* provides that to be classified as a sexual predator, the person must (1) have been convicted of or pleaded guilty to committing a sexually oriented offense and (2) be likely to engage in the future in one or more sexually oriented offenses.

*Governments > Legislation > Effect & Operation > Prospective & Retrospective Operation*
*Criminal Law & Procedure > Postconviction Proceedings > Sex Offender Registration & Commitment*
[HN3] *Ohio Rev. Code Ann. § 2950.04(A)(1)* specifically applies the sexual predator registration requirements to offenders who are sentenced to prison terms "regardless of when the sexually oriented offense was committed."

**COUNSEL:**  For plaintiff-appellee:    WILLIAM MASON, Cuyahoga County Prosecutor, WILLIAM F.B. VODREY, LOUIS BRODNIK, Assistant Prosecuting Attorneys, Cleveland, Ohio.

For defendant-appellant:    JAMES A. DRAPER,

Cuyahoga County Public Defender, SCOTT ROGER HURLEY, Assistant Public Defender, Cleveland, Ohio.

**JUDGES:** DIANE KARPINSKI, PRESIDING JUDGE. TIMOTHY E. McMONAGLE, J., and JAMES D. SWEENEY, J., CONCUR.

**OPINIONBY:** DIANE KARPINSKI

**OPINION:**

JOURNAL ENTRY AND OPINION

KARPINSKI, P.J.:

In these consolidated appeals defendant-appellant challenges the trial court's finding that he is a sexual predator.

On August 8, 1991, defendant was indicted in Case No. CR-268652, on two counts of rape, one count of kidnaping, and one count of aggravated robbery, each with accompanying firearm specifications. n1 Before the crimes, the victim was trying to repair her stalled vehicle when defendant came onto the scene, brandished a firearm, and forced her into his apartment, where he vaginally raped her on two separate occasions. He also stole her vehicle. This court affirmed his jury [*2] convictions and sentence on direct appeal in *State v. Gerald Taylor, Jr., 1993 Ohio App. LEXIS 6057* (Dec. 16, 1993), Cuyahoga App. No. 62692, unreported, Motion No. 50980 for re-opening denied (May 23, 1994).

n1 A no bill was returned against defendant in the companion Case No. CR-270661.

On July 22, 1997, the Ohio Department of Correction, Mansfield Correction Institution, sent a sexual predator screening report to the trial judge who presided over defendant's trial. The report stated that a screening of information revealed that defendant may be a sexual predator under newly adopted H.B. 180, codified at R.C. Chapter 2950.

The report specified that, at the time of the offense, defendant used illegal drugs to impair the victim or prevent her resistance by forcing her at gunpoint to smoke crack cocaine prior to the initial rape. The report also summarized defendant's decade of eight prior convictions comprised of escalating offenses of theft and violence. Apart from his conviction for two counts of rape, however, he had no other [*3] convictions for crimes involving sexual misconduct.

The trial court notified the parties and scheduled a hearing on the matter. Prior to the hearing, defendant filed a "motion for bill of particulars," a "request for evidence notice," a motion to dismiss the H.B. 180 proceedings, and a motion for discovery and to examine exculpatory and mitigatory material. Defendant's motion to dismiss raised a number of constitutional challenges to H.B. 180.

Defendant appeared with appointed counsel at the hearing. The trial court denied the motion to dismiss and explained the nature of the proceedings. The prosecutor and trial judge discussed the background of the case. Defense counsel's only statement was to request that all motions be incorporated into the record. The trial court found defendant to be a sexual predator.

Defendant timely appeals, raising eleven assignments of error in these consolidated appeals. n2 With the exception of the third assignment of error, this Court rejected these identical arguments on the substantially identical brief filed by the same counsel in *State v. Ward, 1999 Ohio App. LEXIS 190* (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. n3

n2 Appeal No. 73343 is from Case No. CR-268652 in which defendant was convicted, whereas Appeal No. 73342 is from the no bill Case No. CR-270661.

[*4]

n3 In addition, the record shows that defendant never raised in the trial court his claims that H.B. 180 was unconstitutionally vague or constituted an impermissible bill of attainder. Thus, such claims are waived. *State v. Awan (1986), 22 Ohio St. 3d 120, 489 N.E.2d 277.*

It is well established that [HN1] when issues of law have been considered and rejected in prior cases, it is proper to summarily dispose of them when raised in a subsequent case. *See State v. Poindexter (1988), 36 Ohio St. 3d 1, 520 N.E.2d 568,* syllabus. As a result, we reject defendant's first, second, and fourth through tenth assignments of error for the reasons set forth in *Ward, supra.*

Defendant's third assignment of error challenges the sufficiency of the evidence to support the trial court's finding that he was a sexual predator, as follows:

THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."

