# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Richard Bohannon,
    Petitioner

      vs.                                Case No. 1:01cv463
                                        (Spiegel, S.J.; Hogan, M.J.)

Tim Brunsman,
    Respondent

---

## REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 16, 2004, upon initial review of the petition and respondent's return of writ (Docs. 1, 3), the Court rejected the argument asserted by respondent in the return of writ that the petition is time-barred under the applicable statute of limitations set forth in 28 U.S.C. § 2244(d), and instead stayed and administratively terminated the case on the Court's active docket pending petitioner's exhaustion of state post-conviction remedies. (*See* Docs. 11, 12, 13). The instant matter was reopened on March 1, 2006 when the Court granted petitioner's motion to reopen the case and ordered respondent to file a supplemental return of writ presenting any additional arguments and supplementing the record with any additional state court documents pertaining to and arising from the now fully exhausted state court remedies pursued by petitioner. (*See* Doc . 15).

Respondent filed the supplemental return of writ as ordered on March 14, 2006. Therefore, it appears at this juncture that the matter is ripe for final adjudication. Pending before the Court for consideration is the petition (Doc. 1), respondent's return of writ and supplemental return of writ with accompanying exhibits (Docs. 3, 16), and

the transcript of the state criminal trial proceedings (Doc. 6).

## Procedural Background

On November 20, 1998, petitioner and two co-defendants were indicted by the Hamilton County, Ohio, grand jury on three counts of burglary as defined in Ohio Rev. Code § 2911.12(A)(1) (Counts 1, 4, 6); one count of misuse of credit cards as defined in Ohio Rev. Code § 2913.21(B)(2) (Count 2); two counts of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(2) with specifications (Counts 3, 5); and one count of receiving stolen property as defined in Ohio Rev. Code § 2913.51(A) with specifications (Count 9). (Doc. 3, Ex. 6).[1] After a jury trial, petitioner was found guilty of two burglary charges (Counts 1, 4), the misuse of credit card charge (Count 2), and the receiving stolen property charge (Count 9). (*See id.,* Ex. 1). On May 21, 1999, the trial court sentenced petitioner to terms of imprisonment totaling fifteen (15) years and 5 (5) months for these crimes. (*See id.*).

With the assistance of counsel, petitioner filed a direct appeal to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

**First Assignment Of Error:** The trial court erred to the prejudice of the defendant-appellant in that it convicted him largely due to the admission of hearsay testimony of multiple codefendants.

**Second Assignment Of Error:** The trial court erred to the prejudice of the defendant-appellant in that it allowed appellant to be represented ineffectively by trial counsel.

**Third Assignment of Error:** The trial court erred to the prejudice of the defendant-appellant in that it convicted him based upon insufficient evidence, and in that it convicted him against the manifest weight of the evidence.

(*Id.*, Ex. 5). On March 1, 2000, the Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 2).

---

[1]One of the co-defendants was indicted on two further charges of carrying a concealed weapon in violation of Ohio Rev. Code § 2923.12(A) (Count 7) and having a weapon while under disability in violation of Ohio Rev. Code § 2923.13(A)(2) (Count 8). (Doc. 3, Ex. 6).

Proceeding *pro se*, petitioner filed a motion for leave to file a delayed appeal with the Ohio Supreme Court. (Doc. 16, Ex. A). In an attached affidavit, he claimed as "cause" for his delay in filing that he had inadvertently erred by mailing his "notice of appeal with memorandum in support of claimed jurisdiction to the Hamilton County, Ohio Court of Appeals." (*Id.*). Moreover, in his memorandum in support of jurisdiction, he asserted two propositions of law:

> 1. The trial court's allowance of the two co-defendant's prior out-of-court statements against appellant without appellant having the opp[or]tunity to confront and cross-examine the witnesses denied appellant of his absolute right to confrontation & cross-examination as gu[a]ranteed by the Sixth & Fourteenth Amendments to the U.S. Constitution.

> 2. Appellant was de[p]rived of the effective assistance of counsel at trial & on direct appeal wh[e]re counsel failed to recog[]nize, argue and brief the fact that the indictment is insufficient as a matter of law and that appellant was sentenced for allied offenses of similar import.

(Doc. 3, Ex. 3, pp. 2, 5). On July 12, 2000, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal without opinion. (*Id.*, Ex. 4).

On July 16, 2001, petitioner filed the instant petition for writ of habeas corpus alleging four grounds for relief:

**Ground One:** Newly discovered evidence.

**Supporting Facts:** Prosecution with[h]eld a tape recording statement made by my co-defend[a]nt that would have exonerated the petitioner[.] This was not discovered until after the petitioner was convicted , and all appeals were filed.

