UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Bohannon
    Petitioner

vs                        Case No. 1:01cv463
                               (Spiegel, S.J.; Hogan, M.J.)

Tim Brunsman,
    Respondent

## OBJECTION TO MAGISTRATE DECISION

    Petitioner, Richard Bohannon, herein pro se, respectfully requests of this Honorable Court to reconsider its recommendation denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 on the basis that as a "pro se" prisoner and litigator, his lack of understanding of the exhaustion rule, no education or competency of the complex legal principles such as the exhaustion of administrative remedies, and lack of legal, court-appointed counsel with whom to present meritorious claims or consideration of their status to this Court has manifested a fundamental miscarriage of justice that is in dire need of this Court's review. See Jones Bey v. Johnson, 407 F. 3d 801 (6th Cir.

1

2005). Also, Fairman v. Anderson, 183 F. 3d 635 (5th Cir. 1999).

As presented in Ground One of Petitioner's petition, an exculpatory taped statement of one of Petitioner's codefendants that was withheld by the prosecution and never produced at Petitioner's trial raises significant doubts about Petitioner's guilt to undermine confidence in the trial's result because had Petibeen provided the taped statements in question when he requested them by motion to the trial court as well as by way of a writ of mandamus filed in the Ohio Supreme Court, Petitioner could have supplemented the record to this Court and proved "clear and convincingly" his actual innocence in this case.

Petitioner submits this response in accordance with Fed. R. Civ. P. 72(b), and that this filing is being served by institutional mail service. Thus, Petitioner gives notice that an enlargement of time be considered, pursuant to Fed. R. Civ. P. 6(b) in the event of a late filing.

Respectfully submitted,

*Richard Bohannon*
Richard Bohannon, #374-617
Chillicothe C.I.
P.O. Box 5500
15802 State Route 104 North
Chillicothe, Ohio 45601

2

## MEMORANDUM OF LAW

On April 24, 1996, Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, codified as amended at 28 U.S.C. 2244(d) (hereafter AEDPA) was signed into law.

Under 28 U.S.C. Section 2254(d)(1)(2), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See Terry Williams v. Taylor, 529 U.S. 362, 413 (2000). Also see Yarborough v. Gentry, 540 U.S. 1 (2003); Price v. Vincent, 538 U.S. 634 (2003).

The United States Sixth Circuit Court of Appeals has similarly recognized under the AEDPA standards a federal habeas petitioner is required to show that the decision of the state court was:

> either contrary to, or an unreasonable application of the U.S. Supreme Court's clearly established precedents, or was based on an unreasonable determination of the facts. Roberts v. Carter, 337 F.3d 609, 612 (6th Cir. 2003), cert. denied, 540 U.S. 1151 (2004); Seymore v. Walker, 224 F.3d 542 (6th Cir. 2000), cert. denied, 532 U.S. 989 (2001).

Pursuant to the required deference, a writ of habeas corpus should not be granted unless "the state court decision is so offensive to existing precedent, so devoid of record support,

1

or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." Nevers v. Killinger, 169 F.3d 352, 361-62 (6th Cir.), cert. denied, 527 U.S. 1004, (1999) (quoting O'Brien v. Dubois, 145 F.3d 16, 25, 1st Cir. 1998).

## I. INTRODUCTION

The facts of this case are already before this Court. Petitioner now restates the case procedural history and statement of the case without waiving any defense respecting the presumption of correctness.

On September 23, 1999, by and through appellate counsel, Petitioner appealed to the Ohio First District Court of Appeals where he raised the following assignments of error:

> 1. the trial court erred to the prejudice of the defendant-appellant in that it convicted him largely due to the admission of hearsay testimony of multiple codefendants;
>
> 2. the trial court erred to the prejudice of the defendant-appellant in that it allowed defendant-appellant to be represented ineffectively by trial counsel;
>
> 3. the trial court erred to the prejudice of the defendant-appellant in that it convicted defendant-appellant based upon insufficient evidence, and it convicted him against the manifest weight of the evidence;
>
> 4. a court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnicity, gender, or religion of the offender.

