```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| RICHARD BOHANNON, | : | NO. 1:01-CV-00463 |
| Petitioner, | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| TIM BRUNSMAN, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 18) and Petitioner's Objection (doc. 20). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I.   Background**

On May 21, 1999, the Hamilton County, Ohio Court of Common Pleas sentenced Petitioner to terms of fifteen years and five months in prison for two counts of burglary, one count of misuse of a credit card, and one count of receiving stolen property (doc. 18). With the assistance of counsel, Petitioner filed an appeal to the Ohio Court of Appeals, First Appellate District, raising three assignments of error (Id.). The first assignment of error contended that the trial court admitted hearsay testimony of codefendants (Id.). The second assignment of error alleged ineffective assistance of counsel at trial (Id.). The third

assignment of error stated that the trial court conviction was based upon insufficient evidence, and that the conviction was against the manifest weight of the evidence (Id.).  On May 1, 2000, the Court of Appeals affirmed the trial court's decision (Id.). Thereafter the Petitioner, proceeding pro se, filed a motion for leave to file a delayed appeal with the Ohio Supreme Court (Id.). On July 12, 2000, the Supreme Court of Ohio denied Petitioner's motion for delayed appeal and dismissed the appeal without opinion (Id.).

      On July 16, 2001, Petitioner filed a pro se petition for a writ of habeas corpus alleging four grounds for relief (Id.). Ground one was newly discovered evidence, namely a tape-recorded statement made by a codefendant (Id.).  Ground two was that the trial court erred by allowing hearsay testimony of codefendants (Id.).  Ground three was that counsel's assistance was ineffective by failing to investigate or rebut testimony of State witnesses (Id.).  Ground four was that the trial court erred by allowing the conviction to stand when the conviction was against the manifest weight of the evidence (Id.).  Respondent filed a return of writ stating that the petition was time-barred under 28 U.S.C. § 2244(d) (Id.).  On June 16, 2004 the Court rejected the Respondent's argument that the petition was time barred, and the Court stayed and administratively terminated the case pending Petitioner's exhaustion of state post-conviction remedies (Id.).

On April 5, 2004, Petitioner filed a petition for post-conviction relief with the Hamilton County Common Pleas Court based on newly discovered evidence (Id.). On June 10, 2004, the Hamilton County Common Pleas Court denied the petition on the reasoning that (1) the claim was barred by res judicata, (2) as required by State v. Pankey, 428 N.E.2d 413 (Ohio 1981), the Petitioner had not supported the claim with evidentiary materials, and (3) under Pankey a newly discovered evidence claim was not justifiable in a post-conviction action (doc. 18). After appealing, on March 23, 2005, the Ohio Court of Appeals, First Appellate District, affirmed the trial court's judgment (Id.). In affirming, the Ohio Court of Appeals reasoned that Bohannon failed to file his petition for post-conviction relief timely according to R.C. 2953.21(A)(2), and further that Bohannon's petition for post-conviction relief did not make the necessary showings to overcome this tardiness (Id.). Petitioner's motion for reconsideration was denied by the Ohio Court of Appeals on April 21, 2005 (Id.). Additionally Petitioner appealed to the Ohio Supreme Court, and on August 10, 2005, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal (Id.).

On February 16, 2006, Petitioner filed a motion to reopen the case involving the petition for writ of habeas corpus (Id.). The Court granted the Petitioner's motion to reopen the case. Respondent filed its supplemental return of writ, arguing that the

Petitioner waived all the asserted grounds for relief due to procedural defaults in the state courts (Id.). The Magistrate Judge reviewed all of the pertinent documents and prepared his Report and Recommendation. This matter is now ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

In recognizing the obligation of the state courts to protect constitutional rights of criminal defendants, the Magistrate Judge noted that a state defendant must fairly present any constitutional claims in a state court before instituting a federal habeas corpus action. Anderson v. Harless, 459 U.S. 4, 6 (1982). Furthermore, to satisfy the presentation requirement, the defendant's constitutional claims must be presented to the state's highest court. See Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990), cert. denied, 474 U.S. 831 (1985); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845, 848 (1999). If a state defendant can no longer bring his constitutional claims in state court due to procedural default, he has waived his right to bring those claims in a federal habeas corpus action, unless he can show cause for the default or that a federal court's failure to consider the claims would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

After reviewing Petitioner's grounds for relief, the Magistrate Judge found all grounds to be lacking in merit (doc.