This assignment is well taken.

Defendant contends that the record does [*5] not support the trial court's finding that he is a sexual predator. [HN2] *R.C. 2950.01(E)* provides that to be classified as a sexual predator, the person must (1) have "been convicted of or pleaded guilty to committing a sexually oriented offense" and (2) be "likely to engage in the future in one or more sexually oriented offenses." Defendant argues the record does not support this latter requirement. Under the circumstances, we are compelled to agree.

The Ohio Supreme Court reviewed the adequacy of the evidence to support a sexual predator finding in *State v. Cook (1998), 83 Ohio St. 3d 404, 700 N.E.2d 570.* The Court found that the defendant's "lengthy prior criminal history, drug and alcohol problems," and commission of three sexually oriented offenses against children within the span of three years supported a finding, by clear and convincing evidence, that defendant was "likely to engage in the future in one or more sexually oriented offenses." *Id. at 426.* The Supreme Court noted that the trial court's finding concerning defendant's likelihood of committing future sex offenses was supported by evidence contained in the guilty plea and sentencing hearings, a presentence investigation [*6] report, and a victim impact statement. *Id. at 424–425.*

The sexual predator hearing in the case at bar was more expedited so the record is less well developed and contains little concrete evidence. For example, unlike in *Cook,* the record in the case at bar contains no presentence report, no transcript of any proceedings in the case, and no direct evidence of the facts underlying his prior rape conviction. Nor are there any certified copies of defendant's prior convictions.

The sole document in the record supporting the trial court's finding is the sexual predator screening report. Frankly, the report contains a great deal of disturbing information. However, the author of the report is not identified, the document was not made under oath, and it does not identify the source of any information contained therein. Nor is there any information regarding defendant's behavior since his indictment in 1991. Cf. *State v. Bush (1984), 16 Ohio App. 3d 407, 409, 476 N.E.2d 692.* Under the circumstances, we believe that more evidence is required to find, under the clear and convincing standard, that defendant is likely to commit a sexually oriented offense in the future. As a result, we believe the matter [*7] should be remanded to the trial court, as in *Ward,* for further consideration to substantiate its findings. *1999 Ohio App. LEXIS 190* at *8–17.*

Accordingly, defendant's third assignment of error is

well taken.

Defendant's eleventh assignment of error challenges application of the registration requirements to him, as follows:

THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF *R.C. 2950.04,* WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.

This assignment lacks merit.

Defendant's remaining contention — that the trial court improperly imposed on him sexual predator registration requirements that became effective later — was also rejected by the Supreme Court in *State v. Cook, supra.* As noted in *Cook,* some provisions of H.B. 180, such as the *R.C. 2950.09* sexual offender classification scheme, became effective January 1, 1997, whereas other provisions, such as the *R.C. 2950.04* registration requirements, became effective six months thereafter on July 1, 1997. *83 Ohio St. 3d at 406.* However, the *Cook* Court applied both sets of requirements to a conviction for a sexually oriented offense that [*8] occurred before both effective dates.

[HN3] *R.C. 2950.04(A) (1)* specifically applies the sexual predator registration requirements to offenders who are sentenced to prison terms such as defendant in the case at bar, "regardless of when the sexually oriented offense was committed." *State v. Hooks, 1997 Ohio App. LEXIS 5685* (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported, upon which defendant relies is distinguishable for precisely this reason. Because the defendant in *Hooks* was not sentenced to a prison term, he did not qualify for registration under *R.C. 2950.04(A) (1).* Nor did he commit multiple sexual offenses, so he was not a habitual sexual offender to which registration applied under *R.C. 2950.04 (A) (3).*

Accordingly, defendant's eleventh assignment of error is overruled.

Judgment reversed and remanded.

This cause is reversed and remanded.

It is, therefore, ordered that appellant recover of appellee his costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

1999 Ohio App. LEXIS 897, *8

A certified copy of this entry shall constitute the mandate pursuant to *Rule 27 of the Rules of Appellate Procedure.*

TIMOTHY E. McMONAGLE, J., and
JAMES D. SWEENEY, J., [*9] CONCUR.

DIANE KARPINSKI

PRESIDING JUDGE

N.E. This entry is an announcement of the court's de-cision. See *App.R. 22(B)*, *22(D)* and *26(A)*; Loc.*App.R. 22.* This decision will be journalized and will become the judgment and order of the court pursuant to *App.R. 22(E)* unless a motion for reconsideration with supporting brief, per *App.R. 26(A)*, is filed within ten (10) days of the an-nouncement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per *App.R. 22(E).* See, also, *S. Ct. Prac.R. II*, Section 2(A) (1).