**Ground Two:** The trial court err[ed] when it allowed hearsay testimony of multiple codefendants.

**Supporting Facts:** The trial court allowed written statements to be used against the petitioner, when the State[']s witness[es] took the Fifth and

cited their rights against self-incrimi[]nation.

**Ground Three:**  Ineffective assistance of counsel.

**Supporting Facts:**  Counsel failed to investigate or call any witness to prove the Sta[te's] witness[es] were not telling the truth[,] denying the petitioner his [rights guaranteed by the] 6th and 14th Amendment[s] to the U.S. Constitution.

**Ground Four:**  The trial court erred when it allowed the petitioner to be convicted when the evidence was against the manifest weight of the evidence.

**Supporting Facts:**  The trial court overruled petitioner[']s motion, Rule 29, when the evidence did not support a finding of guilt.

(Doc. 1, pp. 5-6).

In response to the petition, respondent filed a return of writ arguing that the petition was time-barred under 28 U.S.C. § 2244(d), and that in any event, without waiving "any exhaustion claim that this Court may find applicable," petitioner had waived the claims alleged in Grounds One, Three and Four due to his procedural defaults in the state courts.  (Doc. 3, Brief, pp. 4-13).  As discussed above, *see supra* p. 1, upon initial review of the case, the Court rejected respondent's statute of limitations defense and stayed the case so that petitioner could exhaust state post-conviction remedies.[2]

On April 5, 2004, pursuant to the Court's order staying the case for exhaustion purposes, petitioner filed a petition for post-conviction relief based on "newly discovered evidence" with the Hamilton County Common Pleas Court.  (Doc. 16, Ex. B).  In the petition, petitioner alleged that the prosecutor improperly withheld material exculpatory evidence in the form of a co-defendant's taped statements, which petitioner claims exonerated him "of any involvement and/or complicity to the case at hand."  (*Id.*).

---

[2]In the supplemental return of writ, respondent concedes that petitioner's habeas corpus petition is not time-barred based on the Sixth Circuit's decision in *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004).  (Doc. 16, Brief, p. 10).

4

On June 10, 2004, the Common Pleas Court issued findings of fact, conclusions of law and entry denying the petitioner's petition for post-conviction relief. (*Id.,* Ex. E). The court found that petitioner's claim was "based on matters in the record" and concluded that (1) the claim was barred from review on *res judicata* grounds because it "could have been raised at trial, sentence, or on appeal;" (2) petitioner had not supported his claim with evidentiary materials as required by *State v. Pankey,* 428 N.E.2d 413 (Ohio 1981); and (3) the claim "based on newly discovered evidence [was] not justifiable in a post conviction action." (*Id.*).

Petitioner appealed to the Ohio Court of Appeals, First Appellate District, arguing that "the trial court erred to the prejudice of appellant and abused its discretion by dismissing appellant's petition for post-conviction relief without an evidentiary hearing on appellant's claims." (*Id.,* Ex. F, p. 6). On March 23, 2005, the Ohio Court of Appeals overruled this assignment of error and affirmed the trial court's judgment, reasoning as follows:

> Bohannon failed to file his petition within the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy postconviction petition: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new and retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ***."
>
> Bohannon did not base his postconviction claim upon a new constitutional right. And he failed to submit with his petition evidence demonstrating that he had been unavoidably prevented from discovering the facts upon which his claim depended. R.C. 2953.23(A) thus precluded the common pleas court from entertaining the petition. . . .

(*Id.,* Ex. H).

Petitioner filed a motion to reconsider, which was denied by the Ohio Court of Appeals on April 21, 2005. (*Id.,* Exs. I, J). He also sought leave to appeal to the Ohio

Supreme Court, arguing as the sole proposition of law in his memorandum in support of jurisdiction that the "[t]rial court erred admitting co-defendant's taped statement and a state witness's trial deposition and testimonial evidence which Appellant had no opportunity for cross-examination, in violation of Defendant's right to due process of law, to confront witnesses against him, which rights are secured to him by the United States Constitution and Ohio Constitution." (*Id.,* Ex. K). On August 10, 2005, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. L).

Apparently during the pendency of his post-conviction petition in the state courts, petitioner also filed a "motion for leave to appeal sentence" with the Ohio Court of Appeals, First Appellate District, challenging the imposition of consecutive sentences and arguing that his appellate counsel was ineffective in failing to raise such a claim on direct appeal. (*Id.,* Ex. M). On August 25, 2005, the Court of Appeals overruled petitioner's motion "as the appellant has already had an appeal as of right and this is a successive pleading." (*Id.,* Ex. O). Petitioner sought leave to appeal to the Ohio Supreme Court, which issued an Entry on January 25, 2006 declining jurisdiction to hear the case and dismissing the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. Q).