## II. PROCEDURAL DEFAULT

A petitioner is generally procedurally barred from litigating claims not fairly presented to the state courts, unless

2

he can demonstrate cause to excuse his failure to present the claims in the state court and actual prejudice resulting from the failure. See Coleman v. Thompson, 501 U.S. 722, 723 (1991); Wainwright v. Sykes, 433 U.S. 72, 89-90 (1977).

In extreme cases, a federal court may hear a defaulted constitutional claim in which cause and prejudice cannot be shown if the petitioner shows that his conviction is the result of a fundamental miscarriage of justice.

Further, a habeas petitioner may establish cause for his procedural defalut by showing that he received ineffective assistance of counsel, in violation of the Sixth Amendment. See Murry v. Carrier, 477 U.S. 478, 488-89, 106 S. Ct. 2639, 2645-46, 91 L.Ed. 2d 397 (1986) Cook, 45 F.3d at 392.

Procedural defalut does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. See Harris v. Reed, 489 U.S. 255, 260-62 (1989) Id. at 263.

The Ohio First District Court of Appeals "clearly and expressly" relied on an independent state procedural ground on both the post-conviction petition and Petitioner's memorandum in support of jurisdiction into the Ohio Supreme Court and it must be presumed to rest on the same procedural default. However, Petitioner, to the extent that this Court should consider the Petitioner's objection to the Report and Recommendation of

3

Magistrate Judge Timothy S. Hogan, filed on May 31, 2006, asks only that this Court consider his pro se status, in light of his mental disability, that this Court would understand the hurdles in this circumstance. Courts shoulder an affirmative obligation to assure all prisoners meaningful access to courts. See Bounds v. Smith, 430 U.S. 817, 821, 829 (1977) Id. at 825-826. Petitioner is documented incompetent and until his incarceration received Social Security benefits for this disability. Trial counsel was ineffective in that it failed to bring this to the attentionof trial court. Petitioner has continued and has renewed his requests for appointment of counsel in his attempts at protecting appeals; however, to no avail. Petitioner is forced to rely and depend on the ineptitude of jail-house litigators to this point. Though, of course, "this leniency granted to pro se petitioners... is not boundless...." Martin v. Overton, 391 F.3d 740, 714,(6th Cir. 2004). It is incumbent upon the judicial system to shoulder some responsibility in recognizing that prisoners, especially those who are disabled because of mental illness, face practical difficulties and disadvantages in such matters.

### III. MERIT

On application for a writ of habeas corpus under 28 U.S.C. 2254, a claim adjudicated in state court proceedings in which the petitioner can show the decision of the state court was either contrary to, or an unreasonable application of, the U.S. Supreme

4

Court's clearly established precedents, or was based on an unreasonable determination of the facts presented at trial, to the extent that a petitioner has developed the factual basis of a claim in state court proceedings and demonstrated cause to excuse his failure to present to the state court and actual prejudice resulting from the failure, or can show that his conviction is the result of a fundamental miscarriage of justice and that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence of constitutional error, the petitioner's petition should not be barred from consideration on federal habeas corpus review. Yist v. Nunnemaker, 501 U.S. 797, 803-04 (1991).

In the present case, the facts underlying Petitioner's claims would be sufficient to establish by clear and convincing evidence that but for constitutional error(s), no reasonable fact finder would be convinced of Petitioner's guilt beyond a reasonable doubt.

The case at bar is consisten with the facts delineated in Stapelton v. Wolf, (2002) 288 F.3d 863 (6th Cir.). In Petitioner's case, the Ohio First District Court of Appeals also held that Petitioner's Confrontation Clause Rights were violated because of the "erroneously admitted statements -- including Bohannon's incriminating statement made to the arresting officer -- (but) that the admission of the nontestifying accomplice's statement was harmless." The question is whether there is reasonable

5

possibility that the erroneously admitted statements complained about may have contributed to the conviction. For a constitutional erro(s) to be deemed harmless it shall not have contributed to the verdict. See Chapman v. California, 386 U.S. 18, 22 (1967) (quoting Fahy v. Connecticut, 375 U.S. 85, (1963); Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed. 2d 353 (1993). Also see Gilliam v. Mitchel, 179 F.3d 990, 994-95 (6th Cir. 1999).