18).  As to grounds two, three, and four, the Magistrate Judge found that Petitioner's procedural default in state court barred his claim (Id.).  Specifically, after the Ohio Court of Appeals affirmed the trial court, the Petitioner procedurally defaulted by failing to timely appeal to the Ohio Supreme Court (Id.).  The Magistrate Judge further found that the Ohio Supreme Court's unexplained entry denying the Petitioner's motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." (Id. quoting Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam) cert. denied, 543 U.S. 989 (2004)).

As to the first ground for relief based on newly discovered evidence, the Magistrate Judge noted that Petitioner committed procedural default in state court by failing to timely bring the claim to the state court's attention under Ohio Rev. Code § 2953.21(A)(2) (doc. 18).  Further, the Magistrate Judge found that this procedural default barred federal court review of Petitioner's habeas corpus petition (Id.).  In making this finding, the Magistrate concluded that federal habeas corpus review may be barred when the state law judgment rests upon an adequate and independent basis, including when the adequate and independent basis is a violation of state procedural rules.  Harris v. Reed, 489 U.S. 255, 260-62 (1989); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).  Citing Harris v. Reed, the Magistrate Judge further

noted that when using a procedural default as the basis to bar federal review of a habeas corpus petition, the state law judgment must clearly and expressly state that its judgment rests on the state procedural bar (doc. 18, citing Harris, 489 U.S. at 263 (quotations omitted)).  Moreover, the Magistrate concluded that where a state law judgment makes such a clear and express statement, a subsequent state court's affirmation without explanation is presumed to have considered the procedural default. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991).

Having found, on all four grounds, that procedural defaults in state courts barred federal review of Petitioner's habeas corpus petition, the Magistrate Judge further found that the Petitioner failed to establish "cause" for his procedural defaults (doc. 18).  Finally, the Magistrate Judge found that the Petitioner failed to show a fundamental miscarriage of justice if his claims are not considered (Id.).

Based on all of these findings, the Magistrate Judge recommended that the Court dismiss the Petitioner's habeas corpus petition with prejudice, not issue a certificate of appealability, and deny petitioner leave to appeal in forma pauperis upon a showing of financial necessity (Id.).

**III. Petitioner's Objections**

Petitioner objected to the Magistrate Judge's Report and Recommendation, reiterating his belief that he was denied effective

assistance of counsel in violation of his Sixth Amendment rights, which may establish cause for his procedural defaults under Murray v. Carrier, 477 U.S. 478, 488-89 (1986), (doc. 20).  Particularly, Petitioner argued that his mental disability compromised his pro se litigant status, and that he was not provided with assistance of counsel in his efforts to protect his appeals (doc. 20). Furthermore, Petitioner argued that his trial counsel was ineffective by failing to notify the trial court of his mental disability (Id.).

Petitioner further objected to the Magistrate Judge's Report and Recommendation on the basis that federal review of his habeas corpus petition should be granted to avoid a fundamental miscarriage of justice because, in his view, his constitutional rights were violated (Id.).  Specifically, Petitioner argued that the Ohio First District Court of Appeals inappropriately admitted as harmless, statements of a nontestifying accomplice (Id.). According to the Petitioner, these statements were not harmless under Chapman v. California, 386 U.S. 18, 22 (1967), because the statements contributed to the verdict (doc. 20).