FILED
COURT OF APPEALS

AUG = 2 2005

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

**COURT OF APPEALS**

**FIRST APPELLATE DISTRICT**

**HAMILTON COUNTY, OHIO**



D64737798

STATE OF OHIO                 :        NO. C-050589

     Plaintiff-Appellee       :

vs.                           :        <u>**MOTION IN OPPOSITION FOR**</u>
                                       <u>**LEAVE TO APPEAL SENTENCE**</u>

RICHARD BOHANNON            :

     Defendant-Appellant      :

Defendant's motion for leave to appeal sentence should be denied.

<u>MEMORANDUM</u>

Defendant's conviction was affirmed by this Court on March 1, 2000 under case number C-990386. Defendant filed a motion for delayed appeal which was denied by this Court on July 29, 2004. Again, defendant has filed a motion for delayed appeal. It is submitted that the appellate rules do not provide for successive filings.

Defendant also argues his appellate counsel was ineffective for failing to raise sentencing errors. However, at the time of defendant's sentencing, the cases defendant refers to had not been decided. Additionally, retroactive applicability does not apply. *State v. Merriweather* (April 20, 2005), 1st Dist. Case No. C-030948. Finally, if defendant is arguing ineffective assistance of appellate counsel, a motion for reopening is the proper vehicle. Therefore, defendant's motion should be denied.

1.



Respectfully submitted,

Thomas J. Boychan, Jr., 0040183P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3158

## CERTIFICATE OF SERVICE

I hereby certify that on this __2__ day of August, 2005, I have enclosed a copy of the foregoing document to the defendant by posting same in the United States mail addressed to Richard Bohannon, Pro se, Inmate # 374-617, P.O. Box 5500, Chillicothe, Ohio 45601.

Thomas J. Boychan, Jr., 0040183P
Assistant Prosecuting Attorney

2.





D65022544

**IN THE COURT OF APPEALS**

**FIRST APPELLATE DISTRICT OF OHIO**

**HAMILTON COUNTY, OHIO**

STATE OF OHIO

        Appellee,

vs.

RICHARD BOHANNON

        Appellant.

APPEAL NO. C-050589
TRIAL NO.  B-9808141-A

ENTRY OVERRULING  MOTION
FOR LEAVE TO APPEAL

      This cause came on to be considered upon the *pro se* motion of the appellant filed herein for leave to appeal sentence and upon the response thereto.

      The Court, upon consideration thereof, finds that the motion is not well taken and is overruled as the appellant has already had an appeal as of right and this is a successive pleading.

      Further, all other pending motions are overruled as being moot.

**To The Clerk:**

**Enter upon the Journal of the Court on** ___AUG 2 5 2005___ **per order of the Court.**

**By:** _____

      **Acting Presiding Judge**

**(Copies sent to all counsel)**



IN THE SUPREME COURT OF OHIO

STATE OF OHIO,

      Appellee,

  vs.

RICHARD BOHANON,

      Appellant.

:

:

:

:

:

:

:

:

05-1899

On Appeal from the Hamilton
County Court of Appeals, First
Appellate District

Court of Appeals Case No.
C-050589

---

## NOTICE OF APPEAL OF APPELLANT RICHARD BOHANON

---

Joseph T. Deters (0012084)

Hamilton County Prosecutor

230 East Ninth Street

Suite 4000

Cincinnati, Ohio 45202

(513) 946-3000

Fax No. (513) 946-3021

**COUNSEL FOR APPELLEE, STATE OF OHIO**

OCT 07 2005

Richard Bohanon (#374-617)

Chillicothe Correctional Institution

P.O. Box 5500

Chillicothe, Ohio 45601

**COUNSEL FOR APPELLANT, RICHARD BOHANON; PRO SE**



Notice of Appeal of Appellant Richard Bohanon

Appellant Richard Bohanon hereby gives notice of appeal to the Supreme Court of Ohio from the judgment of the Hamilton County Court of Appeals, First Appellate District, entered in court of Appeals case no. C-050589 on August 25, 2005.

This case raises a substantial constitutional question and is one of public or great general interest.

Respectfully Submitted,

_Richard Bohanon_

Richard Bohanon (#374-617)
C.C.I.
P.O. Box 5500
Chillicothe, Ohio 45601

## Certificate of Service

I certify that a copy of this Notice of Appeal was sent by regular/institutional mail to counsel for appellee, Joseph T. Deters, Hamilton County Prosecutor, 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202 on _Sept 29 2005_, 2005.

_Richard Bohanon_

Richard Bohanon

**COUNSEL FOR APPELLANT,
RICHARD BOHANON**

## IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | On Appeal from the Hamilton County Court of Appeals, First Appellate District |
| Appellee, | : | |
| vs. | : | |
| | : | |
| RICHARD BOHANON, | : | |
| Appellant. | : | Court of Appeals Case No. C-050589 |

---

## MEMORANDUM IN SUPPORT OF JURISDICTION
## OF APPELLANT RICHARD BOHANON

---

Joseph T. Deters (0012084)
Hamilton County Prosecutor
230 East Ninth Street
Suite 4000
Cincinnati, Ohio 45202
(513) 946-3000
Fax No. (513) 946-3021

**COUNSEL FOR APPELLEE, STATE OF OHIO**

Richard Bohanon (#374-617)
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, Ohio 45601

**COUNSEL FOR APPELLANT, RICHARD BOHANON; PRO SE**

**TABLE OF CONTENTS**

                                                        Page(s)

EXPLANATION OF WHY THIS CASE IS A CASE
OF PUBLIC OR GREAT GENERAL INTEREST AND
INVOLVES A SUBSTANTIAL CONSTITUTIONAL
QUESTION                                                   1

STATEMENT OF THE CASE AND FACTS                            4

ARGUMENT IN SUPPORT OF PROPOSITIONS
OF LAW                                                     6

        Proposition of Law No. I: The Sixth
        Amendment requires that the factual
        findings necessary to impose con-
        secutive sentences must be proven
        to a jury beyond reasonable doubt,
        before such sentences can be imposed          6

        Proposition of Law No. II: The con-
        secutive sentence pertaining to MIS-
        USE OF CREDIT CARD-EXP., REV., R.C.
        § 2913.21(B)(2)/ORCN, F5, is con-
        trary to law ......................           10

CONCLUSION ............................               14

PROOF OF SERVICE ......................               15

APPENDIX                                          Appx. Page

        Judgment Entry of the Hamilton County
        Court of Appeals (Aug.25, 2005).....           1

## EXPLANATION OF WHY THIS A CASE OF PUBLIC OR GREAT GENERAL INTEREST AND INVOLVES A SUBSTANTIAL CONSTITUTIONAL QUESTION

This case involves issues involving substantial constitutional questions that are of public and great general interest. This case also involves issues important to the sentencing of criminal defendants. In this particular case, the trial court failed to properly make the "less serious" and "more serious" factors required by R.C. § 2929.12(B), (C), as well as the appropriate factors required by R.C. § 2929.14(E)(4). And as a result, the trial court imposed an extremely harsh consecutive sentence in this matter.

Had the trial court properly made the "less serious" factor that the Appellant **"didn't cause or expect to cause physical harm to persons or property,** and that the Appellant didn't **"cause harm that was great or unusual",** the trial court would have been guided with the discretion to consider the overriding purpose of the type of sentence imposed in this cause pursuant to R.C. § 2929.11; as well as the **"substantial mitigating grounds"** which exist in this case.

It was adduced at trial that the Appellant's alleged role in the commission of multiple offenses was merely as a driver of a motor vehicle, and for the trial court, as well as the appellate court, to infer in their judgments that the Appellant's intent was to harm anyone or anything are erroneous decisions that demand this Court's jurisdiction and review.

Accordingly, the trial court imposed a seventeen (17) month prison term upon the Appellant for a MISUSE OF CREDIT CARD~EXP., REV., R.C. § 2913.21(B)(2)/ORCN,F5 offense; a sentence that is absolutely contrary to Ohio law. As prescribed by R.C. § 2929.14(A)(5), "***** if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter *****, the court shall impose a definite prison term that shall be one of the following: **For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve months."**

1

In summation, the Appellant pursued appellate review of his sentence to the First Appellate District Court of Appeals by filing a motion for leave to appeal the sentence in accordance with R.C. § 2953.08(C), however, the State in opposition claimed that the Appellant's said pleading was a successive filing. Also, the State claimed in its opposition that the proper vehicle for the Appellant to address his pleading(s) should have been in a motion for reopening, pursuant to App. R. 26(B).

The Court of Appeals ultimately overruled the Appellant's motion for leave to appeal sentence, citing in its judgment entry that "the Appellant has already had an appeal as of right and this is a successive pleading." R.C. § 2953.08(C) specifically state's, "In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon tyhe filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true."

And R.C. § 2953.08(A)(4) concur's, "In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following

2

grounds: "\*\*\*\*\*\*    "\*\*\*\*\*\*    "\*\*\*\*\*\*. "The sentence is contrary to law."

Pursuant to Section 1, Article II, and Sections 1 and 3, Article IV of the Ohio Constitution, the First Appellate District Court of Appeals was allowed to review the Appellant's sentence. **State v. Wright**(1998), 126 **Ohio App. 3d 628, 710 N.E. 2d 1215.**

Thus, the Appellant now seeks jurisdiction and review from this Court in accordance with R.C. § 2953.08(G)(2)(b) which state's, "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce,or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its dis- cretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) "\*\*\*\* \*\*\*\* \*\*\*\*; (b) **That the sentence is otherwise contrary to law."**

Also, more importantly, **R.C. § 2953.08(H)** state's, "A judgment or final order of a court of appeals under this section may be appealed, by leave of court, to the supreme court."

Therefore, the Appellant requests this Court's discretion to allow jurisdiction to review the merits of this case as it is a matter that affects public society as a whole to the equal protection of the laws, and is of great general interest to the judicial process, respectfully.

3

## STATEMENT OF THE CASE AND FACTS

On November 20, 1998, the Appellant was indicted on multiple offenses of Aggravated Burglary, Burglary, Misuse of Credit Card, and Recieving Stolen Property in the State of Ohio, Hamilton County.

Subsequent to a trial by jury, the appellant was convicted of two (2) counts of burglary, one (1) count of misuse of credit cards, and one (1) count of recieving stolen property, with the remaining counts of the indictment dismissed and disposed of by acquittal.

The Appellant was then sentenced to a fifteen and one-half (15 1/2) years prison term for the convictions, and promptly exercised his right to a direct appeal to the First Appellate District Court of Appeals, Hamilton County, Ohio on June 2, 1999.

On March 1, 2000, the Court of Appeals affirmed the judgment of the trial court, and the Appellant subsequently filed a notice of appeal and motion for delayed appeal with the Ohio Supreme Court on May 26, 2000, which was summarily dismissed on July 12, 2000.

On July 16, 2001, the Appellant filed a petition for habeas corpus relief with the U.S. [Sixth Circuit] District Court, Southern District, Western Division, and that Court stayed the proceedings through its Report and Recommendation filed on March 18, 2004 until the Appellant exhausted all potential state remedies.

The Appellant then filed a petition to vacate or set aside the judgment of conviction or sentence with the trial court on April 5, 2004, and the Court summarily denied the pleading on June 10, 2004.

4

The Appellant then filed a notice of appeal and motion for leave to file a delayed appeal with the First Appellate District Court of Appeals on July 1, 2004, which was subsequently over-ruled on July 29, 2004.

The Appellant concurrently filed a notice of appeal and motion for delayed appeal on July 1, 2004, and was granted this motion by the Court of Appeals on September 7, 2004. Subsequent to a hearing on the merits, the Court of Appeals dismissed the appeal on March 23, 2005.

On or about April 2, 2005, the Appellant filed a motion for reconsideration with the First Appellate District Court of Appeals, and the motion was overruled on April 29, 2005.

Also, the Appellant filed a notice of appeal and memorandum in support of jurisdiction to this Court on April 29, 2005, and this Court dismissed the Appellant's cause on August 10, 2005.

On or about June 16, 2005, the Appellant then filed a motion for leave to appeal sentence in the First Appellate District Court of Appeals, pursuant to R.C. § 2953.08(C). And, on August, 25, 2005, that Court overruled Appellant's motion in its judgment entry.

Thus, this appeal follows.

## ARGUMENT IN SUPPORT OF PROPOSITIONS OF LAW

**Proposition of Law No. I:** The Sixth Amendment requires that the factual findings necessary to impose consecutive sentences must me proven to a jury beyond a reasonable doubt before such sentences can be imposed.

Before a court can impose consecutive sentences certain factual findings must be made pursuant to R.C. § 2929.14(E)(4). But the First District Court of Appeals has held that the "Blakely v. Washington restrictions do not apply to the imposition of consecutive sentences for multiple crimes." See **State v. Montgomery**, 159 Ohio App. 3d 752, 2005-Ohio-1018, 825 N.E. 2d 250.

Such a conclusion is not based upon sound reasoning. If only a jury can make the factual findings necessary to impose maximum sentences, then it follows only a jury can make the factual determinations necessary to impose consecutive sentences.

In the instant case, no law enforcement officers witnesses the alleged offenses. The lone independent witness at the scene of the Mt. St. Joseph burglary never saw Appellant Bohannon on the premise of the burglarized location; in fact, the lone witness testified at the trial of one of the Appellant's co-defendants, Johnson, that she could not identify the driver of the supposed getaway car. Then at the Appellant's trial, which was subsequent to co-defendant Johnson's trial, this lone witness contradicted her earlier testimony by testifying she did see the Appellant in the driver seat of the so-called getaway vehicle. She committed perjury and she refused to testify any further when defense counsel pointed out her contradictory testimonies.

Further, there was never a description of the driver of the so-called escape vehicle and there was never a police lineup assembled by

6

law enforcement for this lone witness to identify the car driver. The critical witnesses needed to link the Appellant as a **"complicitor"** to the primary offenses were his alleged former co-defendants.

Also, with respect to the MISUSE OF CREDIT CARD-EXP., REV. R.C. § 2913.21(B)(2)/ORCN, F5 offense and the RECEIVING STOLEN PROPERTY, R.C. § 2913.51(A)/ORCN, M1 offense, there was absolutely no evidence whatsoever adduced at trial that the Appellant committed these particular offenses either. Unfortunately, each of the Appellant's former co-defendants declined to testify when called as prosecution witnesses, citing their right against self-incrimination, thus establishing a foundation for the potential admission of hearsay in the form of prior written and or recorded statements given to law enforcement agents.

The perils of "across the board" admission of hearsay under unreliable circumstances can creat a danger to the truth-seeking process. And, in the instant case, co-defendant Salahuddin was called to testify and when asked a few questions by the trial judge and when Salahuddin's attorney was unavailable...Salahuddin state (in full context):

WELSH, APPELLANT COUNSEL: "Do you want to testify on behalf of Mr. Bohannon?"
CO-DEFENDANT SALAHUDDIN: "Concerning what? He (Appellant) didn't have nothing to do with nothing." (T.p. 297)

So the jury never heard co-defendant Salahuddin's retraction that Appellant Bohannon had "...nothing to do with..." the burglary and misuse of credit cards. Co-defendant Salahuddin's response is a recantation of his statement he made to law enforcement when arrested. However, the trial judge in Appellant Bohannon's case barred and prohibited the jury from hearing Salahuddin's statement which cllears and

7

exonerates the Appellant of criminal conduct.

This begs a fundamental question which pertains to fairness: why did the trial judge allow testimony of co-defendants Salahuddin and Johnson with the jury absent from the courtroom? In fact, the trial judge went so far as to urge courtroom employees under his control and direction to phone co-defendant Johnson's attorney to suggest and persuade Johnson's attorney to instruct Johnson to plead the Fifth Amendment at Appellant Bohannon's trial. And that is what Johnson did, in fact, do. So the jury never heard any of co-defendant Johnson's taped statement to St. Bernard Police in which Johnson exonerates Appellant Bohannon of any participation in his and Salahuddin's crimes. The trial court allowed the jury to only hear co-defendant Salahuddin's taped statement to police which incriminates Appellant Bohannon and shifts blame for the burglaries to Appellant but disallowed the jury from hearing Salahuddin's statement which exonerates Appellant. In essence in Salahuddin's taped statement he said it was he who pumped the gas with the credit cards and _then_ gave them to the Appellant and Appellant, according to Salahuddin's taped statement, took two unknown and never identified and never arrested females on a shopping spree in **Kentucky** using the credit cards while Salahuddin sat waiting in the car. However, again, law enforcement never apprehended, never identified the two so-called unknown females. And the trial judge in Appellant's case prevented Appellant from crossexamining co-defendant Salahuddin. But, yet, the trial judge convicted Appellant of complicity or aiding and abetting on Salahuddin's taped statement even though the state did not establish sufficient proof.

In this case, the trier of fact, the jury that is, had no choice

8

but to direct the verdict contrary to the Appellant's absolute right to procedural due process of the law since the only evidence adduced at trial tending to show the Appellant's guilt as an **"aider and abettor"** were the out-of-court statements of the two co-defendants.

R.C. § 2923.03, COMPLICITY, provides in pertinent part:

1. Solicit or procure another to commit the offense;

2. Aid or abet another to commit the offense;

3. Conspire with anotherto commit the offense in violation of Section 2923.01 of the Revised Code;

4. Cause an innocent or irresponsible person to commit the offense.

The Appellant's presence at the scene of the offenses could not be considered **"proof"** that he aided or abetted the offense, solicited another to commit the offenses, nor cause an innocent or irresponsible person to commit the offenses. Therefore, the sentencing factors found by the trial court, pursuant to R.C. § 2929.11 and R.C. § 2929.14 (E)(4), do not support the record; thus establishing the Appellant's innocence beyond reasonable doubt before the jury.

Additionally, the Appellant's mere association with the principal offenders, co-defendants Johnson and Salahuddin, is not enough to prove complicity. **State v. Mootispaw** (1996), 110 Ohio App. 3d 566, 570. The Appellant must have had some level of active participation by way of providing encouragement. **State v. Nievas** 1997), 121 Ohio App. 3d 451, 456; **State v. Sims** (1983), 10 Ohio App. 3d 56, 58.

While the Appellant clearly acted in a gullible manner by trans-porting his co-defendants around town simply in exchange for "cab fare", he did **not** support, assist, encourage, cooperate with, advise or incite the co-defendants in the commission of the offenses. In

9

fact, at the time of the burglaries, co-defendants Johnson and Sala-
huddin were wanted by law enforcement for burglaries they had commit-
ted in September 1998. That is significant in that Appellant Bohannon
was neither connected nor implicated in those burglaries; just as he
had no complicity in and did not aid or abet Johnson and Salahuddin in
the November 1998 burglaries.

The evidence at trial does not suggest that the Appellant knew
what his co-defendants were planning to do when the offenses were
committed. Since the evidence at trial did not support a finding that
the Appellant was an aider or abettor, the trial court erred in sen-
tencing the Appellant to consecutive sentences. Furthermore, it is
clear that but for the trial court's error's, the outcome of the
sentencing would have been different since the jury acquitted the
Appellant on other related offenses.

Also, the trial court granted a severance of the trials of all
defendants yet each case appeared before the same judge with the same
prosecutor;that was highly prejudicial to Appellant Bohannon because
his trial was the last of all the defendants. This was tantamount to
stacking the deck and dealing from the bottom.

Not overlooking the fact the trial court allowed the prosecution
to amend Appellant's indictment, adding the charge of aiding and abet-
ting, right after opening statements concluded. That act of adding a
new charge during the trial made it impossible for defendant to pre-
pare a new defense at trial.

**Proposition of Law No. II:** The consecutive sentence pertaining to
**MISUSE OF CREDIT CARD-EXP., REV., R.C. § 2913.21 B 2/ORCN, F5, is con-**
trary to law.

On November 9, 1995, Senate Bill 2, the 1995/1996 Criminal

10

Sentencing Act, became effective. This Act substantially affected the areas of Victims' Rights, **Sentencing Practices**, Rehabiliation, Correction and Parole, Drug Laws, and Reclassification of Offenses. The provisions of the bill only apply to offenses committed **subsequent to** July 1, 1996. Prior law continues to apply to all offenses committed **prior to** July 1, 1996, regardless of when the crime is discovered or the culprit apprehended. This resulted in crimes having different penalties or elements depending on when the crime was committed. **Pages Ohio Revised Code Annotated, Title 29: Crimes - Procedure.**

As mentioned before, R.C. § 2929.14 A 5 states, "...if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter..., the court shall impose a definite prison term that shall be one or the following: 5) **For a felony of the fifth degree the prison term shall be six, seven, eight, nine, ten, eleven, twelve months." Not seventeen months.**

Because the Appellant does not struggle with this obvious error in sentencing, it must be reiterated that, "Even if the trial court's **'findings'**, that imposing consecutive sentences for defendant-Appellant's offenses was necessary to protect the public from future and to punish the offender, could be considered as satisfying the statutory requirement of setting forth the **'reasons'** for imposing consecutive sentences, the better practice was for the trial court to make some **'statement'** setting forth the thought process that went into the decision. **R.C. §2929.14 E 4 c; § 2929.19 B 2 c.**

In **State v. Parker** 2001), 144 Ohio App. 3d 334, 760 N.E. 2d 48, the Eighth District court of Appeals reasoned, "There is a substantive

11

difference between the **findings** supporting a maximum] term and the court's **reasons** for making those findings. ¶ 2 of Syllabus; See also, State v. Berry (March 9, 2000), Cuyahoga App. Nos. 75470 and 74571, unreported, 2000 WL 263733.

However, a brief review of the record shows there was no witness to the burglary at Roger Bacon School in St. Bernard. And the principal offender, co-defendant Johnson, in this burglary stated his burglarizing of the school was not planned, was not premeditated but was a spur of the moment, happenstance crime and Appellant Bohannon neither aided nor abetted in the commission of this crime. Co-defendant Johnson's statement which exonerates Appellant Bohannon of any and all involvement in the Roger Bacon burglary was made on tape to St. Bernard Police. This taped statement would have cleared Appellant at his own trial but the trial judge allowed co-defendant Johnson to plead the Fifth Amendment while the jury was absent from the courtroom.

Because of these fundamentally and inherently unfair practices Appellant Bohannon received eight years and seven months on the first burglary, the one at Roger Bacon. On the second burglary the prosecutor claimed that law enforcement seized stolen jewelry from Appellant Bohannon's vehicle when, in fact, the record explicitly shows law enforcement seized that jewelry from the principal offender's, Johnson's, person.

The prosecution also claimed co-defendant Johnson committed the burglary at Mt. St. Joseph's while wearing Appellant Bohannon's coat and the prosecution claimed Appellant Bohannon confessed his involvement in the burglaries. However, no facts of the case and no facts of law enforcement's investigation support such claims.

12

During Appellant's sentencing the trial court should have indicated that if considered the seriousness of the factors set forth in R.C. § 2929.12 B, C and that consideration of those factors provided the **reasons** for imposing consecutive sentences. R.C. § 2929.19(B)(2)(c).

However, the trial court gave no stated basis of reasoning for imposing the consecutive sentence at the sentencing hearing except to merely recite the counts of the indictment for which the Appellant was convicted, and to name the offense with an adjoining prison term to be served.

In **State v. Edmonson** (1999), 86 Ohio St. 3d 324, 715 N.E. 2d 131, ¶ 3,4 of the Syllabus, this Court stated, "...the court also fails to provide the necessary **finding that gives its reasons**." R.C. § 2929.19(B)(2)(d).

But, despite the statutory factors and provisions required to be considered by the sentencing court before imposition of a prison term upon an offender, there is absolutely no such provision for the imposition of a seventeen month prison term to be served for a felony of the fifth degree, according to Ohio law.

In **State v. Albert** (Ohio App. Ct. 1997), 124 Ohio App. 3d 224, 705 N.E. 2d 1274, the Eighth District Court of Appeals held that the trial court failed to comply with the sentencing guidelines for imposition of consecutive sentences by only reciting the police report.

In the case at bar, the trial court, at the sentencing hearing and in the felony sentencing findings, relied on several factors under the sentencing guidelines. However, there were several impermissible findings by the trial court that were not submitted to the jury and were proved beyond a reasonable doubt. Therefore, the trial court

13

erred in making findings that were not submitted to a jury and proven beyond a reasonable doubt. The sentencing procedure was unconstitutional as it did not comply with the Sixth Amendment fo the U.S. Constitution and Article I, Sections 5 and 10 of the Ohio Constitution.

In **Pinkney v. United States**, 380 F. 2d 882 (5th Cir. 1967), this Court determined that, "the mere presence at the scene of a crime is **not** sufficient to establish that the defendant committed any crime." And when the State introduced a motion for a proposed jury instruction before the trial court, which stated, "... 2) While in this State, the person conspires or attempts to commit, guilty of complicity in the commission of an offense under both the laws of this State and the other jurisdiction" the trial court committed plain error in allowing the instruction to be presented to the jury simply because the defendant-Appellant was present and acquiesced. **United States v. Sutherland**, 463 F. 2d 641 (5th Cir. 1972).

## CONCLUSION

____ For the reasons discussed within, this case involes matters of public and great general interest and a substantial constitutional question. The Appellant requests that this Court accept jurisdiction in this case so that the important issues presented will be reviewed on the merits.

Respectfully submitted,

Richard Bohannon, Pro se counsel

_Richard Bohannon_

Richard Bohannon
**COUNSEL FOR APPELLANT,
RICHARD BOHANNON**

14

## CERTIFICATE OF SERVICE

I certify that a copy of this Memorandum in Support of Jurisdiction was sent by ordinary U.S./institutional mail to counsel for appellees, Joseph T. Deters, Hamilton County Prosecutor, 230 E. Ninth Street, Suite 4000, Cincinnati, Ohio 45202 on _Sept 29, 2005_, 2005.

_Richard Bohanon_
Richard Bohanon

**COUNSEL FOR APPELLANT,
RICHARD BOHANON**

15

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

STATE OF OHIO

        Appellee,

vs.

RICHARD BOHANNON

        Appellant.

APPEAL NO. C-050589
TRIAL NO.  B-9808141-A

ENTRY OVERRULING  MOTION
FOR LEAVE TO APPEAL

This cause came on to be considered upon the *pro se* motion of the appellant filed herein for leave to appeal sentence and upon the response thereto.

The Court, upon consideration thereof, finds that the motion is not well taken and is overruled as the appellant has already had an appeal as of right and this is a successive pleading.

Further, all other pending motions are overruled as being moot.

**To The Clerk:**

**Enter upon the Journal of the Court on** ___AUG 2 5 2005___ **per order of the Court.**

**By:** _____    **(Copies sent to all counsel)**
         **Acting Presiding Judge**