On February 16, 2006, petitioner returned to this Court to obtain review of his four grounds for relief that were held in abeyance during the time he pursued his state court remedies. (*See* Docs. 14, 15). In the supplemental return of writ filed in accordance with this Court's order reopening the case, respondent contends that petitioner has waived all of his grounds for relief due to his procedural defaults in the state courts. (Doc. 16, Brief, pp. 10-14). Alternatively, he asserts that each of petitioner's claims lack merit. (*Id.,* pp. 14-22).

## OPINION

### The Petition Should Be Dismissed With Prejudice Because Petitioner Has Waived All Of His Grounds For Relief Due to His State Procedural Defaults

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before

raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, to the extent petitioner alleges constitutional claims in Grounds Two, Three and Four of the petition that were raised on direct appeal to the Ohio Court of Appeals, he committed a procedural default by failing to timely appeal the Court of Appeals' direct appeal decision to the Ohio Supreme Court.[3] Although

---

[3]Petitioner committed another procedural default with respect to the ineffective assistance of counsel claim alleged in Ground Three and sufficiency of evidence claim alleged in Ground Four of the petition, because petitioner did not present those claims as "propositions of law" in his memorandum in support of jurisdiction to the Ohio Supreme Court. (*See* Doc. 3, Ex. 3). Petitioner failed to assert any claim challenging the sufficiency of evidence. Moreover, although he contended that his trial and appellate counsel were ineffective in failing to argue that the indictment was insufficient and that petitioner was improperly sentenced "for allied offenses of similar import" (*see id.,* p. 5), petitioner did not raise the specific claim alleged in Ground Three

petitioner attempted to obtain a delayed appeal in the Ohio Supreme Court, which was denied, the Sixth Circuit has held in an analogous case that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir.) (per curiam), *cert. denied,* 543 U.S. 989 (2004). In so holding, the court reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* (and unpublished Sixth Circuit cases cited therein).

Second, to the extent petitioner seeks relief based on his claim of "[n]ewly discovered evidence" alleged in Ground One of the petition, he committed a procedural default because he failed to bring the claim to the state courts' attention in a timely manner. Petitioner first presented the claim to the state courts in his post-conviction petition filed in April 2004, after the instant proceeding was stayed so that petitioner could pursue the state post-conviction remedy over four years after his conviction was affirmed on direct appeal.

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

Such a procedural default, however, does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

---

challenging trial counsel's effectiveness based on his failure to investigate or call witnesses to rebut the testimony of witnesses for the State.

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 126 S.Ct. 602 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

The Ohio Court of Appeals was the last state court to render a reasoned opinion addressing petitioner's claim of error raised in his petition for post-conviction relief based on "newly discovered evidence." The court "clearly and expressly" relied on an independent state procedural ground when it affirmed the trial court's judgment because the post-conviction petition was not timely filed under Ohio Rev. Code § 2953.21(A)(2), and petitioner had not established that he fell within the exception set forth in Ohio Rev. Code § 2953.23(A) for excusing § 2953.21(A)'s time requirement.[4] (*See* Doc. 16, Ex. H). The state ground relied on by the Court of Appeals was also "adequate" because it was firmly established by statutory amendment, which became effective September 21, 1995, and was regularly followed in Ohio long before petitioner's trial and conviction occurred.[5] *See, e.g., State ex rel. Reynolds v.*

---

[4]The Ohio Supreme Court's later unexplained decision declining jurisdiction to hear the case and summarily dismissing petitioner's appeal "as not involving any substantial constitutional question" (*see* Doc. 16, Ex. L) must be presumed to rest on the same procedural default. *Cf. Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995), and *Ylst,* 501 U.S. at 803-04), *cert. denied,* 531 U.S. 1089 (2001).

[5]In any event, even assuming, *arguendo,* that the state ground relied on by the Ohio Court of Appeals was not "adequate," petitioner committed another separate procedural default with respect to the claim for relief alleged in Ground One of the petition. Although he raised the claim in his state post-conviction petition filed in April 2004 with the trial court and arguably on appeal from the trial court's decision to the Ohio Court of Appeals (*see* Doc. 16, Exs. B, F), he did not present the claim as a "proposition of law" on further appeal to the Ohio Supreme Court. Instead, he asserted the Confrontation Clause claim alleged in Ground Two of the petition, which had already been raised on direct appeal to the Ohio Court of Appeals and in his motion for delayed appeal to the Ohio Supreme Court, challenging the admission of certain hearsay statements at trial. (*See id.,* Ex. K).

*Basinger,* 791 N.E.2d 459 (Ohio 2003) (per curiam) (in affirming the dismissal on timeliness grounds of a post-conviction petition filed over 180 days after the filing of the trial transcript in the court of appeals, and thus beyond the time limit set forth in Ohio Rev. Code § 2953.21(A)(2), the court held that no findings of facts and conclusions of law are required as to why the exception set forth in Ohio Rev. Code § 2953.23 did not apply); *State ex rel. Kimbrough v. Greene,* 781 N.E.2d 155 (Ohio 2002) (per curiam) (same); *State v. Lordi,* 778 N.E.2d 605, 609-11 (Ohio Ct. App. 2002) (affirming dismissal of untimely-filed state post-conviction where the defendant failed to demonstrate he fell within the limited exception set forth in Ohio Rev. Code § 2953.23), *appeal dismissed,* 782 N.E.2d 78 (Ohio 2003); *State v. Walters,* 742 N.E.2d 206 (Ohio Ct. App.) (same), *appeal dismissed,* 738 N.E.2d 1253 (Ohio 2000); *State v. Halliwell,* 732 N.E.2d 405, 407-09 (Ohio Ct. App. 1999) (same); *cf. State v. Tanner,* 713 N.E.2d 480 (Ohio Ct. App. 1998) (allowing a one-year grace period after the effective date of the 180-day time deadline set forth in Ohio Rev. Code § 2953.21(A) for those defendants who were sentenced prior to September 21, 1995).

Accordingly, in sum, the Court concludes that petitioner procedurally defaulted his claims for relief by, among other things, failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision and failing to file a timely post-conviction petition raising the claim alleged in Ground One of the petition to the Ohio courts. He, therefore, has waived his claims for relief absent a showing of cause and prejudice, or that failure to consider his claims will result in a "fundamental miscarriage of justice."

Petitioner has not established "cause" for his procedural defaults in the state courts. Petitioner did attempt to justify his delay in filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision by explaining that he inadvertently mailed his initial, presumably timely notice of appeal and memorandum in support of jurisdiction to the wrong court. This claim of inadvertent error on his part, however, is insufficient to constitute "cause" for his procedural default in the direct appeal proceedings. *Cf. Murray,* 477 U.S. at 491-92 (attorney inadvertence or error short of ineffective assistance of counsel does not amount to cause for a procedural default).

Petitioner also has not demonstrated a fundamental miscarriage of justice will occur if his claims are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To establish

such a claim, petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" based on "new reliable evidence . . . that was not presented at trial." *Schlup,* 513 U.S. at 324, 327.  This actual innocence exception is "rare" and is to be applied only in the "extraordinary case" where the "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine the confidence in the result of the trial." *Id.* at 317, 321.

Here, the only "new" evidence that arguably supports a claim of actual innocence stems from petitioner's allegation in Ground One of the petition that the State withheld a "newly discovered" taped statement made by one of petitioner's co-defendants, which "would have exonerated petitioner." (Doc. 1, p. 5).  However, petitioner has never submitted any evidence regarding the substance of such statement, or otherwise supporting this conclusory claim.  As the Ohio Court of Appeals found on direct appeal in rejecting other claims of errors asserted by petitioner, there was "overwhelming evidence" presented at trial, including petitioner's own incriminating statement to the arresting officer, to support petitioner's conviction. (*See* Doc. 3, Ex. 2, pp. 2, 4).  This is not the case where new facts have been presented, which raise sufficient doubts about petitioner's guilt to undermine confidence in the trial's result.

Therefore, in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if petitioner's claims are not considered by this Court, the Court RECOMMENDS that petitioner's petition for writ of habeas corpus be DISMISSED with prejudice on the procedural ground that petitioner has waived his claims for relief due to his procedural defaults in the state courts.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct  in its procedural rulings" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-

85 (2000).[6]

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  5/31/2006             s/Timothy S.Hogan

        cbc                       Timothy S. Hogan
                               United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\01–463denypet.waiv-delappOhSCt-A&Istategr.wpd

---

[6]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief.  *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Richard Bohannon,
        Petitioner,

                                Case No.  1:01cv463

      v.                       (Spiegel, S.J.; Hogan, M.J.)

Tim Brunsman,
        Respondent.

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:01cv463   Docs. 18+19

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      ☐ Agent  ☐ Addressee |
| | B. Received by (*Printed Name*)     C. Date of Delivery |
| 1. Article Addressed to:<br><br>Richard Bohannon<br>#374-617<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br><br><br>3. Service Type<br>   ☑ Certified Mail   ☐ Express Mail<br>   ☐ Registered     ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)     ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7002 0860 0000 1409 2085 |

PS Form 3811, August 2001          Domestic Return Receipt                    102595-02-M-0835