    Even more egregious is that trial court, in its zeal to convict embraced a very unusual application devising unique and wholly improper scheme establishing deposition of an out-of-town and inaccessible-to-defendant-appellant witness for trial and in introducing admissibility of a codefendant's tape statement (T.P. 296-305), rejecting defense counsel's objection as to the hearsay that was done. Also, it instructed the jury, unconventionally, as to what is not being admitted as truth concerning the taking of the deposition via telephone (T.P. 305). Overall, trial court impeded Petitioner's right to a fair trial.

    Defense counsel objected first to the taking of deposition (T.P. 292) and then objected to the introduction of the document transcribed (T.P. 292). As this is the case, appellat counsel was ineffective representing Petitioner's direct appeal. These were neither frivolous nor trivial violations nor insignificant constitutional error amenable to being winnowed out of an otherwise strong brief.

6

Petitioner Richard Bohannon has attempted diligently and in earnest to appeal his conviction to Ohio's courts. He sought leave to appeal to the Ohio Supreme Court, arguing as the sole proposition of law in his memorandum in support of jurisdiction that the trial court erred admitting codefendant's taped statement and a state witness's trial deposition and testimonial evidence which rights are secured to him by the United States Constitution. On August 10, 2005, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question."

It is said, that a claim of constitutional import comes too late when states invoke procedural default to preclude federal habeas corpus review. The question is whether the dictates of the Constituion condone it. No objection can come too late which discloses the fact that a person has been deprived in a mode violating his legal and constitutional rights. And whenever it should be made manifest in the progress of a criminal prosecution that the legal rights of the person charged have been violated, the court will permit the accused to have the benefit of error.

And "it is time, in criminal prosecutions, that the whole cob web of legal fiction and technical inference against the accused should be stricken down." It goes to the whole matter that constitutional violations have occurred.

It is admitted that the Constitution guarantees citizens rights if the accused have moved the court in time. How can his

7

delay make him less deprived this right?

"Where the law ends, tyranny begins...." <u>Merritt v. Walsh</u>, 104 U.S. 694, 702 (1881).

Finally, according to the rule of Civil Procedure 72(B) in opposition to the Magistrate's Report and Recommendation for the following reason:

The Ohio Supreme Court did not clearly and expressly base its judgment on procedural defalut: "If a petitioner procedurally defaults a claim in state court, that procedural default carries over to the federal court; in order for the doctrine to apply, however, the **last** state court rendering judgment in the case must have based its judgment on the procedural default. 28 U.S.C.A. 2254. <u>Simpson v. Jones</u> 238 F.3d 400 (6th Cir. 2000). Petitioner is an unlettered, indigent litigant.

8

## CONCLUSION

Therefore, Petitioner is requesting that the judgment of the lower state court, and this Court's decision be reversed and remanded for further proceeding because Petitioner's sentence is contrary to law and needs to be reviewed for additional and appropriate relief. In the alternative, Petitioner requests a modification of the lower court's judgment of conviction and sentence, or whatsoever this Court deem necessary to correct this matter.

Respectfully submitted,

*Richard Bohannon*
Richard Bohannon, #374-617
C.C.I.
P.O. Box 5500
Chillicothe, Ohio 45601

## PROOF OF SERVICE

I certify that a copy of this motion was sent by regular U.S./institutional mail to the United States District Court for the Southern District of Ohio Western Division Clerk of Courts. And I certify a copy has been sent to the Assistant Prosecutor Attorney General Stuart A. Cole, correctional litigation section, 150 East Gay Street 16th floor, Columbus, Ohio 43215, on this day of June 9, 2006

Respectfully submitted,

*Richard Bohannon*
Richard Bohannon, pro se