Lastly, Petitioner objected to the Magistrate Judge's Report and Recommendation stating that 28 U.S.C.A. § 2254, as cited by Simpson v. Jones, 238 F.3d 400 (6th Cir. 2000), requires that the last (emphasis added) state court making a judgment must clearly and expressly state that its judgment is based on the

procedural default, if that default will be sufficient to bar federal review of a habeas corpus petition (doc. 20).

**IV. Discussion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. As to all four grounds for relief, Petitioner did not properly raise his constitutional claims before the state court, and is therefore barred from petitioning a federal court for writ of habeas corpus based on those claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). "[Title] 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Id. Here, Petitioner did not timely raise his federal constitutional claims at the state court level (doc. 18). Because Petitioner did not properly present his federal constitutional claims to the state court, he has waived his right to bring these claims before this Court unless he can demonstrate cause for the procedural default in state court, or that failure to consider the claims would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

With respect to Petitioner's first ground for relief, premised upon newly discovered evidence, Petitioner objected to the Magistrate's Report and Recommendation arguing that 28 U.S.C.A. §

2254, as cited by Simpson v. Jones, 238 F.3d 399 (6th Cir. 2000), requires that the last (emphasis added) state court making a judgment must clearly and expressly state that its judgment is based on the procedural default, if that default will be sufficient to bar federal review of a habeas corpus petition (doc. 20).

However, Petitioner's reliance on Simpson is misplaced. As the Magistrate Judge noted, where a state law judgment makes such a clear and express statement, a subsequent state court's affirming, but unexplained, decision is presumed to not disregard the procedural default. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991). The Simpson court restated this very principle of the Ylst Court. Simpson, 238 F.3d at 408. Therefore, Petitioner's objection in this regard is unfounded.

Petitioner has further shown no just cause for why he did not fairly present his federal claims to the state court. Petitioner objected to the Magistrate Judge's Report and Recommendation, arguing that under Murray v. Carrier, 477 U.S. 478, 488-89 (1986), denial of effective assistance of counsel can establish cause to overcome a procedural default (doc. 20).

This Court finds Petitioner's argument to be without merit because, under Strickland v. Washington, 466 U.S. 668, 687 (1984), Petitioner must show that his attorneys made such serious errors that they were not functioning as counsel and that he was prejudiced by those errors. Petitioner has made no such showing

9

and therefore this Court does not find it necessary to examine the sufficiency of Petitioner's representation.

Petitioner has also failed to show that a fundamental miscarriage of justice will occur if his claims are not considered. In his objections to the Magistrate Judge's Report and Recommendation, the Petitioner asserted that a miscarriage of justice would exist because the Ohio First District Court of Appeals inappropriately admitted as harmless, statements of a nontestifying accomplice (doc. 20). According to the Petitioner, these statements were not harmless under Chapman v. California, 386 U.S. 18, 22 (1967), because the statements contributed to the verdict.

This Court finds the Petitioner's objection unfounded. Plaintiff misreads Chapman. The Chapman case established the standard for harmless error, holding that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24. Subsequent cases interpreting Chapman have concluded that where the minds of an average jury would not have found the state's case significantly less persuasive had the disputed testimony been excluded, the admission of the testimony was at most harmless error. Schneble v. California, 405 U.S. 427, 432 (1972).

In the case at bar, it is evident from the record that in

affirming the trial court's judgment, the Ohio Court of Appeals, First Appellate District, found the overwhelming weight of the evidence, aside from the statements of nontestifying witnesses, was the basis for the Petitioner's conviction. Such finding satisfies the Chapman standard. Accordingly, the Court does not find that failure to consider his habeas petition would result in a fundamental miscarriage of justice.

**V.    Conclusion**

For the aforementioned reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 18), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1). The Court also DECLINES to issue a certificate of appealability with respect to the claims in all four grounds of the petition because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85, (2000). Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.


Dated: October 3, 2006          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge